**No. 26-06288**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

BOBBY LEN FRANKLIN, et al.,

Plaintiff-Appellant,

v.

LEAD ATTORNEY WILLIAM R. URGA, et al.,

Defendants-Appellees.

---

On Appeal from the United States District Court
for the District of Nevada (Las Vegas)
District Court Case No. 2:24-cv-00903-GMN-DJA
Hon. Gloria M. Navarro, U.S. District Judge

---

# APPELLANT'S EXCERPTS OF RECORD

# VOLUME 1 OF 1 (PAGES 1 - 139)

Bobby Len Franklin (*pro se*)
Desert Land Entryman N-49548
2451 N. Rainbow Blvd.
Ste Unit 2037
Las Vegas, NV 89108-4510
830-822-4791
dlepatent@hotmail.com

# INDEX / TABLE OF CONTENTS


| Description | Lower Court Doc No. | ER Page No. |
|---|---|---|
| Cover Page | N/A | ER-1 |
| Index / Table of Contents | N/A | ER-2 |
| District Court's *Sua Sponte* Dismissal Of RICO Action With Prejudice | Doc. 92 | ER-3 to ER-10 |
| Plaintiff's Motion and Affidavit to Demonstrate New Claims than Before, Denied as *Moot* [92] by District Court | Doc. 86 | ER-11 to ER-19 |
| Plaintiff's Motion and Affidavit for Mr. Urga to Show Cause to His Fraud On the Past and Present Courts Denied as *Premature* [69] by District Court | Doc. 68 | ER-20 to ER-29 |
| Proposed Amended RICO Complaint And its RICO Evidence in Exhibits | Doc. 64-3,4,5 | ER-30 to ER-78 |
| Plaintiff's Motion for Scheduling Order And its Initial Disclosures and Report | Doc. 42, 42-1 | ER-79 to ER-88 |
| Plaintiff's Motion and Affidavit to Review *Bobby L. Franklin*, 116 IBLA 29 (1990) That Finally REVERSED BLMs Mineral Claims and its "Mineral Clock" had expired, Denied as *Moot* [62] by District Court | Doc. 20 | ER-89 to ER-92 |
| Plaintiff's Original RICO Complaint And its RICO Evidence in Exhibits | Doc. 1, 1-2 | ER-93 to ER-120 |
| Notice of Appeal | Doc. 93 | ER-121 to ER-124 |
| District Court Docket Sheet | N/A | ER-125 to ER-139 |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BOBBY LEN FRANKLIN,

Plaintiff,

vs.

TOWN OF LAUGHLIN, NEVADA, *et al.*,

Defendants.

Case No.: 2:24-cv-00903-GMN-DJA

**ORDER DISMISSING CASE WITH PREJUDICE AND DENYING MOTIONS AS MOOT**

Pending before the Court are Plaintiff Bobby Len Franklin's Motion for Leave to Respond, (ECF No. 83), Amended Motion for Leave to Respond, (ECF No. 84), Motion for Leave to File Document, (ECF No. 86), and Motion to Expedite, (ECF No. 91). For the reasons discussed below, the Court DISMISSES this action with prejudice and DENIES Plaintiff's Motions as moot.

## I. BACKGROUND

This case arises out of the Bureau of Land Management's ("BLM's") denial of Plaintiff's Desert Land Entry ("DLE") application in 1988 and Defendants' alleged fraudulent actions following the denial. (*See generally* Compl., ECF No. 1). Plaintiff alleges that he purchased 80 acres of land pursuant to the Desert Land Entry Act in 1988, but in 2006, D.J. Laughlin acquired three adverse patents for the same land and transferred the rights to various Defendants BWD Properties. (*Id.* ¶¶ 6–7). He further alleges that Mr. Laughlin paid his attorney, Defendant William Urga, to convince Judge Sandoval to omit Plaintiff's existing patent rights from pretrial discovery in the subsequent federal proceeding, which led to Judge Sandoval granting ownership of the land to the shell companies. (*Id.* ¶ 8).

Case: 26-6088, 11/12/2026, DktEntry: 13.1, (4 of 139)

In the decades since his DLE application was denied, Plaintiff has embarked on a ceaseless campaign to redress Defendants' perceived misconduct. He has repeatedly brought related actions in federal court in Nevada and other districts.[1] Judge Hunt, presiding over the sixth such suit, enjoined Plaintiff from filing further civil actions based on his 1988 DLE application without first obtaining leave of the Court. (*See* Order Granting Mot. Dismiss 2:10–12, ECF No. 62); (Judge Hunt Order, Ex. 1 to Mot. Dismiss, ECF No. 7-1); *see also Franklin v. Chatterton*, No. 2:07-cv-1400, 2008 WL 11451136, at *3 (D. Nev. Apr. 21, 2008), *aff'd*, 358 F. App'x 970 (9th Cir. 2009), *cert. denied*, 561 U.S. 1022 (2010).

In the present action, at least his eighth related to the 1988 DLE application, Plaintiff brings claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Compl. ¶¶ 20–23). The Court first granted Defendant Town of Laughlin, Nevada's Motion to Dismiss, (ECF No. 7), because Plaintiff failed to obtain leave of Court or certify that his claims had not yet been raised or disposed of by a federal court, as required by Judge Hunt's Order. (Order Granting Mot. Dismiss 4:14–15).

Plaintiff subsequently filed several motions seeking leave from the Court to file his Proposed Amended Complaint, (ECF No. 64-3), and proceed in this action. The Court denied those motions because Plaintiff *again* failed to comply with the pre-filing requirements of Judge Hunt's Order. (Order Denying Mot. Leave 3:4–10, ECF No. 85). In that order, the Court allowed Plaintiff to "file for leave of Court and demonstrate that the claims contained in his

---

[1] *Franklin v. United States*, No. cv-s-93-01140 (D. Nev. 1993), *aff'd*, 46 F.3d 1140 (9th Cir. 1995), *cert. denied*, 516 U.S. 829 (1995); *United States v. Franklin*, No. cv-s-96-1089 (D. Nev. 1996) (counterclaim); *Franklin v. Bilbray*, No. cv-s-97-037 (D. Nev. 1997), *aff'd*, 172 F.3d 56 (9th Cir. 1999), *cert. denied*, 528 U.S. 863 (1999); *Franklin v. U.S. Dep't of the Interior*, No. 2:04-cv-0128 (D. Nev. 2004), *aff'd sub nom.*, *Franklin v. U.S. Bureau of Land Mgmt.*, 125 F. App'x 152 (9th Cir. 2005), *cert. denied*, 546 U.S. 1004 (2005); *Franklin v. United States*, No. cv-05-3719 (D. Ariz. 2005), *aff'd sub nom.*, *Franklin v. Welsh*, 189 F. App'x 675 (9th Cir. 2006), *cert. denied*, 549 U.S. 1220 (2007); *BWD Props. 2, LLC v. Franklin*, No. 2:06-cv-01499 (D. Nev. Nov. 21, 2006) (third-party complaint); *Franklin v. Chatterton*, No. 2:07-cv-1400 (D. Nev. Oct. 18, 2007), *aff'd*, 358 F. App'x 970 (9th Cir. 2009), *cert. denied*, 561 U.S. 1022 (2010); *Franklin v. Laughlin*, No. SA-10-CV-1027 (W.D. Tex. Dec. 20, 2010), *aff'd*, 442 F. App'x 177 (5th Cir. 2011), *cert. denied*, 565 U.S. 1255 (2012).

Proposed Amended Complaint have not yet been raised or disposed of by a federal court by: (1) including a list of each action filed by Plaintiff in federal court relating to his 1988 DLE application or the property at issue, (2) listing all claims raised in each of those cases, and (3) explaining how the current claims are different than before." (*Id.* 4:10–14).

Plaintiff filed a Motion for Leave to Respond, (ECF No. 83), and an Amended Motion for Leave to Respond, (ECF No. 84). The Amended Motion appears only to correct the ECF number of the minute order to which Plaintiff responds. (*See generally* Am. Mot. Leave). Plaintiff then filed a Motion for Leave to Demonstrate the Claims Contained in the Proposed Amended RICO Complaint Are New Claims in Federal Court, (ECF No. 86), which requests that the Court accept the Plaintiff's Proposed Amended Complaint and allow him to proceed in this action. (Mot. Leave Demonstrate 8:2–6).

## II. LEGAL STANDARD

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Under the All Writs Act, a district court can order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave of the court before filing any future lawsuits. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)). To enjoin a vexatious litigant, a party must be given notice and an opportunity to be heard. *De Long*, 912 F.2d at 1147. The court must then set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Molski*, 500 F.3d at 1057. "[T]he pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior." *Id.* at 1061.

A court can dismiss an action *sua sponte* pursuant to a vexatious litigant pre-filing order if the litigant's complaint is within the scope of the pre-filing order and the litigant fails to

comply with the pre-filing requirements. *See Van Hook v. Idaho*, No. 23-3547, 2023 WL 8715641, at *1 (9th Cir. Dec. 18, 2023); *In re Fillbach*, 223 F.3d 1089, 1090–91 (9th Cir. 2000). The court may also find the vexatious litigant in civil contempt if "(1) [the party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

## III. DISCUSSION

Plaintiff's Motion for Leave to Respond claims that he has already complied with Judge Hunt's Order. (Mot. Leave Respond 2:7–19). His Motion for Leave to Demonstrate sets forth in greater detail his response to the Court's Order requiring additional explanation of his current claims. (Mot. Leave Demonstrate 2:18–7:11). The Court construes both Plaintiff's Motion for Leave to Respond and Motion for Leave to Demonstrate the Claims as one motion for leave of the Court to file his Proposed Amended Complaint.

### A. Compliance with Judge Hunt's Order and This Court's Order

Judge Hunt's Order requires that before Plaintiff may file a civil action based on his 1988 DLE application in this Court, he must first seek leave of the Court by "certify[ing] and demonstrat[ing] that the claims he wishes to present are new claims never before raised and disposed of by any federal court." *Franklin v. Chatterton*, 2008 WL 11451136, at *3.

Plaintiff initially failed to demonstrate that his claims had not previously been raised in federal court. (Order Denying Mot. Leave 3:9–25); (*see also* Order Granting Mot. Dismiss 4:14–20). The Court noted that "[n]early two decades have passed since the entry of Judge Hunt's Order," yet "Plaintiff does not inform the Court whether he has filed any cases in the interim, nor the kinds of claims raised in those cases." (*Id.* 3:16–18). The Court ordered Plaintiff to file for leave to proceed by listing all Plaintiff's federal suits related to his 1988

DLE application or the property at issue and detailing the claims raised in those cases. (*Id.* 4:11–13).

Plaintiff's Motion for Leave to Demonstrate once again only includes the suits listed in Judge Hunt's Order. (Mot. Leave Demonstrate 2:21–3:23). Yet a cursory search reveals at least one action filed by Plaintiff since the issuance of Judge Hunt's Order in 2008. In 2010, Plaintiff filed suit in the Western District of Texas against D.J. Laughlin, BWD Properties, and the United States for the denial of his land patent applications. *Franklin v. Laughlin*, No. SA-10-CV-1027 (W.D. Tex. Dec. 20, 2010). That action was dismissed for failing to comply with Judge Hunt's Order, 2011 WL 672328 (W.D. Tex. Feb. 15, 2011), the Fifth Circuit affirmed the dismissal, 442 F. App'x 177 (5th Cir. 2011), and the Supreme Court denied Plaintiff's petition for writ of certiorari, 565 U.S. 1255 (2012).

"Judges are not like pigs, hunting for truffles," and it is not the role of the Court to repeatedly verify whether Plaintiff has raised similar claims in his voluminous catalog of litigation. *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)). Because he neglected to report at least one pertinent action, Plaintiff failed to comply with Judge Hunt's Order and this Court's Order.

**B. Leave to File Amended Complaint**

This Court ordered Plaintiff to "explain[] how the current claims are different than before" to support a motion for leave to file his Proposed Amended Complaint. (Order Denying Mot. Leave 4:14). Even construed liberally,[2] Plaintiff's explanation is unpersuasive.

First, Plaintiff claims that "no court . . . ever addressed Plaintiff's land patent rights mandated in *Stockley* [*v. United States*, 260 U.S. 532 (1923)]." (Mot. Leave Demonstrate 4:7–

[2] Courts have a duty to construe pro se motions and pleadings liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

9). Yet Plaintiff's own list of prior federal actions indicates he brought his claims for alleged violations of *Stockley* in at least four cases. (*Id.* 2:25–3:23). While the Court may not have addressed Plaintiff's *Stockley*-related claims to his satisfaction, they were raised and disposed of several times.

Second, Plaintiff claims that Defendant Urga "has submitted the same fraud upon this Court in [this action], as he did in the last court(s), to corruptly get this RICO Case dismissed." (*Id.* 5:7–10). Plaintiff insists that Defendant Urga "fooled the past courts," that "in every filing [he] has made in this Court are fraudulent and deceitful lies," and that "he should be sanctioned . . . for his perpetual fraud on the past court(s)." (*Id.* 6:11–12, 6:18–19, 7:9–10). Once again, Plaintiff describes a purportedly new claim by referring to grievances raised in his prior proceedings.

The Court thus concludes that Plaintiff has not shown that his current claims are different than claims previously brought in this Court or other federal courts. Plaintiff cannot continue his "quixotic crusade" to relitigate issues disposed of more than 30 years ago. *Franklin v. Chatterton*, 2008 WL 11451136, at *4 (noting the many instances in which the Ninth Circuit affirmed dismissal and the Supreme Court denied Plaintiff's petitions for writ of certiorari).

Because Plaintiff's Proposed Amended Complaint is within the scope of Judge Hunt's Order, and because Plaintiff failed to comply with the pre-filing requirements even after this Court granted him leave to amend, the Court DISMISSES this action with prejudice. Plaintiff's pending Motion for Leave to Respond and Motion for Leave to Demonstrate are DENIED as moot.

**C. Subsequent Litigation**

Judge Hunt's Order warned that "[u]pon failure to certify or upon a false certification, [Plaintiff] may be found in contempt of court and punished accordingly." *Franklin v.*

*Chatterton*, 2008 WL 11451136, at *3. Petitioner is advised that he may be found in contempt if he files another complaint without seeking leave of Court or does not list *all* related federal suits in a future motion for leave.

Furthermore, as the Western District of Texas previously explained to Plaintiff, he has violated Federal Rule of Civil Procedure 11 by pursuing claims that he knows or should know to be frivolous. *See* Fed. R. Civ. P. 11; *Franklin v. Laughlin*, 2011 WL 672328, at *2. Plaintiff has been repeatedly instructed by this Court and by the Western District of Texas that he cannot relitigate these issues, which are "patently without merit." *Franklin v. Chatterton*, 2008 WL 11451136, at *4. Even the Supreme Court of the United States has taken exception to Plaintiff's "repeated[] abuse[]" of its process. *Franklin v. Laughlin*, 565 U.S. 1255, 1255 (2012) (dismissing petition for writ of certiorari). Plaintiff is advised that the Court may sanction him—*e.g.*, by imposing monetary penalties or withdrawing his ability to appear before the Court—if he again violates Rule 11 by filing frivolous claims.

///

///

///

///

///

///

///

///

///

///

///

///

**IV. <u>CONCLUSION</u>**

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion for Leave to Respond, (ECF No. 84), Motion for Leave to Demonstrate, (ECF No. 86), and Motion to Expedite, (ECF No. 91), are **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Respond, (ECF No. 83), is **STRICKEN.**

The Clerk of Court is kindly directed to close the case.

**DATED** this 16 day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

Bobby Len Franklin
Desert Land Entryman N-49548
2451 N Rainbow Blvd. Unit 2037
Las Vegas, NV 89108
830-822-4791
dlepatent@hotmail.com
(Plaintiff *pro se*)

**UNITED STATES DISTRICT COURT**

**DISTRICT COURT OF NEVADA**

| | |
|---|---|
| BOBBY LEN FRANKLIN, an individual, dba DAYDREAM LAND & SYSTEMS DEVELOPMENT COMPANY,<br><br>*Plaintiff*<br><br>v.<br><br>CLARK COUNTY, TOWN OF LAUGHLIN, DON LAUGHLIN'S RIVERSIDE RESORT HOTEL AND CASINO, dba BWD PROPERTIES 2, LLC, BWD PROPERTIES 3, LLC, BWD PROPERTIES 4, LLC, LEAD ATTORNEY WILLIAM R. URGA, UNITED STATES OF AMERICA,<br><br>*Defendants* | Case No.: 2:24-cv-00903-GMN-DJA<br><br>**Plaintiff's Motion for Leave of Court to Demonstrate the Claims Contained in the Proposed Amended RICO Complaint Are New Claims in Federal Court** |

Plaintiff will hereby demonstrate that the claims contained in his Proposed Amended RICO Complaint are new claims under the RICO statutes, and have not been disposed of by a federal court.

The Memorandum of Points and Authorities and supporting affidavit is attached herewith.

Respectfully submitted by,

/s/*Bobby L. Franklin* — February 27th, 2026
BOBBY LEN FRANKLIN — Dated
(Plaintiff *pro se*)

## Memorandum of Points and Authorities

Again, in August of 1988 Franklin had undisputedly purchased the 80 acres from the BLM, and BLM issued Franklin the two- page 'receiver's receipt' for his lawfully entered 80-acre estate. See, Exhibit 1, pp10-11 that is attached to the Proposed Amended RICO Complaint.

Again, on 8/27/1990 the IBLA finally 'reversed' the BLM's mineral claim(s) on the 80-acres, and from that day the BLM's two-year '**mineral clock**' had expired, as mandated by the U.S. Supreme Court in *Stockley v. United States*, 260 U.S. 532 (1923). See, Exhibit 1, pp6-9, that is attached to the Proposed Amended RICO Complaint.

On 2/6/2026 in ECF 85, District Judge Navarro filed the Orders that gave Plaintiff 21 days to file for leave of Court and *demonstrate* that the claims contained in his Proposed Amended RICO Complaint have not yet been raised or disposed of by a federal court by:

(1) including a list of each action filed by Plaintiff in federal court relating to his 1988 DLE application or the property at issue,

(2) listing all claims raised in each of those cases, and

(3) explaining how the current claims are different than before.

### (1) The List of Each Action Filed by Plaintiff in Federal Court Relating to His 1988 DLE Application or the Property at Issue (2) The Listing All Claims Raised in Each of those Cases

Plaintiff believes that Judge Hunt has listed each *Quiet Title Action* filed by Plaintiff in federal court relating to his 1988 DLE application or the property at issue that dismissed its QTA jurisdiction against the BLM, and Plaintiff will hereby list such cases.

1. In *Franklin v. United States*, No. cv-s-93-01140- PMP-LRL (D. Nev. 1993):
   (1) Judge Pro dismissed its *quiet title action* jurisdiction
   (2) *against the BLM* to enforce Plaintiff's land *patent rights* mandated in *Stockley*, by ruling that *Bobby L. Franklin*, 116 IBLA 29 (1990) was not a final decision, and
   The Ninth Circuit thereby affirmed the dismissal. *Franklin v. United States*, 46 F.3d 1140 (9th Cir. 1995) (unpublished), *cert. denied*, 516 U.S. 829 (1995).

The following cases have made the preceding case their precedent template case.

2. In *Franklin v. Bilbray*, No. cv-s-97-037-PMP (D. Nev. 1997):
   (1) Judge Pro dismissed its quiet title action and tort jurisdiction
   (2) *against the BLM* to enforce Plaintiff's land patent rights mandated in *Stockley*, by stating Plaintiff was required to again appeal a BLM "mineral decision" that was already finally 'reversed' in *Bobby L. Franklin*, 116 IBLA 29 (1990); and,
   The Ninth Circuit thereby affirmed the dismissal. *Franklin v. Bilbray*, 172 F.3d 56 (9th Cir. 1999) (unpublished), *cert. denied*, 528 U.S. 863 (1999).

3. In *Franklin v. United States Dep't of Interior*, 2:04-cv-0l28- RLH-PAL (D. Nev. 2004):
   (1) Judge Hunt dismissed its quiet title action jurisdiction
   (2) *against the BLM* to enforce Plaintiff's land patent rights mandated in *Stockley*, by stating Plaintiff was required to again appeal a BLM "mineral decision" that was already ***finally*** 'reversed' in *Bobby L. Franklin*, 116 IBLA 29 (1990); and,
   The Ninth Circuit thereby affirmed the dismissal. *Franklin v. United States BLM*, 125 F. App'x 152 (9th Cir. 2005) (unpublished), *cert. denied*, 546 U.S. 1004 (2005).

4. In *Franklin v. United States*, No. cv'05 3719 PHX NVW (D. Ariz. 2005):
   The AZ Judge correctly denied jurisdiction because this is a Nevada matter; the disputed 80-acres is located in Nevada; and, the Ninth Circuit affirmed. *Franklin v. Welsh*. 189 F. App'x 675 (9th Cir. 2006) (unpublished), *cert. denied*, 121 S. Ct. l27l (2007).

5. In *BWD Properties 2, LLC, et al., v. Franklin, et al.*, 2:06-cv-01499-RCJ-EJY:
   Mr. Urga corruptly persuaded Judge Sandoval to omit Plaintiff's pretrial land patent rights evidence filed in ECF 11 and 34 from all his ECF 111 orders, which thereby transferred Franklin's existing land patent rights into Don Laughlin's created enterprise 'BWD LLC shell companies' possession. Since newly appointed Judge Sandoval had resigned, Plaintiff requested Judge Jones to reopen this case and file the post-motions of the newly discovered evidence in the QTA case. Judge Jones Denied to reopen the case and Dismissed the QTA; the Ninth Circuit affirmed (22-15799); and, *cert. denied* 23-714.

6. In *Franklin v. Chatterton*, No. 2:07-cv-1400- RLH-RJJ (Signed 04/21/2008):
   (1) Judge Hunt dismissed its quiet title action and civil rights jurisdiction
   (2) *against the BLM* to enforce Plaintiff's land patent rights in *Stockley*, by stating Plaintiff was required to again appeal a BLM "mineral decision" that was already finally 'reversed' in *Bobby L. Franklin*, 116 IBLA 29 (1990).

The preceding cases closed the QTA between Plaintiff and the BLM, but did not close things between Plaintiff and Don Laughlin's created enterprise - 'BWD LLC shell companies'[1], and did not decide which party holds the land patent *rights* on the 80-acres.

~~1 In 2006, BLM lost jurisdiction~~ over the 80-acres when it secretly and mistakenly issued Don Laughlin the adverse land patents on the disputed 80-acres in "Exhibit 2".

**Argument**

In the foregoing dismissed cases, there is no court mention that the BLM's 'mineral claim(s)' was finally r*eversed* on 8/27/1990 in *Bobby L. Franklin*, 116 IBLA 29, and on that date the BLM 'mineral clock' had legally expired; there is no court mention of the land patent law that is mandated by the U.S. Supreme Court in *Stockley*; nor is there any mention of Plaintiff's desert-land patent rights mandated in *Stockley*. In fact, there is **no** court that ever addressed Plaintiff's land patent rights mandated in *Stockley*, and that is the reason why the named Defendants have gotten away with so many assaults against Plaintiff; against his children; against his business; and, against his lawfully entered 80 acre estate on federal public lands that he purchased from the United States government in August of 1988 that was violently broken into, robbed and destroyed by the CLARK COUNTY police with no warrant to do so *inter alia*, and is the reason why Plaintiff filed the Proposed Amended RICO Complaint and its Exhibits for the amended named Defendants to answer to their liability.

**II. Explaining How the Current Claims are Different than Before**

Pursuant to 18 USC § 1964, the Proposed Amended RICO Complaint and its attached Exhibits detail how, why and when Plaintiff's two children were kidnapped out of Nevada; how, why and when Plaintiff's lawfully entered and gated 80-acre estate was broken into, robbed and completely destroyed by the CLARK COUNTY police without any warrant to do so *inter alia*; and, thereby has suspended Plaintiff's competing DAYDREAM LAND & SYSTEMS DEVELOPMENT COMPANY operating business, of which still affects interstate commerce.

On 9/28/2008, the Defendants LEAD ATTORNEY WILLIAM R. URGA allegedly bribed Judge Sandoval to omit Franklin's pretrial discovery patent rights evidence in ECF 11 and 34 from all his Orders in 111, that corruptly transferred ownership of the disputed 80-acres into

"Don Laughlin's created enterprise - 'BWD LLC shell companies'" possession on 9/29/2008, which are again tolled violations and damages in their pattern of racketeering under the RICO statutes, and Mr. Urga is the obvious prime party to his bribery for his named clients:

> **Bribery:** "Bribery is defined generally as corrupt solicitation, acceptance, or transfer of value in exchange for official action." *Cornell Law School*

Subsequently in this Court, Plaintiff has *prima facie* proven on its face that Mr. Urga has submitted the same fraud upon this Court in ECF 17 and 21, as he did in the last court(s), to corruptly get this RICO Case dismissed, which is again a pattern of tolled violations and damages under the civil RICO statutes, until this Court discovers and admits that Mr. Urga did in fact bribe Judge Sandoval to omit Plaintiff's pending land patent rights that are filed in ECF 11 and 34 from all his Orders in ECF 111, that thereby transferred Franklin's ***existing*** land patent rights that are mandated in *Stockley*, into 'Mr. Laughlin's enterprise - 'BWD LLC shell companies'' possession:

> **Fraud on the court:** "When an officer of the court is found to have fraudulently presented facts to impair the court's impartial performance of its legal task, the act (known as *fraud upon the court*) is not subject to a statute of limitation: "This concept that the inherent power of federal courts to vacate a fraudulently obtained judgment—even years after the judgment was entered—has long been recognized by the Supreme Court."[68] Fraud on the court can be done many ways and in any court. One of which can be "where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function — thus where the impartial functions of the court have been directly corrupted."[69] Officer of the court includes any judge, law clerk, court clerk, lawyer, investigator, probation officer, referee, legal guardian, parenting-time expeditor, mediator, evaluator, administrator, special appointee, and/or anyone else whose influence is part of the judicial mechanism.[70][71] *Further information: Judicial misconduct*
> *"Wikipedia"*

Officer Urga in this Court, in each pleading he made in ECF Nos. 17 and 21 and his other filings to dismiss the legal merits of this RICO Action, were deceitfully fabricated into this Court by Mr. Urga to conceal the fact he corruptly persuaded Judge Sandoval to omit Plaintiff's desert-land patent rights mandated in *Stockley*, which caused the transfer of Plaintiff's *existing* land patent rights into Don Laughlin's created enterprise - 'BWD LLC shell companies' possession.

## III. Supporting Affidavit

I, Plaintiff BOBBY LEN FRANKLIN hereby declare under penalty of perjury that the following facts are true and correct to the best my knowledge and belief, so help me God:

1. From the (last) Judge Brian E. Sandoval District Court, Plaintiff has discovered that the Defendants LEAD ATTORNEY WILLIAM R. URGA has definitely bribed and fooled Judge Sandoval to conceal all of my pretrial land patent rights evidence in ECF Nos. 11 and 34 from all his Orders in ECF 111, where Mr. Urga has thereby caused the transfer of my *existing* desert-land patent rights to "Don Laughlin's created enterprise 'BWD LLC shell companies'" possession. Thereafter I spent years on post-motions filed in that court, but newly appointed Judge Sandoval had resigned. And my complaint(s) in the State Bar of Nevada against Mr. Urga's repeated fraud on the courts is in abeyance for this Court to remedy, as noted in the Proposed Amended RICO Complaint and its Exhibits.

2. On March 26th 2024, on page 3 of Plaintiff's Petition for Rehearing in the U.S. Supreme Court No. 23-714, the Defendants LEAD ATTORNEY WILLIAM R. URGA was served notice that this RICO Complaint will be filed, where Mr. Urga can explain how he fooled the past courts to believe the Property became 'mineral in character', while knowing his 'mineral in character' fraud was *finally* '**reversed**' on August 27th, 1990 in *Bobby L. Franklin*, 116 IBLA 29, and from that day the BLM's two-year "mineral clock" had expired. Moreover, Mr. Urga can explain in this Court how he fooled the past courts to completely omit Plaintiff's existing desert-land patent rights that is mandated by the U.S. Supreme Court in *Stockley v. United States*, 260 U.S. 532 (1923).

3. Again, in this Court on 6/5/2024 in ECF 17, page 2, lines 14-15 in his ongoing conspiracy with his clients "Don Laughlin's created enterprise - 'BWD LLC shell companies'" to dismiss this RICO case, Mr. Urga falsely and corruptly stated that the IBLA remanded the matter "back to the BLM for further findings whether the Property was '**mineral in character**'", while they all clearly knew that the IBLA *finally reversed* the BLM *mineral claims* on August 27, 1990 in *Bobby L. Franklin*, 116 IBLA 29 and did **not** remand the BLM to conduct another 'mineral' decision, and from that day the BLM's two-year "**mineral clock**" had expired.", as mandated by the U.S. Supreme Court in *Stockley*.

Case: 26-3288, 11/12/2026, DktEntry: 13.1 (17 of 139)

4. Again, in this Court on 6/18/2024 in ECF 21, page 2, lines 22-24 in his bold and capital letters, Mr. Urga fraudulently stated "**PLAINTIFF FALSELY CLAIMS THAT THE IBLA 1990 OPINION IS A FINAL DECISION BY THE IBLA AND MAY NOT BE REVIEWED BY THE DISTRICT COURTS.**" to corruptly get this RICO case dismissed. However, Mr. Urga has known for years that "IBLA's decisions are final for the Department and may be reviewed by the United States district courts." And that is the DOI law. See, Exhibit 1(a) page 2 that is attached to Plaintiff's Proposed Amended RICO Complaint.

5. Plaintiff has reported Mr. Urga's fraud on the past courts and his 'fraud upon this Court', and this Court has so far ignored it. In every filing Mr. Urga has made in this Court are fraudulent and deceitful lies, in his ongoing pattern of racketeering activity for his admitted clients – "Don Laughlin's created 'BWD LLC shell companies'" enterprise. He should be sanctioned and Ordered to Show Cause in this Court for his perpetual fraud on the past court(s), and his repeated fraud upon this Court that I have again quoted from him.

Pursuant 28 USC § 1746, Plaintiff BOBBY LEN FRANKLIN state under penalty of perjury that the foregoing is true and correct. Executed on this 27th day of February, 2026.

/s/*Bobby L. Franklin* 02/27/2026
Bobby Len Franklin Dated

Desert Land Entryman N-49548
2451 N Rainbow Blvd. Unit 2037
Las Vegas, NV 89108
830-822-4791
dlepatent@hotmail.com
(Plaintiff *pro se*)

## IV. Notice of Compliance

Plaintiff request for the Judge to rule on this Motion for Leave that demonstrates that the RICO claims contained in Plaintiff's Proposed Amended RICO Complaint and its supporting Table of Contents/Exhibits (Attachments #4 & #5) have not yet been directly raised or disposed of by a federal court, and are not vexatious or frivolous filings.

Case: 26-3288, 11/12/2026, DktEntry: 13.1 (18 of 139)

## V. Request for Ruling

Plaintiff request for the Judge to rule that Plaintiff has demonstrated that his RICO claims contained in his Proposed Amended RICO Complaint may have been partially raised in No. 23-714 to reopen the BWD Properties 2, LLC, et al. case, and the RICO case should move forward from "premature" status.

## VI. Conclusion

Plaintiff request that the Court accept the Proposed Amended RICO Complaint and its attached exhibits as the operative pleading.

## Prayer for Relief

**Wherefore**, Plaintiff Bobby Len Franklin respectfully requests that this Court:

1. **GRANT** and deem Plaintiff's Amended RICO Complaint (with its attached Table of Contents and exhibits) the operative pleading in this case;
2. **DIRECT** the Clerk of Court to formally file the Amended RICO Complaint and its attached exhibits on the docket; and,
3. **GRANT** any further relief the Court deems just and proper under the circumstances.

Respectfully submitted by,

*/s/Bobby L. Franklin* 02/27/2026
Dated

Bobby Len Franklin
Desert Land Entryman N-49548
2451 N Rainbow Blvd. Unit 2037
Las Vegas, NV 89108
830-822-4791
dlepatent@hotmail.com
(Plaintiff *pro se*)

**Proof of Service**

Plaintiff Franklin certifies that *Plaintiff's Motion for Leave of Court to Demonstrate the Claims Contained in the Proposed Amended RICO Complaint Are New Claims in Federal Court* will be electronically served by this Court to each Defendant when it is filed.

Sincerely,

/s/*Bobby L. Franklin* 02/27/2026
Bobby Len Franklin Dated
Desert Land Entryman N-49548
2451 N Rainbow Blvd. Unit 2037
Las Vegas, NV 89108

830-822-4791
dlepatent@hotmail.com
(Plaintiff *pro se*)

Bobby Len Franklin (*pro se*)
Desert Land Entryman N-49548
2451 N Rainbow Blvd. Unit 2037
Las Vegas, NV 89108
830-822-4791
dlepatent@hotmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT COURT OF NEVADA**

| | |
|---|---|
| BOBBY LEN FRANKLIN, an individual, dba DAYDREAM LAND & SYSTEMS DEVELOPMENT COMPANY,<br><br>*Plaintiff*<br><br>v.<br><br>CLARK COUNTY, TOWN OF LAUGHLIN, DON LAUGHLIN'S RIVERSIDE RESORT HOTEL AND CASINO, dba BWD PROPERTIES 2, LLC, BWD PROPERTIES 3, LLC, BWD PROPERTIES 4, LLC, LEAD ATTORNEY WILLIAM R. URGA, UNITED STATES OF AMERICA,<br><br>*Defendants* | Case No.: 2:24-cv-00903-GMN-DJA<br><br>**Plaintiff Franklin's Request for Defendant(s) LEAD ATTORNEY WILLIAM R. URGA To Show Cause to His Alleged Fraud Upon the Courts and His Past Bribing Judge Sandoval <u>To Conceal Franklin's Patent Rights</u>** |

Pursuant to LR IA 11-7(g)(1), Franklin request this Court to issue the Defendant(s) LEAD ATTORNEY WILLIAM R. URGA an Order to Show Cause to defend or answer to the bar investigation(s) and pretrial evidence on exhibit that *prima facie* proves he did in fact commit Fraud on the Courts and Bribing Federal Judge Sandoval to "conceal" Franklin's Desert-Land Entry Act patent rights that is mandated by the U.S. Supreme Court in *Stockley v. United States*, 260 U.S. 532 (1923), that thereby illegally transferred Franklin's lawfully entered 80 acre estate into his quoted clients "Don Laughlin's created BWD LLC shell companies" possession.

A Memorandum of Points and Authorities and supporting affidavit is attached herewith.

| | |
|---|---|
| */s/Bobby L. Franklin*<br>Signature | July 30th, 2025<br>Dated |

**Memorandum of Points and Authorities**

In August of 1988 pursuant to Desert Land Entry Act of Congress 43 U.S.C. § 321 *et seq.*, Bobby Len Franklin purchased the described 80 acres of federal public lands in the town of Laughlin Nevada from the Bureau of Land Management ("BLM") to compete with the adjacent Clark County desert land irrigation systems in sections 14 and 15, and was issued the purchased "receiver's receipt" to do so from the BLM. See, ECF No. 64-5, Exhibit 1, pp10-11.

On August 27th 1990, the Interior Board of Land Appeals (IBLA) finally found such 80 acres were not "mineral in character" nor "appropriated by mining claims" "at the time the DLE application was filed"; reversed the BLM mineral claims; and, remanded the BLM "for action consistent with this opinion." See, ECF No. 64-5, Exhibit 1, pp 3-5.

Days later, the Clark County Justice of the Peace BILLY MOMA in the Laughlin Township (aka – a Laughlin mining claimant registered with the BLM) read *Bobby L. Franklin*, 116 IBLA 29 (1990) in his chambers, and days later he extrajudicially Ordered Franklin's two minor children as wards of Arizona, *inter alia*. See, ECF No. 64-5, Exhibit 1(c), p1; or, See, https://fedlaws.xyz

**I. The Subsequent Timeline**

From 1992 to present, the Defendants lead attorney William R. Urga and his predecessor AUSA Blaine T. Welsh have persuaded the past courts to overlook and mistakenly dismiss the legal merits of Franklin's Desert-Land Entry Act patent rights, that is mandated in *Stockley*.

On 6/24/1993, Franklin and his son (Robert Lee Franklin) appeared at and "protested the proposed land swap (of section 16) between the BLM; the NV Colorado River Commission (NCRC); and, Clark County. He (Franklin) accused Clark County and the BLM of stealing his land and water rights and said it would be heard in federal court." Such agency officers were

*mocking* Franklin's patent rights in "section 16", in front of his son Robert. See, ECF No. 64-5, Exhibit 1(b), p1.

Later in 1993, my manager (Duane Smith) that I hired for my DL&S Development Company and myself (we) drove to Las Vegas to visit the Acting BLM District Manager GARY RYAN, and I demanded Mr. Ryan to do his *ministerial duty* under *43 CFR § 1862.6* and issue Franklin (me) the desert land *patent* to my DLE N-49548, as mandated in *Stockley*. See, ECF No. 64-5, Exhibit 1, p12. Mr. Ryan refused to do so. Weeks later, Franklin (I) received this "undated" decision from Mr. Ryan. See, Case 2:06-cv-01499-RCJ-PAL, ECF No. 34, pp 27-28 of 40.

**II. Clark County Police (LVMPD) Broke-Into and Destroyed Franklin's 80 Acre Estate With No Warrant to do so**

On 11/3/1996, Franklin was severely beaten at Don Laughlin's Riverside Hotel & Casino parking lot, by his security guards and the Laughlin police. For risk of his life, Franklin fled to Florida. See, ECF No. 64-5, Exhibit 1, p 13; or, See, https://fedlaws.xyz

On 2/15/1997, while Franklin was recuperating from the beating, the Laughlin police broke into Franklin's gated 80-acre estate and robbed and destroyed everything there, all without any warrant to do so. See, ECF No. 64-5, Exhibit 1, p 14; or, See, https://fedlaws.xyz

**III. The Ongoing Fraud on the Court and Bribery Allegedly Perpetrated by Attorney William R. Urga And His Clients, Case 2:06-CV-01499-BES-PAL**

In February 2006, the USA/BLM mistakenly and secretly issued Don Laughlin the three-fractional land patents totaling 80 acres, on Franklin's 80 acres. Such patents read they are each "SUBJECT TO: 1. Valid existing rights", while all parties knew or should have known that Franklin had and holds the valid Desert-Land Entry N-49548 patent rights mandated by the U.S. Supreme Court in *Stockley*. See, ECF No. 64-5, Exhibit 2, pp 1-4; or, See, https://fedlaws.xyz .

Days later, Don Laughlin corruptly transferred his adverse patent rights to his created 'BWD LLC shell companies', which hid his true name and business from any and all scrutiny.

On 11/21/2006, lead attorney William R. Urga again represented Don Laughlin's created 'BWD LLC shell companies' and sued Franklin and his family, to quiet title on Franklin's lawfully entered 80-acre estate (DLE N-49548). See, case 2:06-cv-01499-BES-PAL, ECF No. 1.

On 12/14/2006, the Franklins filed their Answer to Complaint and Counterclaim, and later a third-party claim against the USA/BLM for secretly issuing the described 80-acre patent rights to Don Laughlin, instead of to Franklin's purchased Desert-Land Entry patent rights that are mandated by the U.S. Supreme Court in *Stockley*. However, the attached Appendices on exhibit was and is the *prima facie* proof that Franklin was and is the lawful owner of the described 80 acres. See, case 2:06-cv-01499-BES-PAL, ECF No. 11; or, See, https://fedlaws.xyz

On 02/15/2007, Bobby Len Franklin filed further disclosures and further attached pretrial evidence that further *prima facie* proved that Franklin's purchased Desert-Land Entry Act patent rights are mandated by the U.S. Supreme Court in *Stockley*. See, case 2:06-cv-01499-BES-PAL, ECF No. 34; or, See, https://fedlaws.xyz

On 09/29/2008, after Don Laughlin hired his lead attorney William R. Urga to persuade Judge Brian E. Sandoval to entirely omit any and all pretrial discussion and evidence in ECF 11 and 34 and, entirely 'concealed' Franklin's Desert-Land Entry patent rights that are mandated by the U.S. Supreme Court in *Stockley*, newly appointed Judge Sandoval GRANTED Don Laughlin's created 'BWD LLC shell companies' as the owners of the disputed 80 acres, *inter alia*. See, case 2:06-cv-01499-BES-PAL, ECF No. 111; or, See, https://fedlaws.xyz . And newly appointed federal Judge Sandoval resigned as federal judge soon thereafter.

> **Fraud on the court:** "When an officer of the court is found to have fraudulently presented facts to impair the court's impartial performance of its legal task, the act (known as *fraud upon the court*) is not subject to a statute of limitation: "This concept that the inherent power of federal courts to vacate a fraudulently obtained judgment—even years after the judgment was entered—has long been recognized by the Supreme Court."[68] Fraud on the court can be done many ways and in any court. One of which can be "where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function — thus where the impartial functions of the court have been directly corrupted."[69] Officer of the court includes any judge, law clerk, court clerk, lawyer, investigator, probation officer, referee, legal guardian, parenting-time expeditor, mediator, evaluator, administrator, special appointee, and/or anyone else whose influence is part of the judicial mechanism.[70][71] *Further information: Judicial misconduct* *"Wikipedia"*

'IN CASES OF FRAUD, THE STATUTE HAS BEEN CONSTRUED NOT TO COMMENCE TO RUN "UNTTL DISCOVERY OF THE FRAUD."' See, ECF No. 64-5, Exhibit 1, page 12.

> **Bribery:** "Bribery is defined generally as corrupt solicitation, acceptance, or transfer of value in exchange for official action." *Cornell Law School*

## IV. The State Bar of Nevada

On May 6th 2021, the State Bar of Nevada paused on ruling or convicting William Urga, Esq. for his obvious judicial misconduct "at this time", and decided its office does not affect any civil remedies which (I) might pursue. See, ECF 64-5, Exhibit 1(a), page 4.

## V. The Relevant Status of this RICO Case No. 2:24-cv-00903-GMN-DJA

On 2/21/2025 in ECF No. 62, District Judge Gloria M. Navarro found that "Plaintiff must obtain leave of the Court by submitting a copy of Judge Hunt's Order along with a proposed

amended complaint and certification." And concluded "IT IS HEREBY ORDERED that the Motion to Dismiss, (ECF No. 7), is (partially) GRANTED. Plaintiff may have 21 days from the date of this Order to file for leave of the Court as described in Judge Hunt's order." *inter alia*.

On 03/03/2025, as Judge Navarro Ordered in ECF No. 62, Franklin filed his ECF No. 64 Motion for leave of the Court to file (Attachments: # 1 Exhibit Judge Hunt's Order, # 2 Declaration Certification, # 3 Proposed Order Proposed Amended Complaint, # 4 Exhibit Table of Exhibits, # 5 Exhibit Exhibits, and the Court Clerk gave the Defendants 14 days to respond. However, each Defendant failed to respond, answer or oppose Franklin's Motion for leave or its attached Proposed Amended Complaint, and are clearly in default to it.

On 5/19/2025 in ECF No. 65, Franklin requested this Court to enter the Defendants in default to the served and filed ECF No. 64 Motion and its #1, #2, #3, #4, and #5 attachments, because the Defendants failed to respond, answer or oppose the Proposed Amended RICO Complaint and the other Ordered attachments, and are in default.

On 05/30/2025 in ECF No. 66, the Defendant(s) LEAD ATTORNEY WILLIAM R. URGA for himself and his named clients responded in opposition to Franklin's Amended RICO Complaint, over 2-months belated to do so, but he has waived his right to respond.

On 06/04/2025 in ECF No. 67, Franklin Replied to Mr. Urga and his named clients (over 2-months belated) Opposition to the ECF No. 64 Motion and its 5-attachments, and reminded Mr. Urga of his blatant misconduct and the extreme damages he has caused to Franklin and his two children that are tolled until this Court discovers the ongoing fraud on the courts and bribery done by Mr. Urga in his decades of defrauding Franklin out of his Desert Land Entry patent rights that is mandated by the U.S. Supreme Court in *Stockley*, and by cheating the United States

out of its 80 acres and transferring it to Don Laughlin in Exhibit 2, who hired and paid Mr. Urga to bribe Judge Sandoval to transfer it to Don Laughlin's created 'BWD LLC shell companies'.

Based on the foregoing, Plaintiff Franklin's Desert-Land Entry patent rights that is mandated by the U.S. Supreme Court in *Stockley* should be finally enforced by this Court; the LEAD ATTORNEY WILLIAM R. URGA should be Ordered to Show Cause for his alleged judicial misconduct; and, this Court should enter a Default Judgment against the named liable Defendants ongoing racketeering activity and conspiracies to defraud Franklin and the United States trustee out of their 80 acres of real estate property, for the exact sum certain of damages that is demanded in Franklin's served and filed Amended RICO Complaint.

## VI. Relief Requested

Franklin request this Court to issue Defendant Urga an Order to Show Cause and answer if he believes the pretrial evidence on exhibit *prima facie* proves he did in fact commit Fraud on the Courts and he Bribed Federal Judge Sandoval to 'conceal' Franklin's Desert-Land Entry patent rights that is mandated by the U.S. Supreme Court in *Stockley*, and thereby he has illegally transferred Franklin's lawfully entered 80 acre estate into his quoted clients 'Don Laughlin's created BWD LLC shell companies' possession.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Respectfully submitted by,

*/s/Bobby L. Franklin* July 30th, 2025
BOBBY LEN FRANKLIN (*pro se*) Dated
Desert Land Entryman N-49548
2451 N. Rainbow Blvd. Unit 2037
Las Vegas, NV. 89108
830-822-4791
dlepatent@hotmail.com

**Plaintiff Franklin's 28 USC 1746 Supporting Declaration**

I, Plaintiff BOBBY LEN FRANKLIN do declare under penalty of perjury that the following facts are true and correct to the best of my knowledge and belief so help me God.

1. Shortly after the IBLA decision reversed the BLM mineral claims on August 27th 1990 in *Bobby L. Franklin*, 116 IBLA 29, I spent months in the Clark County law library searching for the Congressional statute(s) (USC); or the Code of Federal Regulations (CFR); or, some binding federal case law that requires the BLM to timely issue me the Desert-Land Entry patent for my 80 acre estate in section 16, because I had and hold the purchased "receipts" for the property.

2. In 1991, I found the federal statutes under the Desert-Land Entry Act of Congress, 43 USC § 321 *et seq*.; the BLM regulation 43 CFR § 1862.6; and, the U.S. Supreme Court decision in *Stockley*, that guarantees my desert-land patent rights under the due process of law. See, ECF No. 64-5, Exhibit 1, to the Amended Complaint.

3. In 1992, I had many meetings and phone calls with the BLM officials, demanding them to do their duty under 43 CFR § 1862.6, and issue me the required Desert Land Entry patent to my DLE N-49548, as mandated by the U.S. Supreme Court decision in *Stockley*, and the BLM officials refused to do so.

4. In 1993, I hired my manager (Duane Smith) for my lawfully entered 80-acre estate, and we drove to Las Vegas to have a meeting with the Acting BLM District Manager named GARY RYAN at his office, where I demanded Mr. Ryan to do his 43 CFR § 1862.6 *ministerial duty* and issue me the patent to my DLE N-49548, and he refused to do so. Weeks later, Mr. Ryan mailed me his "undated" BLM decision that stated my 80 acres is rejected because it became mineral in character because the dirt had sand and gravel in it? What, more fraud? See, Case 2:06-cv-01499-RCJ-PAL, Document 34, pp 27-28 of 40. However, on October 4th 1995, the certified BLM Master Title Plat (MTP) map shows that my DLE N-49548 serial numbers and my surveyed boundary lines are clearly printed on such October 4th 1995 MTP map. See, Case 2:06-cv-01499-RCJ-PAL, Document 34, page 32 of 40.

5. On 1/27/2025, the named LEAD ATTORNEY WILLIAM R. URGA for himself and his clients filed in this Court that the BLM Acting Manager GARY RYAN's mineral in character decision is dated 10/25/1993, to again attempt to defraud my Desert-Land Entry patent rights in *Stockley*, while they all knew and should have known that their 10/25/1993 dated decision was never sent to me and is again counterfeit fraud to again defraud me in this Court, and this one is dated over 5-years after the BLM had issued me the 'receiver's receipt' in 1988, and is thereby another 'unauthorized and void' decision as stated in *Stockley*, and is another fraud. See, ECF No. 64-5, Exhibit 3, pp 1-2, attached to the Amended RICO Complaint.

6. In short, for the past 35-years the Defendant LEAD ATTORNEY WILLIAM R. URGA and his named clients have knowingly and corruptly been ‘concealing’ my Desert-Land Entry *stare decisis* patent rights that is mandated by the U.S. Supreme Court in *Stockley*, by their continued ‘fraud upon the past and present courts’ and ‘Bribing Judge Brian E. Sandoval’, and thereby have illegally transferred my lawfully entered 80 acre estate into his quoted clients ‘Don Laughlin’s created BWD LLC shell companies’ possession, and is further racketeering activity under federal RICO civil statutes, in violation of NRS 207.400 Nevada law that is punishable by imprisonment in the state prison for a minimum term of not less than 5 years and a maximum term of not more than 20 years, and may be further punished by a fine of not more than $25,000 per count.

Pursuant to 28 USC 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 30th day of July, 2025.

Respectfully submitted by,

/s/*Bobby L. Franklin*
BOBBY LEN FRANKLIN (*pro se*)
Desert Land Entryman N-49548
2451 N. Rainbow Blvd. Unit 2037
Las Vegas, NV. 89108
830-822-4791
dlepatent@hotmail.com

**Proof of Service**

All parties will electronically receive *Plaintiff Franklin's Request for Defendant(s) LEAD ATTORNEY WILLIAM R. URGA To Show Cause to His Alleged Fraud Upon the Courts and His Past Bribing Judge Sandoval to Conceal Franklin's Patent Rights* from this Court's CM/ECF system when it is filed.

Sincerely submitted by,

/s/*Bobby L. Franklin* 06/04/2025
BOBBY LEN FRANKLIN Dated
Desert Land Entryman N-49548
2451 N. Rainbow Blvd. Unit 2037
Las Vegas, NV. 89108
(Plaintiff *pro se*)
830-822-4791
dlepatent@hotmail.com

BOBBY L. FRANKLIN (*pro se*)
Desert Land Entryman N-49548
2451 N. Rainbow Blvd. Unit 2037
Las Vegas, NV. 89108
830-822-4791
dlepatent@hotmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT COURT OF NEVADA**

| | |
|---|---|
| BOBBY LEN FRANKLIN, an individual, dba DAYDREAM LAND & SYSTEMS DEVELOPMENT COMPANY,<br><br>*Plaintiff*<br><br>v.<br><br>CLARK COUNTY, TOWN OF LAUGHLIN DON LAUGHLIN'S RIVERSIDE RESORT HOTEL AND CASINO, dba BWD PROPERTIES 2, LLC, BWD PROPERTIES 3, LLC, BWD PROPERTIES 4, LLC, LEAD ATTORNEY WILLIAM R. URGA, UNITED STATES OF AMERICA,<br><br>*Defendants* | Case No.: 2:24-cv-00903-GMN-DJA<br><br>**PROPOSED AMENDED COMPLAINT** |

Plaintiff Franklin *pro se* (I) hereby complain and allege as follows:

I. PARTIES AND JURISDICTIONAL STATEMENT

1. This action arises under the Racketeer Influenced and Corrupt Organizations Act (RICO) of 1970 as amended, for injunctions, orders, civil damages and judgments against the defendants.

2. Pursuant to 43 C.F.R. § 1862.5 (43 U.S.C. § 1166), the defendants have allegedly defrauded Franklin out of his entered 80 acre patent rights in 43 C.F.R. § 1862.6 (43 U.S.C. § 1165) as mandated under the Desert Land Entry Act, 43 U.S.C. § 321 et seq. (the Act), in violations to the civil RICO statutes, and the U.S. Constitution, as hereinafter more appears.

3. This court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in it arise out of the laws of the United States. As more fully shown below, this is an action to restrain further racketeering damages done by the defendants against Franklin, his two children, his company, and his lawfully entered 80 acre estate on federal public lands that he purchased from the United States government in August of 1988.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391.

5. All defendants and companies are conducting their business in Clark County Nevada.

## II. GENERAL ALLEGATIONS

6. Pursuant to Desert Land Entry Act, 43 U.S.C. § 321 et seq., in August of 1988 Franklin purchased the described 80 acres of federal public lands in the town of Laughlin Nevada from the Bureau of Land Management ("BLM") to compete with the adjacent Clark County desert land irrigation systems in sections 15 and 16. The *prima facie* proof of Franklin's statutory desert land patent rights on his entered 80 acre estate is attached herewith as "Exhibit 1" for discovery.

7. On 02/14/2006, D.J. Laughlin acquired the three-fractional *adverse* patent(s) from the USA/BLM and is attached herewith as "Exhibit 2" for discovery, while knowing Franklin had and holds the *stare decisis* desert land patent rights on it. Days later, D.J. (Don) Laughlin transferred his patent rights into his created "BWD LLC shell companies" to hide his real name and his real business, allegedly to defraud Franklin out of his lawfully entered 80 acre estate.

8. On 11/21/2006, Don Laughlin had paid his lead attorney William R. Urga to convince Judge Sandoval to omit Franklin's entered patent rights from pretrial discovery evidence for trial.

9. On 09/29/2008, newly appointed federal Judge Sandoval granted Don Laughlin's created 'BWD LLC shell companies' as owners of Franklin's entered 80 acre estate, after they omitted Franklin's desert land patent rights in ECF Nos. 11 and 34 from pretrial discovery evidence for

trial. Soon thereafter, Sandoval resigned as federal judge, and Franklin began investigating such shocking corruption.

10. On 05/06/2021, the State Bar of Nevada suspended further investigation against attorney Urga's misconduct "at this time" pending further action in this Court. See, "Exhibit 1(a)" p4.

11. On 08/04/2021, Franklin filed post Motion – To Compel Discovery that was Omitted; To File The Three Exhibits as Evidence; and, To Compel Attorney Urga to Answer Interrogatories, See, "Exhibit 1(a)" p5.

12. On 05/09/2022, that District Court denied Franklin's newly discovered evidence on post-motion to open the case to *prima facie* prove his patent rights evidence have been concealed from all Orders, Judgments and proceedings in that court, and is a reason why Franklin filed this original RICO action against the named Defendants, including their LEAD ATTORNEY WILLIAM R. URGA who is a key Defendant and possibly a key hostile witness in this RICO action, as stated in Plaintiff's Initial Disclosures in ECF No.46.

III. THE PATTERN OF RACKETEERING DONE IN LAUGHLIN

13. After Don Laughlin allegedly defrauded the U.S. out of its 80 acres of federal public lands on 02/14/2006 in 'Exhibit 2', days later he created his 'BWD LLC shell companies' and filed them in the NV Secretary of State Office public records, allegedly to defraud Franklin's *stare decisis* land patent rights on his entered 80 acre estate in 'Exhibit 1' pp 6-9.

14. During all these years, Franklin has published his https://fedlaws.xyz website diary book of facts that reveals the dated events and public records of the real Laughlin, of which discloses the biggest fraudulent public lands embezzlement racket in Nevada history is in Laughlin.

15. After Don Laughlin allegedly embezzled all river front public lands (1,200 acres) from the NV Colorado River Commission (CRC) free of charge in Laughlin NV, he became first title

owner of it (landlord), and the named County Commissioner(s) zoned it as his Hotel/Casino district. He then sold most of it to Hotel/Casino developers from Las Vegas, for up to a $Million per acre of undeveloped river front dirt, and he paid no taxes on it.

16. Robert Bilbray (aka Commissioner Woodbury's appointed chairman of Laughlin public works) and his solely owned named corporations, later embezzled the 4,800 acres of NV public lands from the CRC for free, and he sold it and swapped it to Residential & Commercial developers, such as D.R. Horton and others, which built the Laughlin community, which is 2 miles south of Don Laughlin's Hotel & Casino district. The named judges, executives, lawyers, bankers and politicians involved would all meet together for decades at their headquarters "Jolley Urga & Woodbury law firm" on the entire 16th floor of the Wells Fargo Tower at 3800 Howard Hughes Pkwy, Las Vegas, NV, where they had swapped, sold and transferred the 6,000 acres of Nevada public lands, as recorded in the Clark County NV Recorder's Office; the Assessor's Office; and, the Nevada Secretary of State Office public records. Exhibit 1(b) pp 1-5.

17. That left the CRC with 9,000 acres of NV public lands to dispose of, and is why U.S. Senator Harry Reid tried to snatch it up for ENN Solar Energy from China to build their tax subsidized $5 Billion solar energy plant farm on the 9,000 acres of NV public lands in Laughlin NV, but his scheme finally failed to ever happen. See, https://fedlaws.xyz

18. It also details when Franklin's two children were forcefully taken away from Franklin's Laughlin home and transported out of and restricted from returning to Nevada[1]; when Franklin was severely beaten at Don Laughlin's Riverside Hotel & Casino parking lot; and, when Franklin's entered 80 acre estate was pillaged, robbed and destroyed in Laughlin NV by the Clark County police without any warrant to do so, in violation to RICO statutes, and the 4th and

[1] Whether Franklin's 13-year old daughter was abducted or kidnapped, she was trafficked across the country for 17 years, and one or more of the defendants are liable. See, the following.

5th Amendments in the U.S. Constitution. The Franklins were forcefully racketeered out of Laughlin NV because Plaintiff was not a member of their RICO syndicate or their corrupt business enterprise(s).

19. All the above facts are verified in Franklin's website diary book https://fedlaws.xyz by the dated photographs, Wikipedia history on the named officials, newspapers, gov't public records, and is their predicate RICO pattern of racketeering state and federal public lands.

20. Based on the foregoing evidence, Don Laughlin and his organization(s) have a pattern of racketeering, on how he allegedly acquired his Hotel/Casino district enterprise; on when he allegedly defrauded the U.S. gov't out of its 80 acres of federal public lands in the 'Exhibit 2'; and, why he allegedly created his 'BWD LLC shell companies' to defraud Franklin out of his *stare decisis* desert-land patent rights on his entered 80 acre estate that is mandated under the Desert-Land Entry Act statutes of Congress and the U.S. Supreme Court.

IV. CLAIMS FOR RELIEF

21. Plaintiff Franklin repeat and re-allege the allegations set forth in each and every preceding paragraph of the Complaint as though fully set forth at length herein.

22. As set forth above, Defendant CLARK COUNTY is the liable party for its named employee(s) kidnapping Franklin's two children out of Laughlin and restricted from returning to Nevada and thereby tolling the damages; from the Metro police breaking into, robbing and destroying Plaintiff's lawfully entered 80 acre estate with no warrant to so; and, its named employees are not paid to keep their status quo in its Town of Laughlin of allegedly embezzling and defrauding state and federal public lands, and then swap, exchange, transfer or sell it to its buyers, in violation to the RICO statutes. The Defendants' LEAD ATTORNEY WILLIAM R. URGA and his law firm partner Commissioner Bruce Woodbury have allegedly been the

brokerage headquarters for their RICO enterprise for decades on the entire 16th floor of the Wells Fargo Tower, but now Mr. Urga has deleted all his corporative advertisements and is downgraded to a simple PLLC office. However, CLARK COUNTY is liable for damages for each of its named employees who has committed or encouraged such racketeering syndicate and its corrupt business enterprise to defraud Franklin's *stare decisis* patent rights mandated in the Desert-Land Entry Act statutes of Congress on his lawfully entered 80 acre estate in Laughlin Nevada. See, all the Exhibits attached herewith.

23. As set forth above, Defendant DON LAUGHLIN'S RIVERSIDE RESORT HOTEL AND CASINO and his RICO business enterprise are liable for damages, for "starting" such RICO syndicate and his corrupt business enterprise ever since Laughlin was formed and incorporated in Clark County.

24. As set forth above, Don Laughlin created the Defendants BWD PROPERTIES 2, LLC, BWD PROPERTIES 3, LLC, BWD PROPERTIES 4, LLC shell companies to hide his true name and true business, and is liable for "participating" in their corrupt business enterprise racket, to defraud the U.S. out of its 80 acres of federal public lands in 'Exhibit 2', and to defraud Franklin out of his *stare decisis* desert land patent rights in 'Exhibit 1', after their RICO syndicate pillaged and totally destroyed Franklin's lawfully entered 80 acre estate, in violations to the RICO statutes, and the 4th and 5th Amendments in the U.S. Constitution.

25. As set forth above, Don Laughlin and his created BWD LLC shell companies' LEAD ATTORNEY WILLIAM R. URGA is liable for the fraud he fabricated on the courts to conceal Franklin's patent rights on his entered 80 acre estate that is mandated in the Desert Land Act. "IN CASES OF FRAUD, THE STATUTE HAS BEEN CONSTRUED NOT TO COMMENCE TO RUN 'UNTTL DISCOYERY OF THE FRAUD.'" See, Exhibit 1 page 12.

26. As set forth above, Defendant UNITED STATES OF AMERICA is liable for secretly and mistakenly transferring my 80 acre patent rights to D.J. Laughlin who transferred his patent rights to his created BWD LLC shell companies, and for ignoring the federal and state patent laws on page 12 in 'Exhibit 1'.

27. The legal reasons why Mr. Urga's named clients – Don Laughlin and his created 'BWD LLC shell companies' do not legally own and cannot legally keep Plaintiff's lawfully entered 80 acre estate is because of the Desert-Land Entry laws in Exhibit 1, and the 'mineral in character' law that is mandated in Exhibit 1 "pp 6-9" that provides:

> **5. Public lands – Limitation of two years after the issuance of receipt forecloses inquiry into mineral character of land.**
> The expiration of the two-year period of limitations after the issuance of the receiver's receipt upon final entry which, under Act March 3, 1891, § 7 (Comp. St. § 5118), entitles the entryman to a patent if no contest or protest is then pending, precludes a subsequent inquiry as to whether the entryman knew or should have known that the land was chiefly valuable for its minerals at the time he made his entry and final proof.
> <u>*Stockley v. United States*</u>, 260 U.S. 532 (1923) ¶5

Again, the BLM issued Franklin his two-page "receiver's receipt" for his purchased 80 acre estate in August of 1988. <u>See</u>, Exhibit 1, "pp 10-11" attached herewith.

> [5] The effective character of the receiver's receipt being established, the question, after the lapse of the two year period, as to whether the land was mineral bearing, was no longer open. Inquiry upon that ground was then foreclosed, along with all others. Payne v. United States ex rel. Newton, supra.
> <u>*Stockley v. United States*</u>, 260 U.S. 532 (1923) *543

Again, the BLM's "mineral bearing" issue was no longer open … along with all others.

> … "Since it is conceded that Stockley ("Franklin") made such an entry in 1905 ("!988") and his compliance with the

> requirements of the homestead law ("desert-land law") prior to the ("1993") withdrawal order is not questioned, it follows that he had, when that order was issued, an existing valid claim, within the meaning of the exception. The action of the Commissioner of the General Land Office ("acting BLM district manager Gary Ryan") therefore, in directing a contest against Franklin's entry **five years** after the issuance to him of the receiver's receipt was **unauthorized and void**."
>
> *Stockley v. United States*, 260 U.S. 532 (1923) *544

Therefore, the 1993 withdrawal order action of the acting BLM district manager Gary Ryan, in directing a contest against Franklin's entry **five years** after the issuance to him of the receiver's receipt was **unauthorized and void**. See, Exhibit 3, pp 1-2.

## V. PRAYER FOR RELIEF

Plaintiff Franklin demands judgment as follows:

1. Under 43 C.F.R. § 1862.5 (43 U.S.C. § 1166) on page 12 in Exhibit 1, for a final order to vacate and annul the three-fractional patents that the USA/BLM secretly and mistakenly issued to D.J. Laughlin in Exhibit 2; declare they are unauthorized and void of Franklin's *stare decisis* desert-land patent rights in Exhibit 1 pp 6-9; and, declare it was fraud when he transferred his patent rights into his BWD LLC shell companies to defraud Franklin out of his patent rights on his entered 80 acre estate that is mandated in the Desert-Land Entry Act of Congress.

2. Under 43 C.F.R. § 1862.6, (43 U.S.C. § 1165) on page 12 in Exhibit 1, for a land patent order be issued to plaintiff Bobby L. Franklin for the described 80 acres, as mandated by the Act of March 3, 1891 of Congress and the U.S. Supreme Court in Exhibit 1, pp 6-12.

3. For a judgment declaring that the Defendant CLARK COUNTY, in the Town of Laughlin is liable for $1,000,000 damages to Franklin, for the decades of its named government members and its media "encouraging" such racketeering syndicate and its corrupt business enterprise to

defame and defraud Franklin and his development business, that initially kidnapped Franklin's two children out of town and restricted them from returning to Nevada, which tolled the damages suffered, that violently beat and chased Franklin out of town while the Clark County police in Laughlin were pillaging, robbed and destroyed Franklin's lawfully entered 80 acre estate with no warrant to do so, which the Laughlin media filmed it all but reported nothing about it to the public, because their founder Don Laughlin told them exactly what and what not to report or print to the public.

4. For a judgment declaring that the Defendant DON LAUGHLIN'S RIVERSIDE RESORT HOTEL AND CASINO is liable for $1,000,000 damages to Franklin for allegedly "starting" such RICO syndicate and his corrupt business enterprise ever since the town of Laughlin was formed and incorporated in Clark County Nevada.

5. For a judgment declaring that Don Laughlin and his created Defendants BWD PROPERTIES 2, LLC, BWD PROPERTIES 3, LLC, BWD PROPERTIES 4, LLC shell companies were solely created to defraud Franklin's patent rights, and are allegedly liable for $1,000,000 damages from each of them, to Franklin for "participating" in their corrupt business enterprise racket, and be permanently enjoined from doing business under the civil RICO statutes.

6. For a judgment declaring that the Defendants LEAD ATTORNEY WILLIAM R. URGA is liable to Franklin for $7,000,000 for fraudulently concealing Franklin's patent rights since 2006, and corruptly persuading the past court to transfer Franklin's desert-land patent rights to his clients - Don Laughlin and his 'BWD LLC shell companies', in their racket. Also, for falsely stating in the past courts and in this Court, in his ECF No. 21 Reply to Dismiss, page 2, lines 22-24, with his bold and capital letters that "**PLAINTIFF FALSELY CLAIMS THAT THE**

**IBLA 1990 OPINION IS A FINAL DECISION BY THE IBLA AND MAY NOT BE REVIEWED BY THE DISTRICT COURTS.**" While knowing **"IBLA's decisions are final for the Department and may be reviewed by the United States district courts."** See, "Exhibit 1(a)" pp 1-2, and that is the written law. Moreover, Mr. Urga knows, or should have known "the 1993 withdrawal order action of the acting BLM district manager Gary Ryan, in directing a (mineral) contest against Franklin's entry **five years** after the issuance to him of the receiver's receipt was **unauthorized and void**." From again paraphrasing the U.S. Supreme Court in *Stockley*. That is what the past courts mistakenly overlooked, because they were fooled by Mr. Urga and his predecessor AUSA Blaine T. Welsh to do so, and is why Mr. Urga and his clients will continue racketeering people out of public lands, until a Court of law permanently enjoins their liable racket(s).

7. For a judgment declaring that Defendant UNITED STATES OF AMERICA is liable for damages to Franklin for mistakenly and secretly transferring Franklin's 80 acre patent rights onto D.J. Laughlin possession in 'Exhibit 2' without giving Franklin any notice of it, and to order this Defendant to abide by the patent laws on pages 6-12 in 'Exhibit 1'.

8. For treble damages under the civil RICO statutes.

9. And for any other relief as this court deems appropriate.

Pursuant 28 USC § 1746, Plaintiff Franklin ("I") state under penalty of perjury that the foregoing is true and correct. Executed on this 3rd day of March, 2025.

/s/*Bobby L. Franklin*
BOBBY LEN FRANKLIN (*pro se*)
Desert Land Entryman N-49548
2451 N. Rainbow Blvd. Unit 2037
Las Vegas, NV. 89108
830-822-4791
dlepatent@hotmail.com

**TABLE OF CONTENTS ON EXHIBIT**
**FOR DISCOVERY EVIDENCE**

**PAGE(S)**

**EXHIBIT 1:**

Franklin's certified title stamped from the county recorder ........................................................ 1

The Desert-Land Patent Law of the United States, and
The due process of law in the 5th Amendment of the U.S. Constitution ........................................ 2

The 8/27/1990 Decision of the U.S. Department of the Interior
Board of Land Appeals ("IBLA") that reversed the BLM's
Adverse Mineral in Character Claim *inter alia* on the Public Lands
In Plaintiff Franklin's *Successful* Appeal from the BLM........................................................ 3-5

Franklin's *stare decisis* Desert-Land Patent Rights
Mandated by The United States Supreme Court ........................................................................ 6-9

The purchased two-page *receiver's receipt*
Issued to Franklin in August 1988,
From the U.S. Department of the Interior
Bureau of Land Management for his lawfully
Entered 80 acres estate in Laughlin Nevada ............................................................................ 10-11

Suits to vacate and annul patents in cases of fraud,
Suits to enforce Patent Rights under the desert-land laws ........................................................ 12

On 11/3/1996, Franklin was beaten and violently forced out of Laughlin................................... 13

On 2/15/1997, The Clark County police broke into, pillage robbed and
Destroyed Franklin's lawfully entered and gated 80 acre estate in Laughlin NV
All without any warrant to do so, in RICO violation & 4th and 5th Amendments........................ 14

**EXHIBIT 2:**

On 2/14/2006, the USA/BLM had secretly issued Don Laughlin the Three
Fractional Land Patents on Franklin's gated 80 acre estate, under a
*Covenant* that they are each "SUBJECT TO: 1. Valid existing rights;" .................................... 1-4

**EXHIBIT 1(a):**

"IBLA's decisions are final for the Department and may be
Reviewed by the United States district courts", and that is the law............................................ 1-2

Lands Subject to – Desert Land Entry, and that is the law .......................................................... 3

**PAGE(S)**

May 6th 2021, State Bar of Nevada suspends investigation against
Attorney Urga's misconduct "at this time" pending civil relief.................... 4

Post Motion Denied - To Compel Discovery that was Omitted;
To File the Three Exhibits as Evidence; and,
To Compel Attorney Urga to Answer Interrogatories.................... 5

**EXHIBIT 1(b):**

6/24/1993, Franklin protested the land swap meeting between the
BLM, CRC and Clark County group who stated they would not
"Encourage" swapping my 80 acre estate in Section 16.................... 1

On 8/9/1999, CRC AG denies Robert Bilbray embezzled the
1,280 acres of NV public lands in sections 24 and 28 .................... 2

August 2003, Robert Bilbray gifts Davidsohn from Mexico
160 acres in section 28, pretending to be a Trustee for the CRC.................... 3-4

Some more of Robert Bilbray's gifts in sections 21 and 28.................... 5

**EXHIBIT 1(c):**

In 1990, days after he read my IBLA decision in his chambers
Laughlin Justice of the Peace Billy Moma
(aka - a mining claimant in Laughlin)
Extra-judicially Ordered Plaintiff's two children as
Wards of Arizona, aka – Kidnapping, Clark County Liable.
Franklin's kidnapped daughter was trafficked across the nation for 17 years.................... 1

**EXHIBIT 3:**

This 1993 mineral withdrawal order action by the Acting
BLM District Manager Gary Ryan against Franklin's Entry
*Five years* after the Issuance to him of the receiver's receipt
Was and is legally "*unauthorized and void*" under
*Stockley v. United States*, 260 U.S. 532 (1923) *544 .................... 1-2

# "EXHIBIT 1"

CERTIFIED COPY. THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE RECORDED DOCUMENT MINUS REDACTED PORTIONS
2018 25 OCT.
Debbie Conway
RECORDER

199309200000935

## TITLE 43 OF THE CODE OF FEDERAL REGULATION

SECTION 1862.6 – PATENT TO ISSUE AFTER 2 YEARS FROM DATE OF MANAGER'S FINAL RECEIPT.

(A) THE DECISION OF THE SUPREME COURT OF THE UNITED STATES IN THOMAS J. STOCKLEY ET AL., APPELLANTS, V. THE UNITED STATES, DECIDED JANUARY 2, 1923 (260 U.S. 532, 67 L. ED. 390) HOLDS THAT AFTER THE LAPSE OF 2 YEARS FROM THE DATE OF THE ISSUANCE OF THE 'RECEIVER'S RECEIPT' *UPON THE FINAL ENTRY OF ANY TRACT OF LAND UNDER THE HOMESTEAD, OR DESERT-LAND LAWS, SUCH ENTRY, ENTITLED TO PATENT UNDER THE PROVISO TO SECTION 7 OF THE ACT OF MARCH 3, 1891 (26 STAT. 1098; 43 U.S.C. 1165), REGARDLESS OF WHETHER OR NOT THE MANAGER'S FINAL CERTIFICATE HAS ISSUED.

(B) THE SUPREME COURT OF THE UNITED STATES IN PAYNE V. U.S. EX REL. NEWTON (255 U.S. 438, 65 L. ED. 720), DECIDED THAT NEWTON WAS ENTITLED TO A PATENT ON HIS HOMESTEAD ENTRY UNDER THE PROVISO TO SECTION 7 OF THE ACT OF MARCH 3, 1891, 2 YEARS HAVING ELAPSED FROM THE DATE OF THE ISSUANCE OF THE RECEIVER'S FINAL RECEIPT UPON FINAL ENTRY, AND THERE BEING NO CONTEST OR PROTEST PENDING AGAINST THE VALIDITY OF THE ENTRY, BUT STATED THAT THE PURPOSE OF THE STATUTE WAS:

TO REQUIRE THAT THE RIGHT TO A PATENT WHICH FOR 2 YEARS HAS BEEN EVIDENCED BY A RECEIVER'S RECEIPT, AND AT THE END OF THAT PERIOD STANDS UNCHALLENGED, SHALL BE RECOGNIZED AND GIVEN EFFECT BY THE ISSUE OF THE PATENT WITHOUT FURTHER WAITING OR DELAY, AND THUS TO TRANSFER FROM THE LAND OFFICERS TO THE REGULAR JUDICIAL TRIBUNALS THE AUTHORITY TO DEAL WITH ANY SUBSEQUENT CONTROVERSY OVER THE VALIDITY OF THE ENTRY, AS WOULD BE THE CASE IF THE PATENT WERE ISSUED IN THE ABSENCE OF THE STATUTE.

* THE RECEIPTS FORMERLY ISSUED BY THE RECEIVERS ARE NOW ISSUED BY THE MANAGERS.

## AMENDMENT V TO THE U.S. CONSTITUTION

NO PERSON SHALL BE HELD TO ANSWER FOR A CAPITAL, OR OTHERWISE INFAMOUS CRIME, UNLESS ON A PRESENTMENT OR INDICTMENT OF A GRAND JURY, EXCEPT IN CASES ARISING IN THE LAND OR NAVAL FORCES, OR IN THE MILITIA, WHEN ACTUAL SERVICE IN TIME OF WAR OR PUBLIC DANGER; NOR SHALL ANY PERSON BE SUBJECT FOR THE SAME OFFENCE TO BE TWICE PUT IN JEOPARDY OF LIFE OR LIMB; NOR SHALL BE COMPELLED IN ANY CRIMINAL CASE TO BE A WITNESS AGAINST HIMSELF, NOR BE DEPRIVED OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW; NOR SHALL PRIVATE PROPERTY BE TAKEN FOR PUBLIC USE, WITHOUT JUST COMPENSATION.

RE-RECORDED

CLARK COUNTY, NEVADA
JOAN L. SWIFT, RECORDER
RECORDED AT REQUEST OF:
B FRANKLIN
09-20-93 11:20 BSB 14
OFFICIAL RECORDS
BOOK: 930920 INST: 00935
FEE: 18.00 RPTT: .00

(2)

(2)

Exhibit 21

9 2 0 2 2 2 0 0 0 7 7

20020923 .0076

United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
INTERIOR BOARD OF LAND APPEALS
4015 WILSON BOULEVARD
ARLINGTON, VIRGINIA 22203

IN REPLY REFER TO:

BOBBY L. FRANKLIN

IBLA 89-35 Decided August 27, 1990

Appeal from a decision of the District Manager, Las Vegas District, Nevada, Bureau of Land Management, rejecting desert land entry application N-49548.

Reversed and remanded.

1. Desert Land Entry: Applications--Desert Land Entry: Lands Subject To--Mining Claims: Location--Segregation

A decision rejecting a desert land entry application on the ground that the land is appropriated by unpatented mining claims will be reversed where a final certificate of mineral entry has not been issued for the land at the time the desert land entry application was filed.

APPEARANCES: Bobby L. Franklin, pro se.

OPINION BY ADMINISTRATIVE JUDGE KELLY

Bobby L. Franklin has appealed from a decision of the District Manager, Las Vegas District, Nevada, Bureau of Land Management (BLM), dated October 13, 1988, rejecting his desert land entry (DLE) application, N-49548, stating "the public lands affected by your DLE filing N-49548, are appropriated (by mining claims) and thereby rendered unsuitable under the Desert Land Act and not subject to disposition."

In his statement of reasons for appeal, appellant challenges the propriety of the decision on the basis that there has been no physical labor or mining production on the land in question over the past 5 years. Although there were multiple filings of mining claims and a mineral patent application (N-46678) filed involving 1,280 acres of valuable land in Laughlin, Nevada, he asserts nothing has been done to work these claims and the development of his DLE should not be held up indefinitely.

The record shows that appellant filed DLE application N-49548 with BLM on August 18, 1988, pursuant to 43 U.S.C. § 321 (1982). The application described 80 acres of land located in the SE¼ and the SW¼ of sec. 16, T. 32 S., R. 66 E., Mount Diablo Meridian, Clark County, Nevada. On the same date appellant filed a protest of mineral patent application N-46678 which had been previously filed with BLM May 27, 1987, by J. H. Edgar et al., for the Rojas Nos. 1-8 placer mining claims covering approximately 1,231.52 acres of public land in the same area in T. 32 S., R. 66 E.



(3) (7) (8)

920220@0775 Exh. 8.18 20020923 00790 33



BLM records confirm that the patent applicants submitted the required proofs, paid the filing fees, and deposited the required purchase money for the mineral entry final certificate for these Rojas Nos. 1-8 claims October 3, 1988. On November 28, 1988, BLM issued a decision noting that the mineral entry was allowed and the final certificate was issued effective that date. By letter of April 17, 1989, the applicants requested that mineral patent application N-46678 be withdrawn in its entirety because the company that was going to purchase black sands from the claims had gone out of business. BLM accepted the withdrawal request and the mineral entry involving the Rojas claims was cancelled as of April 17, 1989. 1/

The Board has noted that classification of the land as suitable for entry pursuant to section 7 of the Taylor Grazing Act "is a prerequisite to the approval of all entries" made under the desert land laws. 43 CFR 2400.0-3. 2/ James A. Maleski, 102 IBLA 175, 180 (1989). Because no DLE applications may be allowed until the land has been classified as suitable for such entry, BLM must first look to see whether or not the land is classified or should be classified as open to DLE. In this instance the lands have not been previously opened to entry under the desert land laws. Although appellant's application also serves as a petition for classification where the land has not been classified, that classification determination has yet to be made by BLM this case. 3/

However, irrespective of the lack of classification, BLM attempted to dispose of the application on the lack of availability of the land due to the conflicting mining claims of record. BLM rejected appellant's application, stating: "Regulations contained under 43 CFR 2520.0-8(a)(1) state in part: [I]n order for public lands to be subject to entry under the

---

1/ By a decision, dated May 2, 1989, BLM accepted the applicants withdrawal of the mineral patent application and cancelled the mineral entry which included the Rojas Nos. 1-8 placer claims.

2/ Characteristics of land subject to disposition under the Desert Land Act are set forth in 43 CFR 2520.0-8. In Departmental regulation 43 CFR 2400.0-3(a), BLM notes that classification pursuant to 43 U.S.C § 315(f) (1982), is a prerequisite to approval of a DLE under 43 CFR Part 2520. Under 43 CFR 2521.2, an application must include a petition for classification unless the lands described in the application have been opened for disposition under the desert land laws. See generally 43 CFR Part 2450. This Board has affirmed the rejection of DLE applications on the ground that the land had not been classified as suitable for entry. See Duella M. Adams, 70 IBLA 63 (1983).

3/ Section 16 of the DLE application specifically provides an alternate petition for classification stating: "If the lands described in this application have not been classified as suitable for desert entry pursuant to the provisions of Section 7, of the Taylor Grazing Act of June 28, 1934, as amended, (43 CFR 315F), and the requirements of the regulations in 43 CFR Part 2400, please consider the application as a petition for such classification."



(4) (8) (4)

9 2 0 2 2 Exh. A 0 7 7 5

200209 23
00790

23

IBLA 89-35

desert land law, such public lands must not only be irrigable but also surveyed, unreserved, unappropriated, nonmineral in character * * *."

[1] Although BLM has not made an official determination based on a mineral report that the lands are, in fact, "mineral in character," BLM may have based its rejection of appellant's DLE in part on a presumption to that effect because of placer mining claim filings and a mineral patent application on record in the same area. However, this Board has recently noted that the mere fact of location of a mining claim does not establish the mineral character of the land. Nancy M. Swallow, 112 IBLA 321, 323 (1990), and cases cited therein. In Swallow we held that where BLM itself does not recognize the land described by DLE applications to be mineral in character, applicants are not precluded from entering this land under the desert land law for this reason. See California v. Rodeffer, 75 I.D. 176, 179 (1968). We find no clear evidence in the record to support the conclusion that the land in question is mineral in character.

As to BLM's conclusion that the lands are appropriated by mining claims, we have repeatedly recognized that longstanding Departmental precedent makes it clear that a mining claim segregates land from entry by others when a final certificate of mineral entry has been issued. Nancy M. Swallow, supra; See also Melvin Helit, 110 IBLA 144, 149-50 (1989); Scott Burnham, 100 IBLA 94, 110, 94 I.D. 429, 437 (1987). In the case at hand, the record is clear that, as of August 18, 1988, the date the DLE application was filed, no final certificate of mineral entry had issued. Accordingly, we find the lands in question were not appropriated at the time the DLE application was filed.

For the above reasons, we conclude that BLM's decision of October 13, 1988, should be reversed. Since the mineral patent application has since been withdrawn and the mineral entry cancelled, BLM should reconsider appellant's application and determine whether the land should be classified as open to DLE.

Therefore, pursuant to the authority delegated to the Board of Land Appeals by the Secretary of the Interior, 43 CFR 4.1, the decision appealed from is reversed and the case is remanded to BLM for action consistent with this opinion.

John H. Kelly
John H. Kelly
Administrative Judge

I concur:

Franklin D. Arness
Franklin D. Arness
Administrative Judge

such alleged errors considered and reviewed, the writ of error herein should have issued out of the Circuit Court of Appeals of the proper circuit. Accordingly we hold that these several cases should be transferred to the Circuit Court of Appeals of the Seventh Circuit at the costs of the respective plaintiffs in error, that that court be thereupon possessed of the jurisdiction of the same and proceed to the determination of said writs of error as if such writs had issued out of such court.

And it is so ordered.

---

(260 U. S. 533)

**STOCKLEY et al. v. UNITED STATES.**

(Argued Nov. 20, 1922. Decided Jan. 2, 1923.)

No. 74.

**1. Public lands ⚷=98—After issuance of receiver's receipt, issuance of register's certificate not required before limitations begin to run.**

Act March 3, 1891, § 7 (Comp. St. § 5113), providing that, after the lapse of two years from the issuance of the receiver's receipt on the final entry, when there shall be no pending contest or protest against such entry, a final entryman shall be entitled to a patent, does not require the issuance of a register's certificate approving the final proof before the period of limitation stated therein begins to run, since it must be assumed Congress was familiar with the operations and practice of the Land Department and knew the difference between a receiver's receipt and a register's certificate.

**2. Public lands ⚷=98—Change in department's practice does not change effect of statute of limitations, after receiver's receipt is issued.**

The fact that after the enactment of the statute (Act March 3, 1891, § 7 [Comp. St. § 5113]) entitling an entryman to patent two years after the receiver's receipt is issued, the prior practice of the Land Department not to issue the receiver's receipt until the register's certificate accepting the final proof was also issued, was changed so as to permit the issuance of the receiver's receipt when final proof was made, without waiting for its approval, cannot have the effect of changing the plain limitation prescribed by that statute, so as to require the issuance of the register's certificate also before the period starts to run.

**3. Public lands ⚷=98—Receiver's receipt for final payment is "receipt upon the final entry."**

A receiver's receipt, issued to a homestead claimant at the time the claimant made final proof showing compliance with all the requirements to entitle him to a patent under the homestead laws and paid all fees and commissions lawfully due, was a "receipt upon the final entry" under the homestead laws, within Act March 3, 1891, § 7 (Comp. St. § 5113), entitling the claimant to patent two years after the issuance of such receipt, if no contest or protest is then pending.

**4. Public lands ⚷=98—Receipt issued in excess of receiver's authority starts running of limitations.**

Even if a receiver of the land office had no authority under the instructions of the land department to issue receiver's receipt to a homestead entryman at the time he did, the issuance of such receipt starts the running of the two-year period of limitation prescribed by Act March 3, 1891, § 7 (Comp. St. § 5113).

**5. Public lands ⚷=98—Limitation of two years after issuance of receipt forecloses inquiry into mineral character of land.**

The expiration of the two-year period of limitations after the issuance of the receiver's receipt upon final entry which, under Act March 3, 1891, § 7 (Comp. St. § 5113), entitles the entryman to a patent if no contest or protest is then pending, precludes a subsequent inquiry as to whether the entryman knew or should have known that the land was chiefly valuable for its minerals at the time he made his entry and final proof.

Appeal from the United States Circuit Court of Appeals for the Fifth Circuit.

Suit in equity by the United States against Thomas J. Stockley and others to have plaintiff adjudged to be the owner of a tract of land, to enjoin all interference therewith, and to require defendants to account for the value of oil and gas abstracted by them therefrom. Decree for plaintiff was affirmed by the Circuit Court of Appeals (271 Fed. 632), and defendants appeal. Reversed, and cause remanded to the District Court, with directions to dismiss the bill of complaint.

*533

*Mr. S. L. Herold, of Shreveport, La., for appellants.

Mr. Assistant Attorney General Riter, for the United States.

*536

*Mr. Justice SUTHERLAND delivered the opinion of the Court.

This is a suit in equity brought by the United States, as plaintiff, against the appellants, as defendants, by which a decree was sought adjudging the plaintiff to be the owner of a tract of land in the parish of Caddo, La., enjoining all interference therewith, and requiring the defendants to account for the value of oil and gas extracted by them therefrom.

The United States District Court for the Western District of Louisiana, upon the report of a master, found for the plaintiff and entered a decree in accordance with the prayer of the bill ordering a restoration of possession and awarding damages against some of the defendants, including Stockley, for about $62,000.

The case comes to this court by appeal from the decree of the Circuit Court of Ap-

peals affirming the decree of the District Court. 271 Fed. 632.

The defendants denied plaintiff's title and alleged that the land was the property of the defendant Stockley by virtue of his compliance with the homestead laws of the United States.

The conceded facts are that in 1897 Stockley took possession of the land and on November 13, 1905, made a preliminary entry thereof as a homestead. He complied with the provisions of the homestead laws, submitted final proof, including the required nonmineral affidavit, paid the commissions and fees then due, and on January 16, 1909, obtained the receiver's receipt therefor. Prior to that time, viz. on December 15, 1908, a large body of public lands, embracing within its boundaries the land in question, was withdrawn by an order of the President of the United States from all forms of appropriation. The withdrawal order was expressly made "subject to existing valid claims." The receiver's receipt, omitting unnecessary matter, is in the following words:

*537

*"Received of Thomas J. Stockley * * * the sum of three dollars and one cent in connection with Hd. Final, Serial 0188 for [lands described] 71.25 acres. * * *"

On March 17, 1910, Stockley leased the property in question to the defendant the Gulf Refining Company, which company subsequently drilled wells and developed oil. The rights of the other defendants are wholly dependent upon the title asserted on behalf of Stockley.

On July 16, 1910, after the report of a special agent confirming Stockley's claim of residence upon and cultivation and improvement of the lands, the Commissioner of the General Land Office ordered the case "clear-listed and closed as to the Field Service Division." Subsequently, and more than three years after the issuance of the receiver's receipt, viz. on February 27, 1912, a contest was ordered by the Commissioner of the General Land Office before the local register and receiver upon the charge that the land was mineral in character, being chiefly valuable for oil and gas, and that when Stockley made his final proof he knew or, as an ordinarily prudent man, should have known this fact. After a hearing, the register and receiver decided in favor of Stockley, but the Commissioner of the General Land Office reversed the decision and ordered the entry canceled. The Secretary of the Interior affirmed the Commissioner, with a modification allowing Stockley to obtain a patent for the surface only, under the provisions of the Act of July 17, 1914, c. 142, 38 Stat. 509 (Comp. St. §§ 4640a–4640c).

The defendants contended that the Commissioner of the General Land Office and the Secretary of the Interior were without authority to entertain this contest because prior thereto full equitable title had vested in Stockley and he had become entitled to a patent by virtue of the provisions of section 7 of the Act of March 3, 1891, c. 561, 26 Stat. 1095, 1099 (Comp. St. § 5113). That section, so far as necessary to be stated, provides:

*538

*"That after the lapse of two years from the date of the issuance of the receiver's receipt upon the final entry of any tract of land under the homestead, timber culture, desert land, or pre-emption laws, or under this act, and when there shall be no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him; but this proviso shall not be construed to require the delay of two years from the date of said entry before the issuing of a patent therefor."

The court below rejected defendants' contention, holding that the receipt issued to Stockley was not a "receiver's receipt upon the final entry" for the reason that, in the view of that court, a final entry could not become effective until the issuance of the certificate of the register. In other words, it was the opinion of the lower court that in order to constitute a final entry within the meaning of the statute above quoted, there must be an adjudication upon the proofs and the issuance of a final certificate, evidencing an approval thereof.

[1] We think the language of the statute does not justify this conclusion. It must be assumed that Congress was familiar with the operations and practice of the Land Department and knew the difference between a receiver's receipt and a register's certificate. These papers serve different purposes. One, as its name imports, acknowledges the receipt of the money paid. The other certifies to the payment and declares that the claimant on presentation of the certificate to the Commissioner of the General Land Office shall be entitled to a patent.

The evidence shows that prior to the passage of the statute, and thereafter until 1908, the practice was to issue receipt and certificate simultaneously upon the submission and acceptance of the final proof and payment of the fees and commissions. In 1908 this practice was changed, so that the

*539

receipt was issued upon the submis*sion of the final proof and making of payment, while the certificate was issued upon approval of the proof and this might be at any time after the issuance of the receipt. The receiver and register act independently, the former alone being authorized to issue the receipt and the latter to sign the certificate. The receipt issued to Stockley was after submission of his proof and payment of all that he was required to pay under the law. No certificate was ever issued by the register.

[2] It is contended by the government that the receiver's receipt named in the statute should be restricted to a receipt issued simultaneously with the register's certificate

after approval of final proofs, and that, after the change of 1908 in the practice of the department, a receipt issued before such approval does not come within the meaning of the statute. Such a receipt, it is contended, obtains no validity as a "receiver's receipt upon the final entry" until after the proof has in fact been examined and approved.

[3] We cannot accept this conception of the law. A change in the practice of the Land Department manifestly could not have the effect of altering the meaning of an act of Congress. What the act meant upon its passage, it continued to mean thereafter. The plain provision is that the period of limitation shall begin to run from the date of the "issuance of the receiver's receipt upon the final entry." There is no ambiguity in this language and, therefore, no room for construction. There is nothing to construe. The sole inquiry is whether the receipt issued to Stockley falls within the words of the statute. In Chotard v. Pope, 12 Wheat. 586, 588 (6 L. Ed. 737), this court defined the term entry as meaning:

"That act by which an individual acquires an inceptive right to a portion of the unappropriated soil of the country, by filing his claim in the office of an officer known in the legislation of several states by the epithet of an *540 entrytaker, and corresponding *very much in his functions with the registers of land offices, under the acts of the United States."

It was in this sense that the term "final entry" was used in this statute. Having submitted to the proper officials proof showing full compliance with the law, and having paid all the fees and commissions lawfully due, Stockley had done everything which the law required on his part and became entitled to the immediate issuance of the receiver's receipt, and this receipt was issued and delivered to him. No subsequent receipt was contemplated or required. From the date of the receipt the entry may be held open for the period of two years, during which time its validity may be contested. Thereafter the entryman is entitled to a patent and the express command of the statute is that "the same shall be issued to him." Lane v. Hoglund, 244 U. S. 174, 37 Sup. Ct. 558, 61 L. Ed. 1066; Payne v. United States ex rel. Newton, 255 U. S. 438, 41 Sup. Ct. 368, 65 L. Ed. 720.

That Stockley's acts constituted final entry is borne out by rulings of the Land Department. Thus in Gilbert v. Spearing, 4 Land Dec. 463, 466, Secretary Lamar said:

"When the homestead application, affidavit and legal fees are properly placed in the hands of the local land officers, and the land applied for is properly subject to entry, from that moment the right of entry is complete and in contemplation of law the land is entered."

See, also, Iddings v. Burns, 8 Land Dec. 224, 226.

We are not at liberty to add to or take from the language of the statute. When Congress has plainly described the instrument from whose date the statute begins to run as the "receipt upon the final entry," there is no warrant for construing it to mean only a receipt issued simultaneously with the certificate or one issued after the adjudication on the final proof, which might be—and in this instance was—postponed indefinitely. It was to avoid just such delays for an unreasonable length of time—that is, for more than two years—that the statute was enacted. Lane v. Hoglund, supra, and Land De- *541 part*ment decisions cited. The purpose and effect of the statute are clearly and accurately stated by the Commissioner of the General Land Office in Instructions of June 4, 1914, 43 Land Dec. 322, 323, in the course of which it is said:

"There is no doubt that Congress chose the date of the receiver's receipt rather than of the certificate of the register as controlling, for the reason that payment by the claimant marks the end of compliance by him with the requirements of law. It would be manifestly unjust to make the right to a patent dependent upon the administrative action of the register, subjecting it to such delays as are incident to the conduct of public business and over which the claimant has no control. Payment, of which the receiver's receipt is but evidence, is, therefore, the material circumstance that starts the running of the statute, inasmuch as a claimant is and always has been entitled to a receipt when payment is made."

[4] It is urged, however, that in any event the receiver exceeded his authority in issuing the receipt, since the Commissioner of the General Land Office, on December 15, 1908, had instructed the register and receiver, among other things, as follows:

"Applications, selections, entries, and proofs based upon selections, settlements, or rights initiated prior to the date of withdrawal may be received by you and allowed to proceed under the rules up to and including the submission of final proofs. You must not, however, in such cases receive the purchase money or issue final certificate of entry, but must suspend the entries and proofs pending investigation as to the validity of the claims with regard to the character of the land and compliance with the law in other respects."

These instructions were issued, as shown upon their face, in view of the presidential withdrawal order of the same date. We suggest, without deciding, that, inasmuch as the withdrawal order was expressly made *542 subject to *existing valid claims, and Stockley's claim was obviously existing and valid, this instruction of the Commissioner was itself without authority, since, as applied to Stockley, it was in conflict with the withdrawal order. This has nothing to do with the question as to whether the lands were, in fact, mineral in character, which is another and different matter dealt with later.

AER 94

However, Stockley, as already shown, did, in act, make final entry and the receiver did, in fact, issue and deliver his receipt thereon. The case, therefore, falls within the terms of the statute and must be governed by it, unless the receipt be held for naught on the ground that it was issued contrary to the Commissioner's instructions. But the very object of the statute was to preclude inquiry upon that or any other matter, except as provided by the statute, after the expiration of two years from the date of the receiver's receipt. In United States v. Winona & St. Peter Railroad Co., 165 U. S. 463, 476, 17 Sup. Ct. 368, 371 (41 L. Ed. 789) this court had under consideration section 8 of the same act (26 Stat. 1099 [Comp. St. § 5114]), limiting the time within which suits by the United States might be brought to annul patents. That section, it was said, recognizes:

"That when its proper officers, acting in the ordinary course of their duties, have conveyed away lands which belonged to the government, such conveyances should, after the lapse of a prescribed time, be conclusive against the government, and this notwithstanding any errors, irregularities or improper action of its officers therein."

It was said further:

"Under the benign influence of this statute it would matter not what the mistake or error of the Land Department was, what the frauds and misrepresentations of the patentee were, the patent would become conclusive as a transfer of the title, providing only that the land was public land of the United States and open to sale and conveyance through the Land Department."

In United States v. Chandler-Dunbar Water Power Co., 209 U. S. 447, 450, 28 Sup. Ct. 579, 580 (52 L. Ed. 881), this section of the *543 act was again under *consideration. A patent was attacked as void for the alleged reason that the land which it purported to convey had been reserved for public purposes, and upon that ground the application of the statute was denied, but this court said:

"It is said that the instrument was void and hence was no patent. But the statute presupposes an instrument that might be declared void. When it refers to 'any patent heretofore issued,' it describes the purport and source of the document, not its legal effect. If the act were confined to valid patents it would be almost or quite without use."

To hold that the receipt here under consideration falls outside the terms of the statute would be to defeat the purpose of the statute and perpetuate the mischief which it sought to destroy. Prior to the decision in the case of Jacob A. Harris, 42 Land Dec. 611, 614 (quoted with approval in Lane v. Hoglund, supra), it had been held that the statute did not affect the conduct or action of the Land Department in taking up and disposing of final proof of entrymen after the lapse of the two-year period (Mertie C. Traganza, 40 Land. Dec. 300), but this view was sharply challenged and overruled in the Harris Case, where it was said:

"Passed, primarily, to rectify a past and to prevent future abuses of the departmental power to suspend entries, the proviso is robbed of its essential purpose and practically repealed by the decision in the Traganza Case."

[5] The effective character of the receiver's receipt being established, the question, after the lapse of the two-year period, as to whether the land was mineral bearing, was no longer open. Inquiry upon that ground was then foreclosed, along with all others. Payne v. United States ex. rel. Newton, supra.

The bar of the statute likewise prevails, notwithstanding the executive withdrawal of December 15, 1908. The validity of that or- *544 der is, of course, settled by the decision *in United States v. Midwest Oil Co., 236 U. S. 459, 35 Sup. Ct. 309, 59 L. Ed. 673, but, as already stated, there is excepted from the operation of the order "existing valid claims." Obviously this means something less than a vested right, such as would follow from a completed final entry, since such a right would require no exception to insure its preservation. The purpose of the exception evidently was to save from the operation of the order claims which had been lawfully initiated and which, upon full compliance with the land laws, would ripen into a title. The effect of a preliminary homestead entry is to confer upon the entryman an exclusive right of possession, which continues so long as the entryman complies in good faith with the requirements of the homestead law. Stearns v. United States, 152 Fed. 900, 906, 82 C. C. A. 48; Peyton v. Desmond, 129 Fed. 1, 12, 63 C. C. A. 651. Since it is conceded that Stockley made such an entry in 1905 and his compliance with the requirements of the homestead law prior to the withdrawal order is not questioned, it follows that he had, when that order was issued, an existing valid claim, within the meaning of the exception. The action of the Commissioner of the General Land Office, therefore, in directing a contest against Stockley's entry three years after the issuance to him of the receiver's receipt was unauthorized and void.

The decree of the Circuit Court of Appeals is reversed, and the cause remanded to the District Court, with directions to dismiss the bill of complaint.

UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF LAND MANAGEMENT

20020923
.00790

# RECEIPT AND ACCOUNTING ADVICE

NO. 1329049

NV050-Las Vegas District
August 26, 1988

Subject: Desert Land Entry Filing Fee

Applicant: Bobby D. Franklin
206 Paris Avenue
Las Vegas, NV 89103

14 5017

$35.00

Remitter:

RECORDER'S MEMO
POSSIBLE POOR RECORD DUE TO
QUALITY OF ORIGINAL DOCUMENT

Assignor:

LEASE MANAGEMENT DATA ☐NEW ☐UPDATE ☐PAYMENT

| ORIGINAL SERIAL NO. | ASG. | TYPE | ST. | CTY. | FUND SYMBOL | ACRES/UNITS | RATE |
|---|---|---|---|---|---|---|---|
| N-49548 | | | | | | | |

| AMOUNT | ANV. DATE | EXP. DATE | BILL CYC. | S/C | DISTRICT | NEXT BILL | MISC. DATA | U of M | ACTUAL UNIT |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

43 C.F.R. 1862.6

| ASSIGNMENT SERIAL NO. | ASG. | TYPE | ST. | CTY. | FUND SYMBOL | ACRES/UNITS | RATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| AMOUNT | ANV. DATE | EXP. DATE | BILL CYC. | S/C | DISTRICT | NEXT BILL | MISC. DATA | U of M | ACTUAL UNIT |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

APPLY REMITTANCE

| ACTION | FUND SYMBOL | CTY. | AMOUNT |
|---|---|---|---|
| FILING FEE | | | |
| RENTAL | | | |
| | | | |
| UNEARNED | | | |
| REFUND | | | |
| TOTAL | | | |
| AMOUNT DUE | | | |

Remarks:

PAID
DEPARTMENT OF THE INTERIOR
BUREAU OF LAND MANAGEMENT
AUG 26 1988

BY: DATE:

☐ Lease in Escrow?
☐ KGS?
☐ Auto Escalates?
☐ Auto Renew?

Of Interest?
Operating Rights?
Operator
Bond Filed?

FOR MMS USE ONLY

| BILLEE NUMBER | | FOREST REFUGE |
|---|---|---|
| OCS SECTION CODE | | |

(5)

(10)

(10)

20020923
.00790

[illegible] DEPARTMENT OF THE INTERIOR PAGE: 1
[illegible] BUREAU OF LAND MANAGEMENT

CASE ABSTRACT AS OF: 8/27/88

03-03-1877;019STAT0377;43USC321-323,325, CASE TYPE SERIAL NUMBER
DESERT LAND ACT 252000 NVN 49548

---

NAME AND ADDRESS

FRANKLIN BOBBY D
206 PARIS AVE
LAS VEGAS NV 89109
APPLICANT 100.00000 %

---

DESCRIPTION OF LAND

MOUNT DIABLO MER
T. 32 S R. 66 E CLARK COUNTY, NV
LAS VEGAS DISTRICT STATELINE RESOURCE AREA
SEC. 16: S2SE
80.000 ACRES

---

ACTIONS

| DATE | CODE | TAKEN | REMARKS |
|---|---|---|---|
| 8/18/1988 | 124 | APLN RECD | |
| ******** | PENDING ACTION: LAS VEGAS DISTRICT | | |
| 8/18/1988 | 347 | FILING FEE RECEIVED | $15; |
| 8/18/1988 | 392 | MONIES RECEIVED | $20; |

---

GENERAL REMARKS

01 DLE

RECORDER'S MEMO
POSSIBLE POOR RECORD DUE TO
QUALITY OF ORIGINAL DOCUMENT

43 C.F.R. 1862.6

6

11

Case: 26-6288, 11/12/2026, DktEntry: 13.1, (54 of 139)

Title 43 of the Code of Federal Regulations

**§ 1862.5 - Suits to vacate and annul patents.**(a) Suits to vacate and annul patents shall only be brought within 6 years after the date of the issue of such patents (26 Stat. 1093; 43 U.S.C. 1166).
IN CASES OF FRAUD, THE STATUTE HAS BEEN CONSTRUED NOT TO COMMENCE TO RUN "UNTIL DISCOVERY OF THE FRAUD." *EXPLORATION CO., LIMITED, ET AL. V. UNITED STATES* (247 U.S. 435, 62 L. ED. 1200).

**§ 1862.6 - Patent to issue after 2 years from date of manager's final receipt.**
(a) The decision of the Supreme Court of the United States in Thomas J. Stockley et al.. appellants, v. the United States, decided January 2, 1923 (260 U.S. 532, 67 L. ed. 390) holds that after the lapse of 2 years from the date of the issuance of the "receiver's receipt" 1 upon the final entry of any tract of land under the homestead, or desert-land laws, such entry, entitled to patent under the proviso to section 7 of the Act of March 3, 1891 (26 Stat. 1098; 43 U.S.C. 1165), regardless of whether or not the manager's final certificate has issued.

---

**Footnote(s):**1 The receipts formerly issued by the receivers are now issued by the managers.

---

(b) The Supreme Court of the United States in Payne v. U.S. ex rel. Newton (255 U.S. 438, 65 L. ed. 720), decided that Newton was entitled to a patent on his homestead entry under the proviso to section 7 of the Act of March 3, 1891, 2 years having elapsed from the date of the issuance of the receiver's final receipt upon final entry, and there being no contest or protest pending against the validity of the entry, but stated that the purpose of the statute was:
TO REQUIRE THAT THE RIGHT TO A PATENT WHICH FOR 2 YEARS HAS BEEN EVIDENCED BY A RECEIVER'S RECEIPT, AND AT THE END OF THAT PERIOD STANDS UNCHALLENGED, SHALL BE RECOGNIZED AND GIVEN EFFECT BY THE ISSUE OF THE PATENT WITHOUT FURTHER WAITING OR DELAY, AND THUS TO TRANSFER FROM THE LAND OFFICERS TO THE REGULAR JUDICIAL TRIBUNALS THE AUTHORITY TO DEAL WITH ANY SUBSEQUENT CONTROVERSY OVER THE VALIDITY OF THE ENTRY, AS WOULD BE THE CASE IF THE PATENT WERE ISSUED IN THE ABSENCE OF THE STATUTE.

***

[Under Nevada law NRS 40.010, where the land is located]

NRS 40.010 - Actions may be brought against adverse claimants. An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim.
[1911 CPA § 572; RL § 5514; NCL § 9061]



On 11/03/1996, Bobby L. Franklin was severely beaten at Don Laughlin's Riverside Hotel & Casino parking lot, by his security guards and the Laughlin police. For risk of his life, Franklin fled to Florida.



On 02/15/1997, while Franklin was recuperating from the beating, The Laughlin police broke into Franklin's fenced 80 acre estate and pillaged and destroyed everything there, all without any warrant to do so.

Case: 26-6288, 11/12/2026, DktEntry: 13.1, (57 of 139)

"EXHIBIT 2"

[redacted]

Requestor:
[illegible]
[illegible] [illegible]
Book/Instr: [illegible]
Patent Deed Page Count: [illegible]
Fees: [illegible] N/C Fee: [illegible]
RPTT: [illegible]

Frances Deane
Clark County Recorder

A.P.N.: 264-16-000-004

**Return to:**
Don Laughlin's Riverside Resort Hotel & Casino
P.O.B. 500 1650 S. Casino Drive
Laughlin, NV 89029
Attn: Jeffrey N. Chester, Esq.

**PATENT**

This page added to provide additional information required by NRS 111.312 Sections 1-2 (Additional recording fee applies).

This cover page must be typed or printed clearly in black ink only.

BWD0020

Form 1860-9
(January 1988)

# The United States of America

To all to whom these presents shall come, Greeting:

## Patent

N-78903

WHEREAS

D. J. Laughlin

is entitled to a land patent pursuant to Section 203 and Section 209 of the Act of October 21, 1976 (43 U.S.C. 1713 and 1719, respectively), as amended, for the following described land:

Mount Diablo Meridian, Nevada

T. 32 S., R. 66 E.,
sec. 16, SW¼SE¼.

Containing 40 acres, more or less.

NOW KNOW YE, that there is, therefore, granted by the UNITED STATES OF AMERICA, unto D. J. Laughlin, the land described above; TO HAVE AND TO HOLD the said land with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto D. J. Laughlin, his successors and assigns, forever; and

EXCEPTING AND RESERVING TO THE UNITED STATES:

1. A right-of-way for ditches or canals by the authority of the United States pursuant to the Act of August 30, 1890 (43 U.S.C. 945); and

2. All discretionary leasable and saleable mineral deposits are reserved to the United States on the lands in Clark County; but, permittees, licensees, and lessees retain the right to prospect for, mine, and remove such minerals owned by the United States under applicable law and any regulations that the Secretary of the Interior may prescribe, including all necessary access and exit rights.

SUBJECT TO:

1. Valid existing rights;

2. Rights-of-way N-50181 and N-59036 for road purposes granted to Clark County, its successors or assigns, pursuant to the Act of October 21, 1976 (43 U.S.C. 1761);

Patent Number 27-2006-0069

BWD0021

Form 1860-9
(January 1988)

# The United States of America

To all to whom these presents shall come, Greeting:

## Patent

N-78933

WHEREAS

D. J. Laughlin

is entitled to a land patent pursuant to Section 203 and Section 209 of the Act of October 21, 1976 (43 U.S.C. 1713 and 1719, respectively), as amended, for the following described land:

Mount Diablo Meridian, Nevada

T. 32 S., R. 66 E.,
sec. 16, E½SE¼SE¼.

Containing 20 acres, more or less.

NOW KNOW YE, that there is, therefore, granted by the UNITED STATES OF AMERICA, unto D. J. Laughlin, the land described above; TO HAVE AND TO HOLD the said land with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto D. J. Laughlin, his successors and assigns, forever; and

EXCEPTING AND RESERVING TO THE UNITED STATES:

1. A right-of-way for ditches or canals by the authority of the United States pursuant to the Act of August 30, 1890 (43 U.S.C. 945); and

2. All discretionary leasable and saleable mineral deposits are reserved to the United States on the lands in Clark County; but, permittees, licensees, and lessees retain the right to prospect for, mine, and remove such minerals owned by the United States under applicable law and any regulations that the Secretary of the Interior may prescribe, including all necessary access and exit rights.

SUBJECT TO:

1. Valid existing rights;

2. Right-of-way N-50181 for road purposes granted to Clark County, its successors or assigns, pursuant to the Act of October 21, 1976 (43 U.S.C. 1761);

Patent Number 27-2006-0671 BWD0003

Form 1860-9
(January 1988)

# The United States of America

To all to whom these presents shall come, Greeting:

## Patent

N-78904

WHEREAS

D. J. Laughlin

is entitled to a land patent pursuant to Section 203 and Section 209 of the Act of October 21, 1976 (43 U.S.C. 1713 and 1719, respectively), as amended, for the following described land:

Mount Diablo Meridian, Nevada

T. 32 S., R. 66 E.,
sec. 16, W½SE¼SE¼.

Containing 20 acres, more or less.

NOW KNOW YE, that there is, therefore, granted by the UNITED STATES OF AMERICA, unto D. J. Laughlin, the land described above; TO HAVE AND TO HOLD the said land with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto D. J. Laughlin, his successors and assigns, forever; and

EXCEPTING AND RESERVING TO THE UNITED STATES:

1. A right-of-way for ditches or canals by the authority of the United States pursuant to the Act of August 30, 1890 (43 U.S.C. 945); and

2. All discretionary leasable and saleable mineral deposits are reserved to the United States on the lands in Clark County; but, permittees, licensees, and lessees retain the right to prospect for, mine, and remove such minerals owned by the United States under applicable law and any regulations that the Secretary of the Interior may prescribe, including all necessary access and exit rights.

SUBJECT TO:

1. Valid existing rights;

2. Right-of-way N-50181 for road purposes granted to Clark County, its successors or assigns, pursuant to the Act of October 21, 1976 (43 U.S.C. 1761);

Patent Number 27-2006-0076

BWD0012

"EXHIBIT 1(a)"

Appeals

Office of Hearings and

Share

# About the Interior Board of Land Appeals

The Interior Board of Land Appeals (IBLA) is an appellate review body that exercises the delegated authority of the Secretary of the Interior to issue final decisions for the Department of the Interior. Its administrative judges decide appeals from bureau decisions relating to the use and disposition of public lands and their resources, mineral resources on the Outer Continental Shelf, and the conduct of surface coal mining operations under the Surface Mining Control and Reclamation Act. Located within the Department's Office of Hearings and Appeals, IBLA is separate and independent from the Bureaus and Offices whose decisions it reviews.

IBLA has the authority to consider the following types of cases:

- Appeals from a variety of decisions of the Bureau of Land Management, including but not limited to decisions regarding mining, grazing, energy development, royalty management, timber harvesting, wildfire management, recreation, wild horse and burro management, cadastral surveys, Alaska land conveyances, rights of way, land exchanges, and trespass actions;
- Appeals from decisions of the Office of Natural Resources Revenue and the Deputy Assistant Secretary - Natural Resources Revenue regarding royalty management;

Page 1 of 5

- Appeals from decisions of the Bureau of Ocean Energy Management and the Bureau of Safety and Environmental Enforcement;
- Appeals from decisions of the Bureau of Indian Affairs regarding minerals management on Indian lands;
- Appeals from decisions of the Office of Surface Mining Reclamation and Enforcement regarding surface coal mining operations; and
- Appeals from decisions of administrative law judges in OHA's Departmental Cases Hearings Division.

IBLA is headed by a Chief Administrative Judge. IBLA's decisions are final for the Department and may be reviewed by the United States district courts.

## Contact Information

Interior Board of Land Appeals
Office of Hearings and Appeals
U.S. Department of the Interior
801 N. Quincy Street, Suite 300
Arlington, VA 22203

703-235-3750 (voice)
703-235-8349 (facsimile)
Email Us

Page 2 of 5

DESERT LAND ENTRY--Continued

LANDS SUBJECT TO--Continued

BLM properly rejects a desert land entry application where, at the time the application was filed, the land sought had already been effectually reclaimed by conducting water to the land in sufficient quantity so as to render it available for irrigation of the land; where, at some time in the past, one-eighth of the land had been cultivated using that irrigation system; and where the entryman fails to establish that the land has reverted to an unreclaimed state by deterioration of that system.

Nathan F. Gardiner, 114 IBLA 380 (May 24, 1990)

A decision rejecting a desert land entry application on the ground that the land is appropriated by unpatented mining claims will be reversed where a final certificate of mineral entry has not been issued for the land at the time the desert land entry application was filed.

Bobby L. Franklin, 116 IBLA 29 (Aug. 27, 1990)

WATER SUPPLY

An irrigation plan that would transfer an existing water license from private farmland which has been subdivided for residential use in order to irrigate a desert land entry does not comply with provision of the Desert Land Entry Act requiring that an entryman provide a permanent and sufficient source of water to the desert entry.

When the Department reviews an irrigation plan pursuant to 43 U.S.C. § 327 (1982), it may consider whether a plan of irrigation is speculative and may

STATE BAR OF NEVADA

May 6, 2021

Bobby Franklin
2451 N. Rainbow Boulevard, Unit 2037
Las Vegas, NV 89108

VIA EMAIL: dlepatent@hotmail.com

Re: Grievance / William Urga, Esq.
Reference No. OBC21-0478

Dear Mr. Franklin:

The Office of Bar Counsel has considered your latest grievance to the State Bar of Nevada regarding attorney William Urga, who was the opposing counsel in your civil matters.

It has been determined that our office cannot proceed based upon court records – including pleadings and orders filed in the Eighth Judicial District Court, Nevada Supreme Court, and United States District Court – and the information received in these matters.

In this situation, there currently is not sufficient objective evidence to meet the necessary evidentiary standard and, therefore, we cannot move forward. No further action will be taken in these matters at this time.

The decision by our office does not affect any civil remedies which you might pursue.

Sincerely,

*Phillip J. Pattee*

Phillip J. Pattee
Assistant Bar Counsel

STATE BAR OF NEVADA 1928

3100 W. Charleston Blvd.
Suite 100
Las Vegas, NV 89102
phone 702.382.2200
toll free 800.254.2797
fax 702.385.2878

9456 Double R Blvd., Ste. B
Reno, NV 89521-5977
phone 775.329.4100
fax 775.329.0522

www.nvbar.org

PX1

Page 4 of 5

FILED ENTERED RECEIVED SERVED ON
COUNSEL/PARTIES OF RECORD
AUG - 4 2021
CLERK US DISTRICT COURT DISTRICT OF NEVADA
BY: DEPUTY

[original]

**UNITED STATES DISTRICT COURT**

**DISTRICT COURT OF NEVADA**

BOBBY LEN FRANKLIN, an individual, dba DAYDREAM LAND & SYSTEMS DEVELOPMENT COMPANY,
Defendant,

v.

Plaintiffs' lead Attorney WILLIAM R. URGA, dba Jolley Urga Woodbury Holthus & Rose,
Respondents.

Case No.: 2:06-CV-01499-RCJ-PAL

In re: Franklin's *stare decisis* First Title patent rights concealed from evidence done by, Fraud on the Court by Omitting the Evidence

**MOTION - TO COMPEL DISCOVERY THAT WAS OMITTED; TO FILE THE THREE EXHIBITS AS EVIDENCE; AND, TO COMPEL ATTORNEY URGA TO ANSWER INTERROGATORIES**

Pursuant to FRCP 37(a), in accordance with FRCP 33 defendant Bobby Len Franklin "Franklin" moves this Court to compel the plaintiffs' lead attorney William R. Urga to answer the questions in the attached Notice of Interrogatories that were sent to him in May 2021 by certified mail, subject to a [later] motion to be filed to set aside the permanent injunction order and judgment obtained by the alleged fraud on the court(s) under FRCP 60(d)(1) and (3).

The plaintiffs in this Case will not be served this motion in observance to Judge Sandoval's permanent injunction order 111 that he issued on 09/29/2008, which did not mention or address, and yet conceals Franklin's *stare decisis* First Title patent rights on the 80 acres in "Exhibit 1".

A Memorandum of Points and Authorities; Affidavit; Notice of Interrogatories; Certification; Courtesy Letter; Proposed Order; Proof of Service; and, the three Exhibits are attached herewith.

Respectfully submitted by:

Bobby L. Franklin
BOBBY L. FRANKLIN [*pro se*]
Desert Land Entryman N-49548
2451 N. Rainbow Blvd. #2037
Las Vegas, NV. 89108
830-822-4791

08/03/2021
Dated

Case 2:24-cv-00903-GMN-DJA Document 28-1 Filed 07/01/24 Page 27 of 32

"Exhibit 1(b)"

Mr. Bob L. Franklin protested the proposed land swap between the Bureau of Land Management, the Colorado River Commission and Clark County. He claimed to be the legal owner of 80 acres of land in Section 16. Mr. Franklin said that the BLM and Clark County were without authority to take any further action regarding his land. He accused Clark County and the BLM of stealing his land and water rights and said that it would be heard in federal court.

Mr. Mike Cool, the Laughlin Town Manager, responding to Mr. Franklin's allegations, stated that the BLM had advised Clark County of the pending claim against 80 acres of the Section 16 land. In discussions with CRC staff and Clark County, BLM advised there were certain procedures it had to follow to rectify that issue. Mr. Cool stated that Clark County would not encourage the proposed exchange to include the disputed 80 acres until such time as that issue is settled.

Mr. Cool continued, reporting that BLM staff has indicated that the exchange process could take two to three years to complete. The Clark County Sanitation District is in the process of expanding and upgrading its sewage capacity in Laughlin, and the district estimates it will be in the pre-sale mode later this Fall. It is anticipated that the plant will be operational in a little over a year and the county would like to have the sewer and water capacity available to build more residential areas in a combined master plan approach. He said that the CRC and Clark County staffs have been approached by developers in the area to investigate opening up areas for future development that are less expensive and closer to Laughlin's sewer and water.

Mr. Winckler asked Mr. Cool about recent publicity surrounding the possibility of an airport in Laughlin and, if it should happen, whether or not the location would be on the CRC's land in Laughlin-south and would it then open up that whole area to development.

Mr. Cool replied that Clark County, at the request of the Mohave County Airport Authority, has been working with the Laughlin-Bullhead City Airport staff to explore the expansion of the existing airport. He said that anyone familiar with that airport is aware of the difficulty of flying into it because of the heat, weight loads and the hilltops in the area. In looking at the airport expansion as well as other alternatives, including the CRC's land which is due west of the Ft. Mojave Indian Reservation, that land would be the preferred site if an airport was to be built in Nevada. The McCarran Airport staff has a master plan on file which was done by Peat Marwick some years ago that calls for the development of an 11,000 foot jetport runway at that site. He said that Assembly Bill 726 currently going through the State Legislature calls for Laughlin room tax money to expand the airport on the Arizona side of the river. The Assembly has passed the bill and it is currently in hearing before the Senate Government Affairs Committee. If the bill successfully passes, the intent is to put money into the existing Laughlin-Bullhead City Airport with the idea that, in the long-term, an jetport may be developed on the Nevada side.





Page 1

CLE 043

"Exhibit 4"

(8)

STATE OF NEVADA

OFFICE OF THE ATTORNEY GENERAL

COLORADO RIVER COMMISSION DIVISION
555 E. Washington Avenue, Suite 3100
Las Vegas, Nevada 89101
(702) 486-2670
Fax: (702) 486-2695

FRANKIE SUE DEL PAPA
Attorney General

GERALD A. LOPEZ
Deputy Attorney General

Deputy Attorney General

August 9, 1999

Mr. Bobby L. Franklin
N-49548
301 Stewart Avenue
Las Vegas, Nevada 89101

Dear Mr. Franklin:

On August 6, 1999, you asked for a copy of any conveyance documents between the Colorado River Commission and Mr. Robert Biltray relative to sections 24 and 28, Township 32 South, Range 66 East, Mount Diablo Meridian. As I explained in your telephone call to me this morning, the only conveyances by the commission relative to those sections were to Rio Alta Vista Properties (government lots in fractional section 24) and to Colorado River Properties, Inc. (section 28). Copies of the grant deeds are enclosed. If I can be of further assistance, please let me know.

Cordially,

Gerald A. López
Senior Deputy Attorney General

Enclosures
GAL

page 1

DLE 047

-"Count 5-7ab" "Exhibit 7" -

(12)

20030829
.03692

CLARK COUNTY, NEVADA
FRANCES DEANE, RECORDER
RECORDED AT THE REQUEST OF:
UNITED TITLE OF NEVADA

08-29-2003 14:06 SUO
OFFICIAL RECORDS
BOOK/INSTR:20030829-03692
PAGE COUNT: 2
FEE: 15.00
RPTT: 4,250.00

APN: 264-28-601-001
Affix R.P.T.T. $4,250.00
WHEN RECORDED MAIL TO and MAIL TAX STATEMENT TO:

Davidsohn Realty Corporation
c/o Rosenfeld & Money LLP
3800 Howard Hughes Pkwy #650
Las Vegas, NV 89109

19 (2)

ESCROW NO: 03901576-027-FB

# GRANT, BARGAIN, SALE DEED

THIS INDENTURE WITNESSETH: That
Robert P. Bilbray Trust dated 11/14/01, Robert P. Bilbray, Trustee

in consideration of $10.00 and other valuable consideration, the receipt of which is hereby acknowledged, do hereby Grant, Bargain, Sell and Convey to ($10 transfer is legally a GIFT)

Davidsohn Realty Corp., a Delaware corporation

all that real property situated in the County of Clark, State of Nevada, bounded and described as follows:

That portion of the Northeast Quarter (NE ¼) of Section 28, Township 32 South, Range 66 East, M.D.B & M., described as follows:
Lot Three (3) of that certain Parcel Map on file in File 61, Page 6, in the Office of the County Recorder of Clark County, Nevada.

Subject to:
1. Taxes for the current fiscal year, paid current.
2. Conditions, covenants, restrictions, reservations, rights, rights of way and easements now of record, if any.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

Witness my/our hand(s) on the 26th day of August, 2003

SELLERS:
Robert P. Bilbray Trust dated 11/14/01

[signature] Trustee
By: Robert P. Bilbray, Trustee

Bilbray (1 - 2 of 2) ~ bilbray Las Vegas NV ~ Simple Search ~ MSN Yellow Pages: Yell... Page 1 of 1

DLE 052

Bilbray James Attorney
3800 Howard Hughes Parkway, Las Vegas, NV 89109
(702) 792-7000
phone | map

"Exhibit 9" page 1 of 1

(3)

(13)

20030129
.03602

# State of Nevada

## Declaration of Value

1. Assessor's Parcel Number(s)

a) 264-22-601-001

b)

c)

d)

2. Type of Property:

| | |
|---|---|
| a) [X] Vacant Land | b) [ ] Single Fam. Res. |
| c) [ ] Condo/Twnhse | d) [ ] 2-4 Plex |
| e) [ ] Apt. Bldg. | f) [ ] Comm'l/Ind'l |
| g) [ ] Agricultural | h) [ ] Mobile Home |
| i) [ ] Other________ | |

**FOR RECORDER'S OPTIONAL USE ONLY**
Document/Instrument #:________
Book:________ Page:________
Date of Recording:________
Notes:

3. Total Value/Sales Price of Property: $1,700,000.00
Deed in Lieu of Foreclosure Only (value of property): ( )
Transfer Tax Value: $1,700,000.00
Real Property Transfer Tax Due: $4,250.00

4. If Exemption Claimed:
   a. Transfer Tax Exemption, per NRS 375.090, Section: _____
   b. Explain Reason for Exemption: ____

5. Partial Interest: Percentage being transferred: ___%

---

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature [signature] Capacity TRUSTEE

Signature________ Capacity________

| SELLER (GRANTOR) INFORMATION (REQUIRED) | BUYER (GRANTEE) INFORMATION (REQUIRED) |
|---|---|
| Print Name: [illegible] | Print Name: Davidson Realty Corporation |
| Address: 1631 Cal Edison Dr. #A-1 | Address: c/o Rosenfeld & Money |
| City, State, Zip: Laughlin, NV 89029 | City, State, Zip: 3800 Howard Hughes Pkwy. #650, Las Vegas, NV 89109 |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**

Print Name: United Title of Nevada
Address: P.O. Box 70480
City/State/Zip: Las Vegas, Nevada 89170-0480

Escrow #:00901576-027

(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/ MICROFILMED)

3692

DLE 053

(4)

~~page 2 of 4~~

| Party | Name | CrossParty | NumberO | Instrumer | DocTypeD | Comment | RecordDa | ParcelNur | DocLegalD | Consideration |
|---|---|---|---|---|---|---|---|---|---|---|
| From | BILBRAY, I | BILBRAY, I | 4 | 2.02E+14 | DEED | | ######## | 264-21-110-030 | | 0 |
| From | BILBRAY, ROBERT | | 1 | 2.01E+14 | HOMESTEAD | | ######## | 264-21-11( | APN 264-2 | 0 |
| To | BILBRAY, I | DR HORTC | 3 | 2.01E+14 | DEED | | ######## | 264-21-11( | APN 264-2 | 352230 |
| From | BILBRAY, I | R 66E T 32! | 2 | 2E+14 | SURVEY | | ######## | | | 0 |
| From | BILBRAY, I | STEWART | 1 | 1.99E+14 | SUBSTITUTION/RECC | | ######## | | | 0 |
| From | BILBRAY, I | BILBRAY, \ | 2 | 2.01E+14 | REQUEST NOTICE | | ######## | 264-28-210-143 | | 0 |
| From | BILBRAY, I | BILBRAY C | 1 | 2.01E+14 | ASSIGNMENT | | ######## | 264-28-210-143 | | 0 |
| From | BILBRAY, I | BILBRAY, I | 3 | 2.01E+14 | REQUEST NOTICE | | ######## | 264-28-210-143 | | 0 |
| To | BILBRAY, I | BILBRAY, I | 3 | 2.01E+14 | REQUEST NOTICE | | ######## | 264-28-210-143 | | 0 |
| To | BILBRAY, I | CLUTE, MA | 1 | 2.01E+14 | ASSIGNMENT | | ######## | 264-28-21( | APN 264-2 | 0 |
| From | BILBRAY, I | ROBERT P | 3 | 2E+14 | DEED | | ######## | 264-28-41: | APN 264-2 | 0 |
| From | BILBRAY, I | ROBERT P | 3 | 2E+14 | DEED | | ######## | 264-28-60: | APN 264-2 | 0 |
| To | BILBRAY, I | CIANFRIN | 3 | 2E+14 | EASEMENT | | ######## | 264-28-31( | APN 264-2 | 0 |
| To | BILBRAY, I | CLARK CO | 1 | 2E+14 | EASEMENT | | ######## | 264-28-60: | APN 264-2 | 0 |
| From | BILBRAY, I | NONE SHC | 1 | 2E+14 | SUBSTITUTION/RECC | | ######## | | | 0 |
| From | BILBRAY, I | TO WHOM | 1 | 2E+14 | HOMESTEAD | | ######## | | | 0 |
| From | BILBRAY, I | CLARK CO | 5 | 2E+14 | EASEMENT | | ######## | | | 0 |
| From | BILBRAY, I | CLARK CO | 5 | 2E+14 | EASEMENT | | ######## | | | 0 |
| To | BILBRAY, I | REAL ESTA | 5 | 2E+14 | DEED | | ######## | 264-28-60: | APN 264-2 | 300000 |
| From | BILBRAY, I | NONE SHC | 2 | 2E+14 | RECONVE' | Partial | ######## | | | 0 |
| To | BILBRAY, I | BILBRAY, I | 1 | 2E+14 | SUBSTITU' | Trustee | ######## | | | 0 |
| From | BILBRAY, I | STEWART | 1 | 2E+14 | SUBSTITU' | Trustee | ######## | | | 0 |
| From | BILBRAY, I | STEWART | 1 | 2E+14 | SUBSTITU' | Trustee | ######## | | | 0 |
| To | BILBRAY, I | SOUTH PC | 4 | 1.99E+14 | DEED OF TRUST | | ######## | | | 0 |
| From | BILBRAY, I | RICE, NOR | 2 | 1.99E+14 | MISCELLAI | Accept | ######## | | | 0 |
| From | BILBRAY, I | FIRST TRU | 1 | 1.99E+14 | MORTGAC | Assign | ######## | | | 0 |
| To | BILBRAY, I | LAND TITL | 1 | 1.99E+14 | RECONVEYANCE | | ######## | | | 0 |
| From | BILBRAY, I | HOLT, JAN | 2 | 1.99E+14 | JUDGMENT | | ######## | | | 0 |
| From | BILBRAY, I | PRUDENTI | 10 | 1.99E+14 | DEED OF TRUST | | ######## | | | 0 |
| To | BILBRAY, I | LAUGHLIN | 3 | 1.99E+14 | DEED OF TRUST | | ######## | | | 0 |
| From | BILBRAY, I | DIRECTOR | 1 | 1.99E+14 | REQUEST NOTICE | | ######## | | | 0 |
| From | BILBRAY, I | LAUGHLIN | 1 | 1.99E+14 | DEED | | ######## | 264-28-31( | APN 264-2 | 250000 |
| To | BILBRAY, I | RB PROPE | 1 | 1.99E+14 | DEED | | ######## | 264-28-31( | APN 264-2 | 250000 |
| From | BILBRAY, I | RB PROPE | 1 | 1.99E+14 | DEED | | ######## | | | 0 |
| To | BILBRAY, I | BILBRAY, 1 | 1 | 1.99E+14 | DEED | | ######## | | | 0 |
| To | BILBRAY, I | MERABAN | 1 | 1.99E+14 | RECONVEYANCE | | ######## | | | 0 |
| From | BILBRAY, I | STEWART | 2 | 1.99E+14 | SUBSTITU' | Trustee | ######## | | | 0 |
| To | BILBRAY, I | NEFF, ROE | 2 | 1.99E+14 | JUDGMENT | | ######## | | | 0 |
| From | BILBRAY, I | PRUDENTI | 1 | 1.99E+14 | DEED OF T | Assign | ######## | | | 0 |
| From | BILBRAY, I | VALLEY MI | 10 | 1.99E+14 | DEED OF TRUST | | ######## | | | 0 |
| From | BILBRAY, I | BILBRAY, I | 1 | 1.99E+14 | DEED | | ######## | | | 0 |
| To | BILBRAY, I | BILBRAY, I | 1 | 1.99E+14 | DEED | | ######## | | | 0 |
| To | BILBRAY, I | COLORAD | 2 | 1.99E+14 | DEED | | ######## | | | 0 |
| From | BILBRAY, I | NONE SHC | 1 | 1.99E+14 | NOTICE | Completic | ######## | | ADD 2303 | 0 |
| To | BILBRAY, I | FIRST WES | 2 | 1.99E+14 | RECONVEYANCE | | ######## | | | 0 |
| To | BILBRAY, I | RB PROPE | 3 | 1.99E+14 | LIEN | | ######## | | | 0 |
| To | BILBRAY, I | HOME TRU | 2 | 1.99E+14 | RECONVEYANCE | | ######## | | | 0 |
| To | BILBRAY, I | STEWART | 1 | 1.99E+14 | RECONVEYANCE | | ######## | | | 0 |
| From | BILBRAY, I | BRANNUN | 4 | 2.02E+14 | DEED | | ######## | 264-28-610-018 | | 140000 |
| To | BILBRAY, I | BILBRAY, I | 4 | 2.02E+14 | DEED | | ######## | 264-21-110-030 | | 0 |
| To | BILBRAY, I | BILBRAY, S | 4 | 2.02E+14 | DEED | | ######## | 264-21-110-030 | | 127500 |
| To | BILBRAY, I | HOPPE, LC | 5 | 2.02E+14 | DEED | | ######## | 264-28-610-018 | | 75000 |

Case: 26-6288, 11/12/2026, DktEntry: 13.1, (74 of 139)

# "Exhibit 1(c)"



In 1990, a picture of my dependent 13-year old daughter
Rhonda Jean Franklin
When the Laughlin Justice of the Peace Billy Moma
(aka a mining claimant in Laughlin) ordered her
And my 11-year old son as wards of Arizona.
She was trafficked across the country for 17 years.
aka - Kidnapping

Page 1

# "Exhibit 3"

I CERTIFY THIS PAGE BEARING THE BUREAU OF LAND MANAGEMENT SEAL IS A TRUE COPY OF A DOCUMENT ON FILE IN THE DISTRICT OFFICE, LAS VEGAS, NEVADA.
DATE: 3-14-2008 Deanna Andrsa
CERTIFYING OFFICER

N-49548
2520
(NV-054)

CERTIFIED MAIL NO. 13963
RETURN RECEIPT REQUESTED

OCT 25 1993

DECISION

Mr. Bobby L. Franklin : Desert Land Entry
5036 Royal Avenue :
Las Vegas, NV 89103 :

APPLICATION REJECTED

Your appeal of a Bureau of Land Management (BLM) decision dated October 13, 1988, rejecting your Desert Land Entry (DLE) application was decided upon by the Interior Board of Land Appeals (IBLA) on August 27, 1990. The IBLA reversed and remanded the BLM decision, instructing the BLM to "reconsider appellant's application and determine whether the land should be classified as open to DLE."

In accordance with the IBLA instructions a mineral report was completed concerning the SE¼ of section 16, T. 32 S., R. 66 E., MDM. The findings, as stated in the mineral report, are that the land is "considered mineral in character because of the presence of mineral materials namely sand and gravel."

Inasmuch as the lands for which you applied have been determined to be mineral in character, in accordance with 43 CFR § 2520.0-8(a), the lands are not subject to entry as desert land. Therefore, your Desert Land Entry application is hereby rejected in full.

This decision may be appealed to the Interior Board of Land Appeals, Office of the Secretary, in accordance with the regulations contained in 43 CFR, Part 4 and the enclosed Form 1842-1. If an appeal is taken, your notice of appeal must be filed in this office (at the above address) within 30 days from receipt of this decision. The appellant has the burden of showing that the decision appealed from is in error.

If you wish to file a petition (pursuant to regulation 43 CFR 4.21 (58 FR 4939, January 19, 1993)) (request) for a stay (suspension) of the effectiveness of this decision during the time that your appeal is being reviewed by the Board, the petition for a stay must accompany your notice of appeal. A petition for a stay is required to show sufficient justification

based on the standards listed below. Copies of the notice of appeal and petition for a stay must also be submitted to each party named in this decision and to the Interior Board of Land Appeals and to the appropriate Office of the Solicitor (see 43 CFR 4.413) at the same time the original documents are filed with this office. If you request a stay, you have the burden of proof to demonstrate that a stay should be granted.

Standards for Obtaining a Stay

Except as otherwise provided by law or other pertinent regulation, a petition for a stay of a decision pending appeal shall show sufficient justification based on the following standards:

(1) The relative harm to the parties if the stay is granted or denied,

(2) The likelihood of the appellant's success on the merits,

(3) The likelihood of immediate and irreparable harm if the stay is not granted, and

(4) Whether the public interest favors granting the stay.

Please contact Larry Sip of this office at (702) 647-5000 if you have any questions concerning this decision.

GARY RYAN

Gary Ryan
Acting District Manager

1 Enclosure
1. Form 1842-1

LS 10/22/93
N-49548D.CSN

I CERTIFY THIS PAGE BEARING THE BUREAU OF LAND MANAGEMENT SEAL IS A TRUE COPY OF A DOCUMENT ON FILE IN THE DISTRICT OFFICE, LAS VEGAS, NEVADA.
DATE: 3-14-2008 Deanna Andrle
CERTIFYING OFFICER

Page 2

Ex 2 (12)

FILED / ENTERED / RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD
DEC - 2 2024
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

Bobby L. Franklin (*pro se*)
Desert Land Entryman N-49548
2451 N Rainbow Blvd. Unit 2037
Las Vegas, NV 89108
830-822-4791
dlepatent@hotmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT COURT OF NEVADA**

BOBBY LEN FRANKLIN, an individual, dba DAYDREAM LAND & SYSTEMS DEVELOPMENT COMPANY,

*Plaintiff*

v.

CLARK COUNTY, TOWN OF LAUGHIN, DON LAUGHLIN'S RIVERSIDE RESORT HOTEL AND CASINO, dba BWD PROPERTIES 2, LLC, BWD PROPERTIES 3, LLC, BWD PROPERTIES 4, LLC, LEAD ATTORNEY WILLIAM R. URGA, UNITED STATES OF AMERICA,

*Defendants*

Case No.: 2:24-cv-00903-GMN-DJA

**Nevada Local Rule 16-1(a)**
**Request for Scheduling Order**

Pursuant to LR 16-1(a), "In cases where a discovery plan is required, the court must approve, disapprove, or modify the discovery plan and enter the scheduling order within 30 days from the date the discovery plan is submitted."

In accordance with LR 16-1(c)(1), Franklin again request the Court to review *Bobby L. Franklin*, 116 IBLA 29 (1990), which is the final administrative decision of the Department of Interior that "reversed" the BLM "mineral in character" claim against Franklin's lawfully entered 80 acre estate on federal public lands and his Desert-Land Entry ("DLE") patent rights on it. See, ECF 28-1, pp 4-6 in yellow highlights; or, see all of "Exhibit 1" therein.

A Memorandum of Points and Authorities is attached herewith.

## Memorandum of Points and Authorities

Again on 6/5/2024 in ECF 17, Defendant and attorney Urga for his named clients filed their JOINDER to 7 Motion to Dismiss, that falsely stated that the IBLA '**remanded the matter back to the BLM for further findings whether the Property was *mineral in character***', while he knew that the BLM 'mineral in character' claim was finally '**reversed**' in IBLA appellate court in *Bobby L. Franklin*, 116 IBLA 29 (1990). See, page 2, lines 14-15 of Mr. Urga's Joinder.

Again on 6/12/2024 in ECF 18 Response, Franklin reported to this Court that that is the same fraud Mr. Urga claimed in the past courts, and that '**IBLA's decisions are final for the Department and may be reviewed by the United States district courts**.' See, ECF 28-1, Exhibit 1(a), pp1-2.

Again on 6/17/2024 in ECF 20, Franklin filed a FRCP 26(a)(1)(B)(i) motion to review the final Interior decision in *Bobby L. Franklin*, 116 IBLA 29 (1990), and that motion is not yet ruled on or decided under LR 16-1(c)(1). See, ECF 28-1, pp 4-6, Exhibit 1 in yellow highlights.

Again on 6/18/2024 in ECF 21 Reply, p2 lines 22-24, Mr. Urga went further with his corruption by stating in bold and capital letters that '**PLAINTIFF FALSELY CLAIMS THAT THE IBLA 1990 OPINION IS A FINAL DECISION BY THE IBLA AND MAY NOT BE REVIEWED BY THE DISTRICT COURTS.**' While the newly discovered IBLA website itself reads that '**IBLA's decisions are final for the Department and may be reviewed by the United States district courts.**' In Mr. Urga's attached Exhibits from the past courts, he defrauded Franklin's Desert-Land Entry patent rights with his same quoted corruption that he quoted in this Court, that transferred Franklin's Desert-Land patent rights to his BWD LLC shell company(s) clients that Don Laughlin created, by him again falsely stating that *Bobby L. Franklin*, 116 IBLA 29 (1990) is not a final decision, and may not be reviewed by the courts.

Franklin requested admission to Mr. Urga's fraud on the courts and requested very severe sanctions against Defendant Urga, which has not been ruled on or decided yet by this Court.

As of today, none of the above filings have been ruled on or decided, and discovery has been unreasonably delayed, because of Mr. Urga's alleged frauds on the courts stated above.

On 7/30/2024, Judge Albregts denied leave of Court to issue the Initial Scheduling Order.

In August, Franklin was in 2 hospitals, received a colon operation and was released in late October, without any new docket notices from Pacer or this Court to this date.

On 11/25/2024, Franklin and all attorneys conducted the recorded the FRCP 26(f) Case Conference on Zoom, where the "2 major issues" were not opposed or objected to on Mr. Urga's undisputed "fraud upon the past courts" and his admitted "fraud on this Court".

On 12/2/2024, Plaintiff's Initial Disclosures and Report outlining Discovery Plan was filed.

## I. Conclusion

Based on the foregoing, Plaintiff Franklin believes that each Defendant attorney should respond in answer to Mr. Urga's quoted frauds on the courts to defraud Franklin out of his Desert-Land patent rights on his lawfully entered 80 acre estate on federal public lands.

## II. Relief Requested

This Court should enter and issue the LR 16-1(a) Scheduling Order to all the parties.

Respectfully submitted by,

Bobby L. Franklin ______________ 12/01/2024

BOBBY L. FRANKLIN (*pro se*)
Desert Land Entryman N-49548
2451 N. Rainbow Blvd. Unit 2037
Las Vegas, NV. 89108
830-822-4791
dlepatent@hotmail.com

Dated

**STATEMENT OF SERVICE**

Plaintiff Franklin states that on the 2nd day of December, 2024, the below named and addressed attorneys for all of the Defendants were served this *Nevada Local Rule 16-1(a) Request for Scheduling Order* via the CM/ECF Pacer system.

Respectfully submitted by,

[signature] 12/01/2024

BOBBY L. FRANKLIN (*pro se*) Dated
Desert Land Entryman N-49548
2451 N. Rainbow Blvd. Unit 2037
Las Vegas, NV. 89108
830-822-4791
dlepatent@hotmail.com

cc:
William R. Urga, Esq.
HUTCHISON & STEFFEN, PLLC,
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Attorneys for Defendants Don Laughlin's Riverside Resort Hotel and Casino, and
LEAD ATTORNEY WILLIAM R. URGA.
wurga@hutchlegal.com

TIMOTHY ALLEN
Clark County Civil Deputy District Attorney
500 South Grand Central Pkwy. 5th Floor
Las Vegas, Nevada 89155-2215
Attorney for Clark County, Town of Laughlin
Timothy.allen@clarkcountydanv.gov

SUMMER A. JOHNSON
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
summer.johnson@usdoj.gov

FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
DEC - 2 2024
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: RJDG DEPUTY

Bobby L. Franklin (*pro se*)
Desert Land Entryman N-49548
2451 N Rainbow Blvd. Unit 2037
Las Vegas, NV 89108
830-822-4791
dlepatent@hotmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT COURT OF NEVADA**

BOBBY LEN FRANKLIN, an individual, dba DAYDREAM LAND & SYSTEMS DEVELOPMENT COMPANY,

*Plaintiff*

v.

CLARK COUNTY, TOWN OF LAUGHLIN, DON LAUGHLIN'S RIVERSIDE RESORT HOTEL AND CASINO, dba BWD PROPERTIES 2, LLC, BWD PROPERTIES 3, LLC, BWD PROPERTIES 4, LLC, LEAD ATTORNEY WILLIAM R. URGA, UNITED STATES OF AMERICA,

*Defendants*

Case No.: 2:24-cv-00903-GMN-DJA

**Plaintiff's Initial Disclosures and Report outlining Discovery Plan**

## I. Plaintiff's Initial Disclosures

Pursuant to Rule 26(a)(1)(A) and (C), Franklin discloses that his preteen son and daughter: **(i)** Robert Lee Franklin, 2451 N Rainbow Blvd. Unit 1041, Las Vegas, NV 89108, 210-367-4866, and Rhonda Franklin Staggs, 151 Denman Rd. Lubing, TX. 78648, 830-358-9652, were both kidnapped interstate for years by certain Clark County employees; and while they were kidnapped, Franklin was severely beaten on Don Laughlin's Hotel/Casino parking lot; Franklin's lawfully entered 80 acre estate was pillaged and 100% destroyed by the Clark County police in Laughlin without any warrant to do so; and, after and while the certain Defendants were swapping, transferring and selling multiple parcels of gov't public lands that they do not own.

Donna Franklin Lawrence, P.O. Box 1222, 4118 Woodland Trail, Pine, AZ. 85544, 928-951-0926 is also a witness very familiar in all the RICO events since its beginning.

The Defendant and lead attorney William R. Urga should be called as a hostile witness.

Since the beginning of the Defendants "racketeering activity" alleged, the certain named Defendants have been "tolling" such damages by corruptly fooling the past courts and this Court to believe that the BLM had legal authority to claim Franklin's lawfully entered 80 acres estate became "mineral in character" in late 1993, while all parties knew and should have known that the BLM 'mineral in character' claim was finally "reversed" in the BLM appellate court as published in *Bobby L. Franklin*, 116 IBLA 29 (1990), and that is one reason why Franklin filed this RICO action in this Court. See, the yellow highlighted Exhibit 1, pp 3-5, in ECF 28-1.

**(ii)** All documents are stored on Franklin's PC; in his diary website http://fedlaws.xyz; in his Proposed Amended Complaint in ECF 28 and the highlighted evidence on exhibit in ECF 28-1; and, in certain gov't records.

**(iii)** Computation of damages claimed are in the initial Complaint; in the ECF 28 Proposed Amended Complaint and the evidence in the exhibits in ECF 28-1; in Franklin's PC; and, in his website diary book http://fedlaws.xyz .

**(iv)** There is no insurance agreement or policy involved on the damages.

## II. Report outlining the Discovery Plan

On 11/25/2024 at 10:00 am, Franklin and all of the Defendants attorneys conducted a Zoom case conference, where Plaintiff Franklin began the meeting by stating he has "2 major issues" to read in this recorded meeting. He read the #1 major issue and asked the attorneys if he should read the #2 major issue. Nobody said yes, so Franklin told them that he will email each attorney a copy of the '2 major issues' on pdf, and all parties agreed, and is attached herewith.

The attorneys then asked Franklin *pro se* to agree to waive discovery until their Joinders to Dismiss were decided. Franklin disagreed and stated that discovery has been delayed and the discovery should move forward now, until the '2 major issues' are now decided by the Court.

Before the LR 26-1 Scheduling Order is filed, Franklin request the Judge to read the '2 major issues' attached herewith, and finally rule on and decide whether or not attorney Urga has admitted to his fraud upon the past courts and his fraud on this Court in his ECF 17 Joinder to Dismiss and in his ECF 21 Reply Joinder to Dismiss, to further defraud Franklin's Desert-Land patent rights on his lawfully entered 80 acre estate in Laughlin Nevada, for Mr. Urga's past and present clients – "Don Laughlin and his created BWD LLC shell companies".

Respectfully submitted by,

Bobby L. Franklin ______________________ 11/29/24 ______________________
BOBBY L. FRANKLIN (*pro se*) Dated

Desert Land Entryman N-49548
2451 N. Rainbow Blvd. Unit 2037
Las Vegas, NV. 89108
830-822-4791
dlepatent@hotmail.com

**STATE OF NEVADA}**
**}**
**COUNTY OF CLARK}**

I, Michael James Russell Laidman, a Notary Public, do hereby certify that on this 29 day of November 2024, personally appeared before me Bobby L. Franklin, known to me to be the person whose name is subscribed to the forgoing instrument, and swore and acknowledged to me that he executed the same for the purpose and in the capacity therein expressed, and that the statements contained therein are true and correct.

Notary Public ______________________

Affiant Bobby L. Franklin ______________________

MICHAEL JAMES RUSSELL LAIDMAN
Notary Public, State of Nevada
No. 22-8807-01
My Appt. Exp. July 6, 2026

**Certificate of Service**

Plaintiff Franklin certifies that the below named and addressed attorneys were electronically served this *Plaintiff's Initial Disclosures and Report outlining Discovery Plan* via the CM/ECF Pacer system.

Respectfully submitted by,

Bobby L. Franklin
BOBBY L. FRANKLIN (*pro se*)
Desert Land Entryman N-49548
2451 N. Rainbow Blvd. Unit 2037
Las Vegas, NV. 89108
830-822-4791
dlepatent@hotmail.com

12/02/2024
~~11/29/2024~~ closed
Dated

cc:

William R. Urga, Esq.
HUTCHISON & STEFFEN, PLLC,
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Attorneys for Defendants Don Laughlin's Riverside Resort Hotel and Casino, and
LEAD ATTORNEY WILLIAM R. URGA.
wurga@hutchlegal.com

TIMOTHY ALLEN
Clark County Civil Deputy District Attorney
500 South Grand Central Pkwy. 5th Floor
Las Vegas, Nevada 89155-2215
Attorney for Clark County, Town of Laughlin
Timothy.allen@clarkcountydanv.gov

SUMMER A. JOHNSON
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
summer.johnson@usdoj.gov

**Hello Attorneys for the Defendants,**

In this agreed case conference Zoom discussion on 11/25/2024 at 10:00 am, Good Morning attorneys. **I, Plaintiff Bobby L. Franklin have 2 major issues in this meeting to be considered before we discuss things to settle or resolve in this Case.**

**#1.** "It is undisputed in the initial Complaint, and in the Proposed Amended Complaint ECF 28 and all its highlighted Exhibits in ECF 28-1 and other paper on file, that my two children were kidnapped interstate for years by the certain named liable Defendants; I was severely beaten by the liable (Clark County) Laughlin police and by Don Laughlin's security guards at Mr. Laughlin's Hotel/Casino parking lot and chased Franklin out of town; and while I was recuperating from the beating, the Laughlin police broke into my lawfully entered 80 acre estate and pillaged, stolen and destroyed everything there; after and while the certain named Defendants were embezzling, transferring, swapping and selling thousands of acres of public lands that the Defendants do not own.

Since that time, the certain named Defendants have been "tolling" such damages by corruptly fooling the past courts and this Court to believe that the BLM had legal authority to claim my lawfully entered 80 acres estate became "mineral in character" in late 1993, while all parties knew and should have known that the BLM 'mineral in character' claim was finally "**reversed**" in the BLM appellate court and published as *Bobby L. Franklin*, 116 IBLA 29 (1990), and that is one reason why I filed this RICO action in this Court."

**#2.** All Defendant attorneys have filed their Joinders to Dismiss. However, the Defendants LEAD ATTORNEY WILLIAM R. URGA has exposed his multiple fraud on the past courts and on this Court, in both his ECF No. 17 JOINDER to Dismiss, and in his ECF No. 21 REPLY to Dismiss, as follows:

In his ECF 17 JOINDER on page 2, lines 14-15, Mr. Urga falsely claimed that the IBLA "**remanded the matter back to the BLM for further findings whether the Property was *mineral in character***", while he knew that the BLM '*mineral in character'* claim was finally '**reversed**' in appellate court and published as *Bobby L. Franklin,* 116 IBLA 29 (1990), and the IBLA finally found that my 1988 Desert-Land Entry ("DLE") N-49548 application was not "**appropriated**" by mining claims at the time my DLE application was filed. See, ECF 28-1, with yellow highlights in Exhibit 1 pp 3-5.

In my ECF 18 Response, I precisely reported Mr. Urga admits to his fraud on the past courts and on this Court, and reported that **'IBLA's decisions are final for the Department and may be reviewed by the United States district courts.**' See, ECF 28-1, Exhibit 1(a), pp1-2. I requested he be sanctioned.

In ECF 20, I filed a FRCP 26(a)(1)(B)(i) motion to review the final Interior decision in *Bobby L. Franklin*, 116 IBLA 29 (1990), and that motion is not yet resolved under LR 16-1(c)(1).

In his ECF 21 Reply, p2 lines 22-24, Mr. Urga went further with his corruption by stating in bold and capital letters that '**PLAINTIFF FALSELY CLAIMS THAT THE IBLA 1990 OPINION IS A FINAL DECISION BY THE IBLA AND MAY NOT BE REVIEWED BY THE DISTRICT COURTS.**' While the *newly discovered* IBLA website itself reads that **'IBLA's decisions are final for the Department and may be reviewed by the United States district courts.**' In all of Mr. Urga's attached Exhibits from the past courts, he defrauded my Desert-Land Entry patent rights with his same quoted corruption that he quoted in this Court, that transferred my Desert-Land patent rights to his BWD LLC shell companies client, by him again falsely stating that *Bobby L. Franklin*, 116 IBLA 29 (1990) is not a final decision, and may not be reviewed by the district courts. I requested severe sanctions on him.

Based on Plaintiff's foregoing 2 major reasons alone, I do believe that *each attorney* should answer to Mr. Urga's documented fraud on the past courts and his fraud on this Court, before *anyone* can be justified to move forward on their Joinders to Dismiss.

Are there any further comments or questions to be made here? Yes or No.

Sincerely,

s/*Bobby L. Franklin* 11/23/2024
BOBBY LEN FRANKLIN *pro se* DATED
Desert Land Entryman N-49548
2451 N Rainbow Blvd. Unit 2037
Las Vegas, NV 89108
830-822-4791
dlepatent@hotmail.com

cc:

William R. Urga, Esq.
HUTCHISON & STEFFEN, PLLC,
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Attorneys for Defendants Don Laughlin's
Riverside Resort Hotel and Casino, and
LEAD ATTORNEY WILLIAM R. URGA.
wurga@hutchlegal.com

TIMOTHY ALLEN
Clark County Civil Deputy District Attorney
500 South Grand Central Pkwy. 5th Floor
Las Vegas, Nevada 89155-2215
Attorney for Clark County, Town of Laughlin
Timothy.allen@clarkcountydanv.gov

SUMMER A. JOHNSON
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
summer.johnson@usdoj.gov

Bobby L. Franklin (*pro se*)
Desert Land Entryman N-49548
2451 N Rainbow Blvd. Unit 2037
Las Vegas, NV 89108
830-822-4791
dlepatent@hotmail.com

✓ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 17 2024

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT COURT OF NEVADA**

| | |
|---|---|
| BOBBY LEN FRANKLIN, an individual, dba DAYDREAM LAND & SYSTEMS DEVELOPMENT COMPANY,<br><br>*Plaintiff*<br><br>v.<br><br>CLARK COUNTY, TOWN OF LAUGHLIN NEVADA,<br>DON LAUGHLIN'S RIVERSIDE RESORT HOTEL AND CASINO, dba<br>BWD PROPERTIES 2, LLC,<br>BWD PROPERTIES 3, LLC,<br>BWD PROPERTIES 4, LLC,<br>LEAD ATTORNEY WILLIAM R. URGA,<br>UNITED STATES OF AMERICA,<br><br>*Defendants* | Case No.: 2:24-cv-00903-GMN-DJA<br><br>Plaintiff Franklin's Motion for this Court <u>To Review The Final Interior Decision</u> |

Pursuant to FRCP 26(a)(1)(B)(i), Franklin request this Court to review the final decision of the Department of the Interior that is published as *<u>Bobby L. Franklin</u>*, 116 IBLA 29-31 (1990), which finally 'reversed' the BLM's 'mineral in character' claims against Franklin's lawfully entered 80 acre estate in Laughlin Nevada, which is the substantive decision in this RICO action.

The Memorandum of Points and Authorities and affidavit is attached herewith, and the final Interior decision is copied in ECF No. 18, "Exhibit 1" pp 3-5 for review.

Bobby L. Franklin 6/17/2024
BOBBY L. FRANKLIN (*pro se*) Dated
Desert Land Entryman N-49548
2451 N. Rainbow Blvd. Unit 2037
Las Vegas, NV. 89108

## MEMORANDUM OF POINTS AND AUTHORITIES

In the Defendants Joinder, are their 'null and void' court exhibits that refused to mention the published *Bobby L. Franklin*, 116 IBLA 29-31 (1990) decision that finally 'reversed' all their BLM 'mineral claims' against Franklin's lawfully entered 80 acre estate in Laughlin Nevada. Their LEAD ATTORNEY WILLIAM R. URGA is again falsely claiming that the **IBLA "remanded the matter back to the BLM for further findings whether the Property was mineral in character."** while he clearly knew that *Bobby L. Franklin*, 116 IBLA 29 (1990) had finally 'reversed' all 'mineral claims' *inter alia* on Franklin's lawfully entered 80 acre estate in Laughlin Nevada. And that is the reason why to review IBLA's final decision, to find if BLM had legal authority to undo the DOI final decision. No court has ever reviewed the Interior's final decision published in *Bobby L. Franklin*, because the Defendants corruptly persuaded them to ignore it. However, "IBLA's decisions are final for the Department and may be reviewed by the United States district courts." Which the past courts in the Defendants exhibits refused to do.

### I. Argument

If this Court finds on review that the BLM 'mineral in character' claims of late 1993 were 'reversed' by the IBLA in 1990 (which they were), that means that LEAD ATTORNEY WILLIAM R. URGA and his clients have and are still uttering their falsehoods in this Court, which tolled those court proceedings until their fraud is discovered in this RICO cause of action.[1]

### II. Supporting Affidavit

I, plaintiff, Bobby L. Franklin believe that the following fact is true, so help me God.

1. A review of the final Interior decision published in *Bobby L. Franklin*, 116 IBLA 29 (1990) will *prima facie* prove that the Defendants hoodwinked their past courts to falsely believe that

[1] See, page 12 in Exhibit 1.

the BLM had authority to create another 'mineral in character' decision in late 1993, that was finally 'reversed' by DOI on August 27th 1990, which was and is fraud on those courts done by the Defendants.

...............

**STATE OF NEVADA }**
**}**
**COUNTY OF CLARK}**

I, Gloria Avelar, a Notary Public, do hereby certify that on this 17 day of June, 2024, personally appeared before me Bobby L. Franklin, known to me to be the person whose name is subscribed to the forgoing instrument, and swore and acknowledged to me that he executed the same for the purpose and in the capacity therein expressed, and that the statements contained therein are true and correct.

Notary Public ______________
(signature)

GLORIA AVELAR
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 02-07-28
Certificate No: 14-14423-1

Affiant Bobby L. Franklin
(signature)

..................

III. Relief Requested

Based on the foregoing, the published *Bobby L. Franklin*, 116 IBLA 29 (1990) decision should be reviewed for discovery evidence for trial.

Respectfully submitted by,

Bobby L. Franklin
BOBBY L. FRANKLIN (*pro se*)
Desert Land Entryman N-49548
2451 N. Rainbow Blvd. Unit 2037
Las Vegas, NV. 89108

830-822-4791
dlepatent@hotmail.com

06/17/2024
Dated

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of June, 2024, I personally served a true and correct Copy of the foregoing *Plaintiff Franklin's Motion for this Court To Review The Final Interior Decision* by prepaid U.S. Mail to the following:

CLARK COUNTY, TOWN OF LAUGHLIN NEVADA
TIMOTHY ALLEN
Civil Deputy District Attorney
500 South Grand Central Pkwy., Suite 5075
Las Vegas, Nevada 89155-2215

DON LAUGHLIN'S RIVERSIDE RESORT HOTEL AND CASINO, dba
BWD PROPERTIES 2, LLC,
BWD PROPERTIES 3, LLC,
BWD PROPERTIES 4, LLC,
650 S. Casino Drive, PMB 500
Laughlin, NV, 89029

LEAD ATTORNEY WILLIAM R. URGA
Hutchison & Steffen Attorneys
10080 W Alta Dr, Suite 200
Las Vegas, NV 89145

UNITED STATES OF AMERICA
U.S. Department of Justice, U.S. Attorney's Office
501 Las Vegas Blvd. South, #1100
Las Vegas, NV 89101

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Respectfully submitted by,

Bobby L. Franklin — 06/17/2024

BOBBY L. FRANKLIN (*pro se*)
Desert Land Entryman N-49548
2451 N. Rainbow Blvd. Unit 2037
Las Vegas, NV. 89108
830-822-4791
dlepatent@hotmail.com

Dated

Case: 25-6288, 11/12/2025, DktEntry: 13.1, (93 of 139)

✓ FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
MAY 14 2024
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

[original]

**UNITED STATES DISTRICT COURT**

**DISTRICT COURT OF NEVADA**

| | |
|---|---|
| BOBBY LEN FRANKLIN, an individual, dba DAYDREAM LAND & SYSTEMS DEVELOPMENT COMPANY,<br>*Plaintiff*<br>v.<br>TOWN OF LAUGHLIN NEVADA, DON LAUGHLIN'S RIVERSIDE RESORT HOTEL AND CASINO, dba BWD PROPERTIES 2, LLC, BWD PROPERTIES 3, LLC, BWD PROPERTIES 4, LLC, LEAD ATTORNEY WILLIAM R. URGA, UNITED STATES OF AMERICA,<br>*Defendants* | Case No.: 2:24-cv-00903-GMN-DJA<br><br>COMPLAINT |

Plaintiff "Franklin" *pro se* hereby complain and allege as follows:

PARTIES AND JURISDICTIONAL STATEMENT

1. This action arises under the Racketeer Influenced and Corrupt Organizations Act (RICO) 1970 as amended, for injunctions, orders, civil damages, and judgments against the defendants.

2. Pursuant to 43 C.F.R. § 1862.5 (43 U.S.C. § 1166), the defendants have allegedly defrauded Franklin out of his entered 80 acre patent rights in 43 C.F.R. § 1862.6 (43 U.S.C. § 1165) as mandated under the Desert Land Act, 43 U.S.C. § 321 et seq. (the Act), in violations to the civil RICO statutes, and the U.S. Constitution, as hereinafter more appears.

3. This court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in it arise out of the laws of the United States. As more fully shown below, this is an action to restrain further racketeering damages done by the defendants

Case: 26-6288, 11/12/2026, DktEntry: 13.1, (94 of 139)

against Franklin, his two children, and his lawfully entered 80 acre estate on federal public lands that he purchased from the United States government in August of 1988.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391.

5. All defendants and companies are conducting their business in Clark County Nevada.

GENERAL ALLEGATIONS

6. Pursuant to Desert Land Entry Act, 43 U.S.C. § 321 et seq., in August 1988 Franklin purchased the described 80 acres of federal public lands in the town of Laughlin Nevada from the Bureau of Land Management ("BLM") to compete with the adjacent Clark County desert land irrigation systems. The *prima facie* proof of Franklin's statutory desert land patent rights on his entered 80 acre estate is attached herewith as "Exhibit 1" for discovery.

7. On 02/14/2006, D.J. Laughlin acquired the three-fractional *adverse* patent(s) from the USA and is attached herewith as "Exhibit 2" for discovery, while knowing Franklin had and holds the *stare decisis* desert land patent rights on it. Days later, D.J. (Don) Laughlin transferred his patent rights into his created "BWD LLC shell companies" to hide his real name and his real business, allegedly to defraud Franklin out of his lawfully entered 80 acre estate.

8. On 11/21/2006, Don Laughlin paid his lead attorney William R. Urga to convince Judge Sandoval to omit Franklin's entered patent rights from pretrial discovery evidence for trial.

9. On 09/29/2008, newly appointed federal Judge Sandoval granted Don Laughlin's created 'BWD LLC shell companies' as owners of Franklin's entered 80 acre estate, after they concealed Franklin's desert land patent rights from pretrial discovery evidence for trial. Soon thereafter, Sandoval resigned as federal judge, and Franklin began investigating such shocking corruption.

10. On 08/04/2021, Franklin filed a Motion – To Compel Discovery that was Omitted; To File The Three Exhibits as Evidence; and, To Compel Attorney Urga to Answer Interrogatories.

Case: 26-6288, 11/12/2026, DktEntry: 13.10, (95 of 139)

11. On 05/09/2022, that District Court denied Franklin's newly discovered evidence on post-motion to open the case to *prima facie* prove his patent rights evidence have been concealed from all Orders, Judgments and proceedings in that court, and is the reason why Franklin filed this original RICO action against the named Defendants, including their LEAD ATTORNEY WILLIAM R. URGA who is a key Defendant and possibly a key witness in this RICO action.

THE PATTERN OF RACKETEERING DONE IN LAUGHLIN

12. After D.J. ("Don") Laughlin allegedly defrauded the U.S. out of its 80 acres of federal public lands on 02/14/2006 in 'Exhibit 2', days later he created his 'BWD LLC shell companies' and filed them in the NV Secretary of State Office public records, allegedly to defraud Franklin's *stare decisis* land patent rights on his entered 80 acre estate in 'Exhibit 1' pp 6-9.

13. During all these years, Franklin has published his https://fedlaws.xyz website diary book of facts that reveals the dated events and public records of the real Laughlin, of which discloses the biggest fraudulent public lands embezzlement racket in Nevada history is in Laughlin.

14. After Don Laughlin allegedly embezzled all river front public lands (1,200 acres) from the NV Colorado River Commission (CRC) free of charge in Laughlin NV, he became first title owner of it (landlord), and the named County Commissioner(s) zoned it as his Hotel/Casino district. He then sold most of it to Hotel/Casino developers from Las Vegas, for up to a $Million per acre of undeveloped river front dirt, and he paid no taxes on it.

15. Robert Bilbray (aka Commissioner Woodbury's appointed chairman of Laughlin public works) and his solely owned named corporations, later embezzled the 4,800 acres of NV public lands from the CRC for free, and he sold it and swapped it to Residential & Commercial developers which built the Laughlin community, which is 2 miles south of Don Laughlin's Hotel & Casino district. The named judges, executives, lawyers, bankers and politicians involved

Case: 26-6288, 11/12/2026, DktEntry: 13.1, (96 of 139)

would all meet together for decades at their headquarters "Jolley Urga & Woodbury law firm" on the entire 16th floor of the Wells Fargo Tower at 3800 Howard Hughes Pkwy, Las Vegas, NV, where they had swapped, sold and transferred the 6,000 acres of Nevada public lands, as recorded in the Clark County NV Recorder's Office; the Assessor's Office; and, the Nevada Secretary of State Office public records.

16. That left the CRC with 9,000 acres of NV public lands to dispose of, and is why U.S. Senator Harry Reid tried to snatch it up for ENN Solar Energy from China to build their tax subsidized $5 Billion solar energy plant farm on the 9,000 acres of NV public lands in Laughlin NV, but his scheme finally failed to ever happen. See, https://fedlaws.xyz

17. It also details when Franklin's two children were forcefully taken away from Franklin's Laughlin home and transported out of and restricted from returning to Nevada; when Franklin was severely beaten at Don Laughlin's Riverside Hotel & Casino parking lot; and, when Franklin's entered 80 acre estate was violently pillaged and destroyed in Laughlin NV without any warrant to do so by the Laughlin police, in violation to RICO statutes and the 4th and 5th Amendments in the U.S. Constitution. Franklin was forcefully racketeered out of Laughlin NV because he was not a member of their RICO syndicate or their corrupt business enterprise(s).

18. All the above facts are verified in Franklin's website diary book https://fedlaws.xyz by the dated photographs, Wikipedia history on the named officials, newspapers, gov't public records, and is their predicate RICO pattern of racketeering state and federal public lands.

19. Based on the foregoing evidence, Don Laughlin and his organizations have a pattern of racketeering, on how he allegedly acquired his Hotel/Casino district enterprise; on when he allegedly defrauded the U.S. gov't out of its 80 acres of federal public lands in the 'Exhibit 2';

and, why he allegedly created his 'BWD LLC shell companies' to defraud Franklin out of his patent rights on his entered 80 acre estate that is mandated under the Desert-Land Act statutes.

## CLAIMS FOR RELIEF

20. Plaintiff Franklin repeat and re-allege the allegations set forth in each and every preceding paragraph of the Complaint as though fully set forth at length herein.

21. As set forth above, Defendant TOWN OF LAUGHLIN NEVADA in Clark County is liable for damages, for "encouraging" such racketeering syndicate and its corrupt business enterprise to defraud Franklin's patent rights mandated in the Desert-Land Act statutes of Congress, and to pillage and destroy Franklin's entered 80 acre estate in violations to the RICO civil statutes, and the 4th and 5th Amendments in the U.S. Constitution, 'Exhibit 1'.

22. As set forth above, Defendant DON LAUGHLIN'S RIVERSIDE RESORT HOTEL AND CASINO and its RICO business enterprise are liable for damages, for "starting" such RICO syndicate and corrupt business enterprise ever since Laughlin was formed in Clark County.

22. As set forth above, Don Laughlin created the Defendants BWD PROPERTIES 2, LLC, BWD PROPERTIES 3, LLC, BWD PROPERTIES 4, LLC, shell companies to hide his true name and true business, and is liable for "participating" in their corrupt business enterprise racket, to defraud the U.S. out of its 80 acres of federal public lands in 'Exhibit 2', and to defraud Franklin out of his *stare decisis* desert land patent rights in 'Exhibit 1', after their RICO syndicate pillaged and 100% destroyed Franklin's lawfully entered 80 acre estate, in violations to the RICO statutes, and the 4th and 5th Amendments in the U.S. Constitution.

23. As set forth above, Don Laughlin and his created BWD LLC shell companies LEAD ATTORNEY WILLIAM R. URGA is liable for the fraud he fabricated on the court to conceal Franklin's patent rights on his entered 80 acre estate that is mandated in the Desert Land Act statutes of Congress in "Exhibit 1", in violations of the RICO statutes.

23. As set forth above, Defendant UNITED STATES OF AMERICA is liable for secretly and mistakenly transferring Franklin's 80 acre patent rights to D.J. Laughlin who transferred his patent rights to his created BWD LLC shell companies, and for ignoring the federal and state patent laws on page 12 in 'Exhibit 1'.

PRAYER FOR RELIEF

Plaintiff Franklin demands judgment as follows:

1. Under 43 C.F.R. § 1862.5 (43 U.S.C. § 1166), for a final order to vacate and annul the three-fractional patents that the USA mistakenly issued to D.J. Laughlin in 'Exhibit 2'; declare they are unauthorized and void of Franklin's desert-land patent rights in "Exhibit 1"; and, declare it was fraud when he transferred his patent rights into his BWD LLC shell companies to defraud Franklin out of his patent rights on his entered 80 acre estate mandated in the Desert-Land Act.

2. Under 43 C.F.R. § 1862.6, (43 U.S.C. § 1165), for a land patent order be issued to plaintiff Bobby L. Franklin for 100.00000% of the described 80 acres, as mandated by the 1877 Desert Land Entry Act statutes to do in 'Exhibit 1' pp 11-12.

3. For a judgment declaring that the Defendant TOWN OF LAUGHLIN NEVADA is liable for $1,000,000 damages to Franklin, for the decades of its government members and its media "encouraging" such racketeering syndicate and its corrupt business enterprise to defame Franklin and his development business, and that violently racketeered Franklin and his two children out of town while the Laughlin police were pillaging and destroyed Franklin's 80 acre estate with no warrant to do so, which the Laughlin media filmed it all but reported nothing about it to the public, because Don Laughlin told them what and what not to report or print to the public.

4. For a judgment declaring that the Defendant DON LAUGHLIN'S RIVERSIDE RESORT HOTEL AND CASINO is liable for $1,000,000 damages to Franklin for "starting" such RICO syndicate and his corrupt business enterprise ever since Laughlin was formed in Clark County.

5. For a judgment declaring that Don Laughlin and his created Defendants BWD PROPERTIES 2, LLC, BWD PROPERTIES 3, LLC, BWD PROPERTIES 4, LLC shell companies were solely created to defraud Franklin's patent rights, and are liable for $1,000,000 damages from each of them, to Franklin for "participating" in their corrupt business enterprise racket, and be permanently enjoined from doing business under the civil RICO statutes.

6. A judgment declaring that Defendant UNITED STATES OF AMERICA is liable for damages to Franklin for mistakenly and secretly transferring Franklin's 80 acre patent rights onto D.J. Laughlin possession in 'Exhibit 2' without giving Franklin any notice of it, and to order this Defendant to abide by the patent laws on page 12 in 'Exhibit 1'.

7. For treble damages under the civil RICO statutes.

8. And for any other relief as this court deems appropriate.

Respectfully submitted by,

Bobby L. Franklin                5/8/2024
BOBBY L. FRANKLIN (*pro se*)                Dated

Desert Land Entryman N-49548
2451 N. Rainbow Blvd. Unit 2037
Las Vegas, NV. 89108

830-822-4791
dlepatent@hotmail.com

**STATE OF NEVADA }**
**}**
**COUNTY OF CLARK}**

I, Naima Aslami, a Notary Public, do hereby certify that on this 5/8/24 day of May, 2024, personally appeared before me Bobby L. Franklin, known to me to be the person whose name is subscribed to the forgoing instrument, and swore and acknowledged to me that he executed the same for the purpose and in the capacity therein expressed, and that the statements contained therein are true and correct.

Notary Public, State of Nevada
Name, Typed or Printed Naima Aslami

My Commission Expires: 2.3.2027

NAIMA ASLAMI
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 02-03-27
Certificate No: 16-1781-1

FILED ✓ RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
MAY 14 2024
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

## TABLE OF CONTENTS ON EXHIBIT FOR DISCOVERY EVIDENCE

PAGE(S)

EXHIBIT 1:

Franklin's certified title stamped from the county recorder . . . . . . . . . . 1

The Desert-Land Patent Law of the United States, and
The due process of law in the 5th Amendment of the U.S. Constitution . . . . . . . . . . 2

The Final Decision of the U.S. Department of the Interior . . . . . . . . . . 3-5

Franklin's *stare decisis* Desert-Land Patent Rights mandated by
The United States Supreme Court . . . . . . . . . . 6-9

The two-page receiver's receipt issued to Franklin in August 1988
From the U.S. Department of the Interior for 100.00000 % of the
Described 80 acres under the 1877 Desert Land Act . . . . . . . . . . 10-11

Suits to vacate and annul patents in cases of fraud,
Suits to enforce Patent Rights under the desert-land laws . . . . . . . . . . 12

Franklin was beaten and violently forced out of Laughlin . . . . . . . . . . 13

The Laughlin police broke into, pillaged and fully destroyed
Franklin's lawfully entered and fenced 80 acre estate
All without any warrant to do so
In violation to 4th Amendment in the U.S. Constitution . . . . . . . . . . 14

EXHIBIT 2:

The Defendant United States of America mistakenly issued
D.J. Laughlin patent rights on Franklin's purchased 80 acre estate . . . . . . . . . . 1-4

- And then he transferred his land patent rights to his BWD LLC shell companies to hide his real name and real business who are named Defendants.

2:24-cv-00903-GMN-DJA

"EXHIBIT 1"

CERTIFIED COPY, THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE RECORDED DOCUMENT MINUS ANY REDACTED PORTIONS
2018 25 OCT.
Debbie Conway
RECORDER

(1)

199309200000935

TITLE 43 OF THE CODE OF FEDERAL REGULATION

SECTION 1862.6 – PATENT TO ISSUE AFTER 2 YEARS FROM DATE OF MANAGER'S FINAL RECEIPT.

(A) THE DECISION OF THE SUPREME COURT OF THE UNITED STATES IN THOMAS J. STOCKLEY ET AL., APPELLANTS, V. THE UNITED STATES, DECIDED JANUARY 2, 1923 (260 U.S. 532, 67 L. ED. 390) HOLDS THAT AFTER THE LAPSE OF 2 YEARS FROM THE DATE OF THE ISSUANCE OF THE 'RECEIVER'S RECEIPT' *UPON THE FINAL ENTRY OF ANY TRACT OF LAND UNDER THE HOMESTEAD, OR DESERT-LAND LAWS, SUCH ENTRY, ENTITLED TO PATENT UNDER THE PROVISO TO SECTION 7 OF THE ACT OF MARCH 3, 1891 (26 STAT. 1098; 43 U.S.C. 1165), REGARDLESS OF WHETHER OR NOT THE MANAGER'S FINAL CERTIFICATE HAS ISSUED.

(B) THE SUPREME COURT OF THE UNITED STATES IN PAYNE V. U.S. EX REL. NEWTON (255 U.S. 438, 65 L. ED. 720), DECIDED THAT NEWTON WAS ENTITLED TO A PATENT ON HIS HOMESTEAD ENTRY UNDER THE PROVISO TO SECTION 7 OF THE ACT OF MARCH 3, 1891, 2 YEARS HAVING ELAPSED FROM THE DATE OF THE ISSUANCE OF THE RECEIVER'S FINAL RECEIPT UPON FINAL ENTRY, AND THERE BEING NO CONTEST OR PROTEST PENDING AGAINST THE VALIDITY OF THE ENTRY, BUT STATED THAT THE PURPOSE OF THE STATUTE WAS:

TO REQUIRE THAT THE RIGHT TO A PATENT WHICH FOR 2 YEARS HAS BEEN EVIDENCED BY A RECEIVER'S RECEIPT, AND AT THE END OF THAT PERIOD STANDS UNCHALLENGED, SHALL BE RECOGNIZED AND GIVEN EFFECT BY THE ISSUE OF THE PATENT WITHOUT FURTHER WAITING OR DELAY, AND THUS TO TRANSFER FROM THE LAND OFFICERS TO THE REGULAR JUDICIAL TRIBUNALS THE AUTHORITY TO DEAL WITH ANY SUBSEQUENT CONTROVERSY OVER THE VALIDITY OF THE ENTRY, AS WOULD BE THE CASE IF THE PATENT WERE ISSUED IN THE ABSENCE OF THE STATUTE.

* THE RECEIPTS FORMERLY ISSUED BY THE RECEIVERS ARE NOW ISSUED BY THE MANAGERS.

AMENDMENT V TO THE U.S. CONSTITUTION

NO PERSON SHALL BE HELD TO ANSWER FOR A CAPITAL, OR OTHERWISE INFAMOUS CRIME, UNLESS ON A PRESENTMENT OR INDICTMENT OF A GRAND JURY, EXCEPT IN CASES ARISING IN THE LAND OR NAVAL FORCES, OR IN THE MILITIA, WHEN ACTUAL SERVICE IN TIME OF WAR OR PUBLIC DANGER; NOR SHALL ANY PERSON BE SUBJECT FOR THE SAME OFFENCE TO BE TWICE PUT IN JEOPARDY OF LIFE OR LIMB; NOR SHALL BE COMPELLED IN ANY CRIMINAL CASE TO BE A WITNESS AGAINST HIMSELF, NOR BE DEPRIVED OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW; NOR SHALL PRIVATE PROPERTY BE TAKEN FOR PUBLIC USE, WITHOUT JUST COMPENSATION.

RE-RECORDED

CLARK COUNTY, NEVADA
JOAN L. SWIFT, RECORDER
RECORDED AT REQUEST OF:
B FRANKLIN

09-20-93 11:20 BSB 14
OFFICIAL RECORDS
BOOK: 930920 INST: 00935
FEE: 18.00 RPTT: .00

(2)

Exhibit 21

9 2 0 2 2 2 0 0 0 7 7

20020923
.0076

United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
INTERIOR BOARD OF LAND APPEALS
4015 WILSON BOULEVARD
ARLINGTON, VIRGINIA 22203

IN REPLY REFER TO:

BOBBY L. FRANKLIN

IBLA 89-35 Decided August 27, 1990

Appeal from a decision of the District Manager, Las Vegas District, Nevada, Bureau of Land Management, rejecting desert land entry application N-49548.

Reversed and remanded.

1. Desert Land Entry: Applications--Desert Land Entry: Lands Subject To--Mining Claims: Location--Segregation

A decision rejecting a desert land entry application on the ground that the land is appropriated by unpatented mining claims will be reversed where a final certificate of mineral entry has not been issued for the land at the time the desert land entry application was filed.

APPEARANCES: Bobby L. Franklin, pro se.

OPINION BY ADMINISTRATIVE JUDGE KELLY

Bobby L. Franklin has appealed from a decision of the District Manager, Las Vegas District, Nevada, Bureau of Land Management (BLM), dated October 13, 1988, rejecting his desert land entry (DLE) application, N-49548, stating "the public lands affected by your DLE filing N-49548, are appropriated (by mining claims) and thereby rendered unsuitable under the Desert Land Act and not subject to disposition."

In his statement of reasons for appeal, appellant challenges the propriety of the decision on the basis that there has been no physical labor or mining production on the land in question over the past 5 years. Although there were multiple filings of mining claims and a mineral patent application (N-46678) filed involving 1,280 acres of valuable land in Laughlin, Nevada, he asserts nothing has been done to work these claims and the development of his DLE should not be held up indefinitely.

The record shows that appellant filed DLE application N-49548 with BLM on August 18, 1988, pursuant to 43 U.S.C. § 321 (1982). The application described 80 acres of land located in the SE¼ and the SW¼ of sec. 16, T. 32 S., R. 66 E., Mount Diablo Meridian, Clark County, Nevada. On the same date appellant filed a protest of mineral patent application N-46678 which had been previously filed with BLM May 27, 1987, by J. H. Edgar *et al.*, for the Rojas Nos. 1-8 placer mining claims covering approximately 1,231.52 acres of public land in the same area in T. 32 S., R. 66 E.

(3)



(7) (8)

920220 Exh.B 0775

20020923
00790

IBLA 89-35

BLM records confirm that the patent applicants submitted the required proofs, paid the filing fees, and deposited the required purchase money for the mineral entry final certificate for these Rojas Nos. 1-8 claims October 3, 1988. On November 28, 1988, BLM issued a decision noting that the mineral entry was allowed and the final certificate was issued effective that date. By letter of April 17, 1989, the applicants requested that mineral patent application N-46678 be withdrawn in its entirety because the company that was going to purchase black sands from the claims had gone out of business. BLM accepted the withdrawal request and the mineral entry involving the Rojas claims was cancelled as of April 17, 1989. 1/

The Board has noted that classification of the land as suitable for entry pursuant to section 7 of the Taylor Grazing Act "is a prerequisite to the approval of all entries" made under the desert land laws. 43 CFR 2400.0-3. 2/ James A. Maleski, 102 IBLA 175, 180 (1989). Because no DLE applications may be allowed until the land has been classified as suitable for such entry, BLM must first look to see whether or not the land is classified or should be classified as open to DLE. In this instance the lands have not been previously opened to entry under the desert land laws. Although appellant's application also serves as a petition for classification where the land has not been classified, that classification determination has yet to be made by BLM this case. 3/

However, irrespective of the lack of classification, BLM attempted to dispose of the application on the lack of availability of the land due to the conflicting mining claims of record. BLM rejected appellant's application, stating: "Regulations contained under 43 CFR 2520.0-8(a)(1) state in part: [I]n order for public lands to be subject to entry under the

---

1/ By a decision, dated May 2, 1989, BLM accepted the applicants withdrawal of the mineral patent application and cancelled the mineral entry which included the Rojas Nos. 1-8 placer claims.

2/ Characteristics of land subject to disposition under the Desert Land Act are set forth in 43 CFR 2520.0-8. In Departmental regulation 43 CFR 2400.0-3(a), BLM notes that classification pursuant to 43 U.S.C § 315(f) (1982), is a prerequisite to approval of a DLE under 43 CFR Part 2520. Under 43 CFR 2521.2, an application must include a petition for classification unless the lands described in the application have been opened for disposition under the desert land laws. See generally 43 CFR Part 2450. This Board has affirmed the rejection of DLE applications on the ground that the land had not been classified as suitable for entry. See Duella M. Adams, 70 IBLA 63 (1983).

3/ Section 16 of the DLE application specifically provides an alternate petition for classification stating: "If the lands described in this application have not been classified as suitable for desert entry pursuant to the provisions of Section 7, of the Taylor Grazing Act of June 28, 1934, as amended, (43 CFR 315F), and the requirements of the regulations in 43 CFR Part 2400, please consider the application as a petition for such classification."

(4)

9 2 0 2 2 Exh A 0 7 7 5

20020923
00790

23



desert land law, such public lands must not only be irrigable but also surveyed, unreserved, unappropriated, nonmineral in character * * *."

[1] Although BLM has not made an official determination based on a mineral report that the lands are, in fact, "mineral in character," BLM may have based its rejection of appellant's DLE in part on a presumption to that effect because of placer mining claim filings and a mineral patent application on record in the same area. However, this Board has recently noted that the mere fact of location of a mining claim does not establish the mineral character of the land. Nancy M. Swallow, 112 IBLA 321, 323 (1990), and cases cited therein. In Swallow we held that where BLM itself does not recognize the land described by DLE applications to be mineral in character, applicants are not precluded from entering this land under the desert land law for this reason. See California v. Rodeffer, 75 I.D. 176, 179 (1968). We find no clear evidence in the record to support the conclusion that the land in question is mineral in character.

As to BLM's conclusion that the lands are appropriated by mining claims, we have repeatedly recognized that longstanding Departmental precedent makes it clear that a mining claim segregates land from entry by others when a final certificate of mineral entry has been issued. Nancy M. Swallow, supra; See also Melvin Helit, 110 IBLA 144, 149-50 (1989); Scott Burnham, 100 IBLA 94, 110, 94 I.D. 429, 437 (1987). In the case at hand, the record is clear that, as of August 18, 1988, the date the DLE application was filed, no final certificate of mineral entry had issued. Accordingly, we find the lands in question were not appropriated at the time the DLE application was filed.

For the above reasons, we conclude that BLM's decision of October 13, 1988, should be reversed. Since the mineral patent application has since been withdrawn and the mineral entry cancelled, BLM should reconsider appellant's application and determine whether the land should be classified as open to DLE.

Therefore, pursuant to the authority delegated to the Board of Land Appeals by the Secretary of the Interior, 43 CFR 4.1, the decision appealed from is reversed and the case is remanded to BLM for action consistent with this opinion.

John H. Kelly
John H. Kelly
Administrative Judge

I concur:

Franklin D. Arness
Franklin D. Arness
Administrative Judge

5



9 10

such alleged errors considered and reviewed, the writ of error herein should have issued out of the Circuit Court of Appeals of the proper circuit. Accordingly we hold that these several cases should be transferred to the Circuit Court of Appeals of the Seventh Circuit at the costs of the respective plaintiffs in error, that that court be thereupon possessed of the jurisdiction of the same and proceed to the determination of said writs of error as if such writs had issued out of such court.

And it is so ordered.

---

(260 U. S. 532)

**STOCKLEY et al. v. UNITED STATES.**

(Argued Nov. 20, 1922. Decided Jan. 2, 1923.)

No. 74.

**1. Public lands ⟹98—After issuance of receiver's receipt, issuance of register's certificate not required before limitations begin to run.**

Act March 3, 1891, § 7 (Comp. St. § 5113), providing that, after the lapse of two years from the issuance of the receiver's receipt on the final entry, when there shall be no pending contest or protest against such entry, a final entryman shall be entitled to a patent, does not require the issuance of a register's certificate approving the final proof before the period of limitation stated therein begins to run, since it must be assumed Congress was familiar with the operations and practice of the Land Department and knew the difference between a receiver's receipt and a register's certificate.

**2. Public lands ⟹98—Change in department's practice does not change effect of statute of limitations, after receiver's receipt is issued.**

The fact that after the enactment of the statute (Act March 3, 1891, § 7 [Comp. St. § 5113]) entitling an entryman to patent two years after the receiver's receipt is issued, the prior practice of the Land Department not to issue the receiver's receipt until the register's certificate accepting the final proof was also issued, was changed so as to permit the issuance of the receiver's receipt when final proof was made, without waiting for its approval, cannot have the effect of changing the plain limitation prescribed by that statute, so as to require the issuance of the register's certificate also before the period starts to run.

**3. Public lands ⟹98—Receiver's receipt for final payment is "receipt upon the final entry."**

A receiver's receipt, issued to a homestead claimant at the time the claimant made final proof showing compliance with all the requirements to entitle him to a patent under the homestead laws and paid all fees and commissions lawfully due, was a "receipt upon the final entry" under the homestead laws, within Act March 3, 1891, § 7 (Comp. St. § 5113), entitling the claimant to patent two years after the issuance of such receipt, if no contest or protest is then pending.

**4. Public lands ⟹98—Receipt issued in excess of receiver's authority starts running of limitations.**

Even if a receiver of the land office had no authority under the instructions of the land department to issue receiver's receipt to a homestead entryman at the time he did, the issuance of such receipt starts the running of the two-year period of limitation prescribed by Act March 3, 1891, § 7 (Comp. St. § 5113).

**5. Public lands ⟹98—Limitation of two years after issuance of receipt forecloses inquiry into mineral character of land.**

The expiration of the two-year period of limitations after the issuance of the receiver's receipt upon final entry which, under Act March 3, 1891, § 7 (Comp. St. § 5113), entitles the entryman to a patent if no contest or protest is then pending, precludes a subsequent inquiry as to whether the entryman knew or should have known that the land was chiefly valuable for its minerals at the time he made his entry and final proof.

Appeal from the United States Circuit Court of Appeals for the Fifth Circuit.

Suit in equity by the United States against Thomas J. Stockley and others to have plaintiff adjudged to be the owner of a tract of land, to enjoin all interference therewith, and to require defendants to account for the value of oil and gas abstracted by them therefrom. Decree for plaintiff was affirmed by the Circuit Court of Appeals (271 Fed. 632), and defendants appeal. Reversed, and cause remanded to the District Court, with directions to dismiss the bill of complaint.

*533

*Mr. S. L. Herold, of Shreveport, La., for appellants.

Mr. Assistant Attorney General Riter, for the United States.

*536

*Mr. Justice SUTHERLAND delivered the opinion of the Court.

This is a suit in equity brought by the United States, as plaintiff, against the appellants, as defendants, by which a decree was sought adjudging the plaintiff to be the owner of a tract of land in the parish of Caddo, La., enjoining all interference therewith, and requiring the defendants to account for the value of oil and gas extracted by them therefrom.

The United States District Court for the Western District of Louisiana, upon the report of a master, found for the plaintiff and entered a decree in accordance with the prayer of the bill ordering a restoration of possession and awarding damages against some of the defendants, including Stockley, for about $62,000.

The case comes to this court by appeal from the decree of the Circuit Court of Ap-



AER 92

(6) — Pg 2 "Appendix B" p.4 "Exhibit 11"

Case: 26-6298, 01/12/2026, DktEntry: 13.1, Page 108 of 139





peals affirming the decree of the District Court. 271 Fed. 632.

The defendants denied plaintiff's title and alleged that the land was the property of the defendant Stockley by virtue of his compliance with the homestead laws of the United States.

The conceded facts are that in 1897 Stockley took possession of the land and on November 18, 1905, made a preliminary entry thereof as a homestead. He complied with the provisions of the homestead laws, submitted final proof, including the required nonmineral affidavit, paid the commissions and fees then due, and on January 16, 1909, obtained the receiver's receipt therefor. Prior to that time, viz. on December 15, 1908, a large body of public lands, embracing within its boundaries the land in question, was withdrawn by an order of the President of the United States from all forms of appropriation. The withdrawal order was expressly made "subject to existing valid claims." The receiver's receipt, omitting unnecessary matter, is in the following words:

*537

*"Received of Thomas J. Stockley * * * the sum of three dollars and one cent in connection with Hd. Final, Serial 0188 for [lands described] 71.25 acres. * * *"

On March 17, 1910, Stockley leased the property in question to the defendant the Gulf Refining Company, which company subsequently drilled wells and developed oil. The rights of the other defendants are wholly dependent upon the title asserted on behalf of Stockley.

On July 16, 1910, after the report of a special agent confirming Stockley's claim of residence upon and cultivation and improvement of the lands, the Commissioner of the General Land Office ordered the case "clear-listed and closed as to the Field Service Division." Subsequently, and more than three years after the issuance of the receiver's receipt, viz. on February 27, 1912, a contest was ordered by the Commissioner of the General Land Office before the local register and receiver upon the charge that the land was mineral in character, being chiefly valuable for oil and gas, and that when Stockley made his final proof he knew or, as an ordinarily prudent man, should have known this fact. After a hearing, the register and receiver decided in favor of Stockley, but the Commissioner of the General Land Office reversed the decision and ordered the entry canceled. The Secretary of the Interior affirmed the Commissioner, with a modification allowing Stockley to obtain a patent for the surface only, under the provisions of the Act of July 17, 1914, c. 142, 38 Stat. 509 (Comp. St. §§ 4640a-4640c).

The defendants contended that the Commissioner of the General Land Office and the Secretary of the Interior were without authority to entertain this contest because prior thereto full equitable title had vested in Stockley and he had become entitled to a patent by virtue of the provisions of section 7 of the Act of March 3, 1891, c. 561, 26 Stat. 1095, 1099 (Comp. St. § 5113). That section, so far as necessary to be stated, provides:

*538

*"That after the lapse of two years from the date of the issuance of the receiver's receipt upon the final entry of any tract of land under the homestead, timber culture, desert land, or pre-emption laws, or under this act, and when there shall be no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him; but this proviso shall not be construed to require the delay of two years from the date of said entry before the issuing of a patent therefor."

The court below rejected defendants' contention, holding that the receipt issued to Stockley was not a "receiver's receipt upon the final entry" for the reason that, in the view of that court, a final entry could not become effective until the issuance of the certificate of the register. In other words, it was the opinion of the lower court that in order to constitute a final entry within the meaning of the statute above quoted, there must be an adjudication upon the proofs and the issuance of a final certificate, evidencing an approval thereof.

[1] We think the language of the statute does not justify this conclusion. It must be assumed that Congress was familiar with the operations and practice of the Land Department and knew the difference between a receiver's receipt and a register's certificate. These papers serve different purposes. One, as its name imports, acknowledges the receipt of the money paid. The other certifies to the payment and declares that the claimant on presentation of the certificate to the Commissioner of the General Land Office shall be entitled to a patent.

The evidence shows that prior to the passage of the statute, and thereafter until 1908, the practice was to issue receipt and certificate simultaneously upon the submission and acceptance of the final proof and payment of the fees and commissions. In 1908 this practice was changed, so that the

*539

receipt was issued upon the submis*sion of the final proof and making of payment, while the certificate was issued upon approval of the proof and this might be at any time after the issuance of the receipt. The receiver and register act independently, the former alone being authorized to issue the receipt and the latter to sign the certificate. The receipt issued to Stockley was after submission of his proof and payment of all that he was required to pay under the law. No certificate was ever issued by the register.

[2] It is contended by the government that the receiver's receipt named in the statute should be restricted to a receipt issued simultaneously with the register's certificate

Page 17 — AER 93

"Appendix B" p.5

7

after approval of final proofs, and that, after the change of 1908 in the practice of the department, a receipt issued before such approval does not come within the meaning of the statute. Such a receipt, it is contended, obtains no validity as a "receiver's receipt upon the final entry" until after the proof has in fact been examined and approved.

[3] We cannot accept this conception of the law. A change in the practice of the Land Department manifestly could not have the effect of altering the meaning of an act of Congress. What the act meant upon its passage, it continued to mean thereafter. The plain provision is that the period of limitation shall begin to run from the date of the "issuance of the receiver's receipt upon the final entry." There is no ambiguity in this language and, therefore, no room for construction. There is nothing to construe. The sole inquiry is whether the receipt issued to Stockley falls within the words of the statute. In Chotard v. Pope, 12 Wheat. 586, 588 (6 L. Ed. 737), this court defined the term entry as meaning:

"That act by which an individual acquires an inceptive right to a portion of the unappropriated soil of the country, by filing his claim in the office of an officer known in the legislation of several states by the epithet of an
*540
entrytaker, and corresponding *very much in his functions with the registers of land offices, under the acts of the United States."

It was in this sense that the term "final entry" was used in this statute. Having submitted to the proper officials proof showing full compliance with the law, and having paid all the fees and commissions lawfully due, Stockley had done everything which the law required on his part and became entitled to the immediate issuance of the receiver's receipt, and this receipt was issued and delivered to him. No subsequent receipt was contemplated or required. From the date of the receipt the entry may be held open for the period of two years, during which time its validity may be contested. Thereafter the entryman is entitled to a patent and the express command of the statute is that "the same shall be issued to him." Lane v. Hoglund, 244 U. S. 174, 37 Sup. Ct. 558, 61 L. Ed. 1066; Payne v. United States ex rel. Newton, 255 U. S. 438, 41 Sup. Ct. 368, 65 L. Ed. 720.

That Stockley's acts constituted final entry is borne out by rulings of the Land Department. Thus in Gilbert v. Spearing, 4 Land Dec. 463, 466, Secretary Lamar said:

"When the homestead application, affidavit and legal fees are properly placed in the hands of the local land officers, and the land applied for is properly subject to entry, from that moment the right of entry is complete and in contemplation of law the land is entered."

See, also, Iddings v. Burns, 8 Land Dec. 224, 226.

We are not at liberty to add to or take from the language of the statute. When Congress has plainly described the instrument from whose date the statute begins to run as the "receipt upon the final entry," there is no warrant for construing it to mean only a receipt issued simultaneously with the certificate or one issued after the adjudication on the final proof, which might be—and in this instance was—postponed indefinitely. It was to avoid just such delays for an unreasonable length of time—that is, for more than two years—that the statute was enacted. Lane v. Hoglund, supra, and Land De-
*541
part*ment decisions cited. The purpose and effect of the statute are clearly and accurately stated by the Commissioner of the General Land Office in Instructions of June 4, 1914, 43 Land Dec. 322, 323, in the course of which it is said:

"There is no doubt that Congress chose the date of the receiver's receipt rather than of the certificate of the register as controlling, for the reason that payment by the claimant marks the end of compliance by him with the requirements of law. It would be manifestly unjust to make the right to a patent dependent upon the administrative action of the register, subjecting it to such delays as are incident to the conduct of public business and over which the claimant has no control. Payment, of which the receiver's receipt is but evidence, is, therefore, the material circumstance that starts the running of the statute, inasmuch as a claimant is and always has been entitled to a receipt when payment is made."

[4] It is urged, however, that in any event the receiver exceeded his authority in issuing the receipt, since the Commissioner of the General Land Office, on December 15, 1908, had instructed the register and receiver, among other things, as follows:

"Applications, selections, entries, and proofs based upon selections, settlements, or rights initiated prior to the date of withdrawal may be received by you and allowed to proceed under the rules up to and including the submission of final proofs. You must not, however, in such cases receive the purchase money or issue final certificate of entry, but must suspend the entries and proofs pending investigation as to the validity of the claims with regard to the character of the land and compliance with the law in other respects."

These instructions were issued, as shown upon their face, in view of the presidential withdrawal order of the same date. We suggest, without deciding, that, inasmuch as the withdrawal order was expressly made
*542
subject to *existing valid claims, and Stockley's claim was obviously existing and valid, this instruction of the Commissioner was itself without authority, since, as applied to Stockley, it was in conflict with the withdrawal order. This has nothing to do with the question as to whether the lands were, in fact, mineral in character, which is another and different matter dealt with later.

AER 94

However, Stockley, as already shown, did, in act, make final entry and the receiver did, in fact, issue and deliver his receipt thereon. The case, therefore, falls within the terms of the statute and must be governed by it, unless the receipt be held for naught on the ground that it was issued contrary to the Commissioner's instructions. But the very object of the statute was to preclude inquiry upon that or any other matter, except as provided by the statute, after the expiration of two years from the date of the receiver's receipt. In United States v. Winona & St. Peter Railroad Co., 165 U. S. 463, 476, 17 Sup. Ct. 368, 371 (41 L. Ed. 789) this court had under consideration section 8 of the same act (26 Stat. 1099 [Comp. St. § 5114]), limiting the time within which suits by the United States might be brought to annul patents. That section, it was said, recognizes:

"That when its proper officers, acting in the ordinary course of their duties, have conveyed away lands which belonged to the government, such conveyances should, after the lapse of a prescribed time, be conclusive against the government, and this notwithstanding any errors, irregularities or improper action of its officers therein."

It was said further:

"Under the benign influence of this statute it would matter not what the mistake or error of the Land Department was, what the frauds and misrepresentations of the patentee were, the patent would become conclusive as a transfer of the title, providing only that the land was public land of the United States and open to sale and conveyance through the Land Department."

In United States v. Chandler-Dunbar Water Power Co., 209 U. S. 447, 450, 28 Sup. Ct. 579, 580 (52 L. Ed. 881), this section of the *543 act was again under *consideration. A patent was attacked as void for the alleged reason that the land which it purported to convey had been reserved for public purposes, and upon that ground the application of the statute was denied, but this court said:

"It is said that the instrument was void and hence was no patent. But the statute presupposes an instrument that might be declared void. When it refers to 'any patent heretofore issued,' it describes the purport and source of the document, not its legal effect. If the act were confined to valid patents it would be almost or quite without use."

To hold that the receipt here under consideration falls outside the terms of the statute would be to defeat the purpose of the statute and perpetuate the mischief which it sought to destroy. Prior to the decision in the case of Jacob A. Harris, 42 Land Dec. 611, 614 (quoted with approval in Lane v. Hoglund, supra), it had been held that the statute did not affect the conduct or action of the Land Department in taking up and disposing of final proof of entrymen after the lapse of the two-year period (Mertie C. Traganza, 40 Land. Dec. 300), but this view was sharply challenged and overruled in the Harris Case, where it was said:

"Passed, primarily, to rectify a past and to prevent future abuses of the departmental power to suspend entries, the proviso is robbed of its essential purpose and practically repealed by the decision in the Traganza Case."

[3] The effective character of the receiver's receipt being established, the question, after the lapse of the two-year period, as to whether the land was mineral bearing, was no longer open. Inquiry upon that ground was then foreclosed, along with all others. Payne v. United States ex. rel. Newton, supra.

The bar of the statute likewise prevails, notwithstanding the executive withdrawal of December 15, 1908. The validity of that or- *544 der is, of course, settled by the decision *in United States v. Midwest Oil Co., 236 U. S. 459, 35 Sup. Ct. 309, 59 L. Ed. 673, but, as already stated, there is excepted from the operation of the order "existing valid claims." Obviously this means something less than a vested right, such as would follow from a completed final entry, since such a right would require no exception to insure its preservation. The purpose of the exception evidently was to save from the operation of the order claims which had been lawfully initiated and which, upon full compliance with the land laws, would ripen into a title. The effect of a preliminary homestead entry is to confer upon the entryman an exclusive right of possession, which continues so long as the entryman complies in good faith with the requirements of the homestead law. Stearns v. United States, 152 Fed. 900, 906, 82 C. C. A. 48; Peyton v. Desmond, 129 Fed. 1, 12, 63 C. C. A. 651. Since it is conceded that Stockley made such an entry in 1905 and his compliance with the requirements of the homestead law prior to the withdrawal order is not questioned, it follows that he had, when that order was issued, an existing valid claim, within the meaning of the exception. The action of the Commissioner of the General Land Office, therefore, in directing a contest against Stockley's entry three years after the issuance to him of the receiver's receipt was unauthorized and void.

The decree of the Circuit Court of Appeals is reversed, and the cause remanded to the District Court, with directions to dismiss the bill of complaint.

Page 10 AER 95

"Appendix B" p.7

9

UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF LAND MANAGEMENT

20020923
.00790

## RECEIPT AND ACCOUNTING ADVICE

NO. 1329049

NV050-Las Vegas District
August 26, 1988

Subject: Desert Land Entry Filing Fee

Applicant: Bobby D. Franklin
206 Paris Avenue
Las Vegas, NV 89103

14 5017

$35.00

Remitter:

RECORDER'S MEMO
POSSIBLE POOR RECORD DUE TO
QUALITY OF ORIGINAL DOCUMENT

Assignor:

LEASE MANAGEMENT DATA ☐NEW ☐UPDATE ☐PAYMENT

| ORIGINAL SERIAL NO. | ASG. | TYPE | ST. | CTY. | FUND SYMBOL | ACRES/UNITS | RATE |
|---|---|---|---|---|---|---|---|
| N-49548 | | | | | | | |

| AMOUNT | ANV. DATE | EXP. DATE | BILL CYC. | S/C | DISTRICT | NEXT BILL | MISC. DATA | U of M | ACTUAL UNIT |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| ASSIGNMENT SERIAL NO. | ASG. | TYPE | ST. | CTY. | FUND SYMBOL | ACRES/UNITS | RATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| AMOUNT | ANV. DATE | EXP. DATE | BILL CYC. | S/C | DISTRICT | NEXT BILL | MISC. DATA | U of M | ACTUAL UNIT |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

43 C.F.R. 1862.6

APPLY REMITTANCE

| ACTION | FUND SYMBOL | CTY. | AMOUNT |
|---|---|---|---|
| FILING FEE | | | |
| RENTAL | | | |
| | | | |
| UNEARNED | | | |
| REFUND | | | |
| TOTAL | | | |
| AMOUNT DUE | | | |

Remarks:

PAID
DEPARTMENT OF THE INTERIOR
BUREAU OF LAND MANAGEMENT
AUG 26 1988

BY: DATE:

☐ Lease in Escrow?
☐ KGS?
☐ Auto Escalates?
☐ Auto Renew?

Of Interest?
Operating Rights?
Operator
Bond Filed?

FOR MMS USE ONLY

| BILLEE NUMBER | | FOREST REFUGE |
|---|---|---|
| OCS SECTION CODE | | |

(10)

(5)

Case: 26-6288, 11/12/2026, DktEntry: 13.1, Page 112 of 139

20020923
.00790

[illegible] [illegible] DEPARTMENT OF THE INTERIOR PAGE: 1
[illegible] [illegible] BUREAU OF LAND MANAGEMENT

CASE ABSTRACT AS OF: 8/27/88
03-03-1877;019STAT0377;43USC321-323,325, CASE TYPE SERIAL NUMBER
DESERT LAND ACT 252000 NVN 49548

---

NAME AND ADDRESS

FRANKLIN BOBBY D
206 PARIS AVE
LAS VEGAS NV 89109
APPLICANT 100.00000 %

---

DESCRIPTION OF LAND

MOUNT DIABLO MER
T. 32 S R. 66 E CLARK COUNTY, NV
LAS VEGAS DISTRICT STATELINE RESOURCE AREA
SEC. 16: S2SE
80.000 ACRES

---

ACTIONS

| DATE | CODE | TAKEN | REMARKS |
|---|---|---|---|
| 8/18/1988 | 124 | APLN RECD | |
| ******** | PENDING ACTION: LAS VEGAS DISTRICT | | |
| 8/18/1988 | 347 | FILING FEE RECEIVED | $15; |
| 8/18/1988 | 392 | MONIES RECEIVED | $20; |

---

GENERAL REMARKS

01 DLE

RECORDER'S MEMO
POSSIBLE POOR RECORD DUE TO
QUALITY OF ORIGINAL DOCUMENT

43 C.F.R. 1862.6

(6)

(11)

Case: 26-6288, 11/12/2026, DktEntry: 13.1, Page 113 of 139

Title 43 of the Code of Federal Regulations

**§ 1862.5 - Suits to vacate and annul patents.**(a) Suits to vacate and annul patents shall only be brought within 6 years after the date of the issue of such patents (26 Stat. 1093; 43 U.S.C. 1166).
IN CASES OF FRAUD, THE STATUTE HAS BEEN CONSTRUED NOT TO COMMENCE TO RUN "UNTIL DISCOVERY OF THE FRAUD."
*EXPLORATION CO., LIMITED, ET AL. V. UNITED STATES* (247 U.S. 435, 62 L. ED. 1200).

**§ 1862.6 - Patent to issue after 2 years from date of manager's final receipt.**
(a) The decision of the Supreme Court of the United States in Thomas J. Stockley et al., appellants, v. the United States, decided January 2, 1923 (260 U.S. 532, 67 L. ed. 390) holds that after the lapse of 2 years from the date of the issuance of the "receiver's receipt" 1 upon the final entry of any tract of land under the homestead, or desert-land laws, such entry, entitled to patent under the proviso to section 7 of the Act of March 3, 1891 (26 Stat. 1098; 43 U.S.C. 1165), regardless of whether or not the manager's final certificate has issued.

---

**Footnote(s):**1 The receipts formerly issued by the receivers are now issued by the managers.

---

(b) The Supreme Court of the United States in Payne v. U.S. ex rel. Newton (255 U.S. 438, 65 L. ed. 720), decided that Newton was entitled to a patent on his homestead entry under the proviso to section 7 of the Act of March 3, 1891, 2 years having elapsed from the date of the issuance of the receiver's final receipt upon final entry, and there being no contest or protest pending against the validity of the entry, but stated that the purpose of the statute was:
TO REQUIRE THAT THE RIGHT TO A PATENT WHICH FOR 2 YEARS HAS BEEN EVIDENCED BY A RECEIVER'S RECEIPT, AND AT THE END OF THAT PERIOD STANDS UNCHALLENGED, SHALL BE RECOGNIZED AND GIVEN EFFECT BY THE ISSUE OF THE PATENT WITHOUT FURTHER WAITING OR DELAY, AND THUS TO TRANSFER FROM THE LAND OFFICERS TO THE REGULAR JUDICIAL TRIBUNALS THE AUTHORITY TO DEAL WITH ANY SUBSEQUENT CONTROVERSY OVER THE VALIDITY OF THE ENTRY, AS WOULD BE THE CASE IF THE PATENT WERE ISSUED IN THE ABSENCE OF THE STATUTE.

***

[Under Nevada law NRS 40.010, where the land is located]

NRS 40.010 - Actions may be brought against adverse claimants. An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim.
[1911 CPA § 572; RL § 5514; NCL § 9061]



On 11/03/1996, Bobby L. Franklin was severely beaten at Don Laughlin's Riverside Hotel & Casino parking lot, by his security guards and the Laughlin police. For risk of his life, Franklin fled to Florida.

Page 13 of 14



On 02/15/1997, while Franklin was recuperating from the beating, The Laughlin police broke into Franklin's fenced 80 acre estate and pillaged and destroyed everything there, all without any warrant to do so.

Case: 26-6288, 11/12/2026, DktEntry: 13.1 (116 of 139)

"EXHIBIT 2"

[redacted]
Requestor:
[illegible]
[illegible] [illegible] [illegible]
Book/Instr: [illegible]
Patent Deed Page Count: [illegible]
Fees: $[illegible] N/C Fee: $[illegible]
RPTT: $[illegible]

Frances Deane
Clark County Recorder

A.P.N.: 264-16-000-004

**Return to:**
Don Laughlin's Riverside Resort Hotel & Casino
PMB 500 1650 S. Casino Drive
Laughlin, NV 89029
Attn: Jeffrey N. Clemer, Esq.

**PATENT**

**This page added to provide additional information required by NRS 111.312 Sections 1-2 (Additional recording fee applies).**

**This cover page must be typed or printed clearly in black ink only.**

BWD0020

Form 1860-9
(January 1988)

# The United States of America

**To all to whom these presents shall come, Greeting:**

## Patent

N-78903

WHEREAS

D. J. Laughlin

is entitled to a land patent pursuant to Section 203 and Section 209 of the Act of October 21, 1976 (43 U.S.C. 1713 and 1719, respectively), as amended, for the following described land:

Mount Diablo Meridian, Nevada

T. 32 S., R. 66 E.,
sec. 16, SW¼SE¼.

Containing 40 acres, more or less.

NOW KNOW YE, that there is, therefore, granted by the UNITED STATES OF AMERICA, unto D. J. Laughlin, the land described above; TO HAVE AND TO HOLD the said land with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto D. J. Laughlin, his successors and assigns, forever; and

EXCEPTING AND RESERVING TO THE UNITED STATES:

1. A right-of-way for ditches or canals by the authority of the United States pursuant to the Act of August 30, 1890 (43 U.S.C. 945); and

2. All discretionary leasable and saleable mineral deposits are reserved to the United States on the lands in Clark County; but, permittees, licensees, and lessees retain the right to prospect for, mine, and remove such minerals owned by the United States under applicable law and any regulations that the Secretary of the Interior may prescribe, including all necessary access and exit rights.

SUBJECT TO:

1. Valid existing rights;

2. Rights-of-way N-50181 and N-59036 for road purposes granted to Clark County, its successors or assigns, pursuant to the Act of October 21, 1976 (43 U.S.C. 1761);

Patent Number 27-2006-0069

BWD0021

Form 1860-9
(January 1988)

# The United States of America

To all to whom these presents shall come, Greeting:

## Patent

N-78933

WHEREAS

D. J. Laughlin

is entitled to a land patent pursuant to Section 203 and Section 209 of the Act of October 21, 1976 (43 U.S.C. 1713 and 1719, respectively), as amended, for the following described land:

Mount Diablo Meridian, Nevada

T. 32 S., R. 66 E.,
sec. 16, E½SE¼SE¼.

Containing 20 acres, more or less.

NOW KNOW YE, that there is, therefore, granted by the UNITED STATES OF AMERICA, unto D. J. Laughlin, the land described above; TO HAVE AND TO HOLD the said land with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto D. J. Laughlin, his successors and assigns, forever; and

EXCEPTING AND RESERVING TO THE UNITED STATES:

1. A right-of-way for ditches or canals by the authority of the United States pursuant to the Act of August 30, 1890 (43 U.S.C. 945); and
2. All discretionary leasable and saleable mineral deposits are reserved to the United States on the lands in Clark County; but, permittees, licensees, and lessees retain the right to prospect for, mine, and remove such minerals owned by the United States under applicable law and any regulations that the Secretary of the Interior may prescribe, including all necessary access and exit rights.

SUBJECT TO:

1. Valid existing rights;
2. Right-of-way N-50181 for road purposes granted to Clark County, its successors or assigns, pursuant to the Act of October 21, 1976 (43 U.S.C. 1761);

Patent Number 27-2006-0071 BWD0003

Form 1860-9
(January 1988)

# The United States of America

To all to whom these presents shall come, Greeting:

## Patent

N-78904

WHEREAS

D. J. Laughlin

is entitled to a land patent pursuant to Section 203 and Section 209 of the Act of October 21, 1976 (43 U.S.C. 1713 and 1719, respectively), as amended, for the following described land:

Mount Diablo Meridian, Nevada

T. 32 S., R. 66 E.,
sec. 16, W½SE¼SE¼.

Containing 20 acres, more or less.

NOW KNOW YE, that there is, therefore, granted by the UNITED STATES OF AMERICA, unto D. J. Laughlin, the land described above; TO HAVE AND TO HOLD the said land with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto D. J. Laughlin, his successors and assigns, forever; and

EXCEPTING AND RESERVING TO THE UNITED STATES:

1. A right-of-way for ditches or canals by the authority of the United States pursuant to the Act of August 30, 1890 (43 U.S.C. 945); and
2. All discretionary leasable and saleable mineral deposits are reserved to the United States on the lands in Clark County; but, permittees, licensees, and lessees retain the right to prospect for, mine, and remove such minerals owned by the United States under applicable law and any regulations that the Secretary of the Interior may prescribe, including all necessary access and exit rights.

SUBJECT TO:

1. Valid existing rights;
2. Right-of-way N-50181 for road purposes granted to Clark County, its successors or assigns, pursuant to the Act of October 21, 1976 (43 U.S.C. 1761);

Patent Number 27-2006-0070

BWD0012

## UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** NEVADA

### Form 1. Notice of Appeal from a Judgment or Order of a United States District Court

U.S. District Court case number: Case 2:24-cv-00903-GMN-DJA

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: 05/14/2024.

Date of judgment or order you are appealing: Filed 09/16/26

Docket entry number of judgment or order you are appealing: Document 92

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

(●) Yes ( ) No ( ) IFP was granted by U.S. District Court

**List all Appellants** *(List* ***each*** *party filing the appeal. Do not use "et al." or other abbreviations.)*

BOBBY LEN FRANKLIN, an individual, dba DAYDREAM LAND & SYSTEMS DEVELOPMENT COMPANY.

FILED / ENTERED / RECEIVED / SERVED ON / COUNSEL/PARTIES OF RECORD

SEP 18 2026

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ______ DEPUTY

Is this a cross-appeal? ( ) Yes (●) No

If yes, what is the first appeal case number? N/A

Was there a previous appeal in this case? ( ) Yes (●) No

If yes, what is the prior appeal case number? N/A

Your mailing address (if pro se):

Desert Land Entryman N-49548

2451 N Rainbow Blvd. Unit 2037

City: LAS VEGAS State: NV Zip Code: 89108

Prisoner Inmate or A Number (if applicable): N/A

**Signature** Bobby L. Franklin **Date** 9/18/2026

*Complete and file with the attached representation statement in the U.S. District Court*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

BOBBY LEN FRANKLIN, an individual, dba
DAYDREAM LAND & SYSTEMS
DEVELOPMENT COMPANY,

Name(s) of counsel (if any):

(PRO SE)

Address: 2451 N Rainbow Blvd. Unit 2037, Las Vegas, NV 89108

Telephone number(s): 830-822-4791

Email(s): dlepatent@hotmail.com

Is counsel registered for Electronic Filing in the 9th Circuit? (●) Yes ( ) No

---

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

CLARK COUNTY, TOWN OF LAUGHLIN,

Name(s) of counsel (if any):

Timothy Allen, Clark County District Attorney Civil Division

Address: 500 S. Grand Central Parkway, 5th Floor, Las Vegas, Nevada 89155

Telephone number(s): (702) 455-4761

Email(s): Timothy.Allen@ClarkCountyDANV.gov

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

BOBBY LEN FRANKLIN, an individual, dba
DAYDREAM LAND & SYSTEMS
DEVELOPMENT COMPANY

Name(s) of counsel (if any):

(PRO SE)

Address: 2451 N Rainbow Blvd. Unit 2037, Las Vegas, NV 89108

Telephone number(s): 830-822-4791

Email(s): 830-822-4791

Is counsel registered for Electronic Filing in the 9th Circuit? ◉ Yes ○ No

---

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

DON LAUGHLINS RIVERSIDE RESORT HOTEL AND CASINO, dba
BWD PROPERTIES 2, LLC,BWD PROPERTIES 3, LLC,
BWD PROPERTIES 4, LLC

Name(s) of counsel (if any):

LEAD ATTORNEY WILLIAM R. URGA

Address: 10080 W. Alta Drive, Ste 200, Las Vegas, NV 89145

Telephone number(s): 702-385-2086

Email(s): WURGA@HUTCHLEGAL.COM

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Continued list of parties and counsel: *(attach additional pages as necessary)*

**Appellants**

Name(s) of party/parties:

BOBBY LEN FRANKLIN, an individual, dba DAYDREAM LAND & SYSTEMS

Name(s) of counsel (if any):

(PRO SE)

Address: 2451 N Rainbow Blvd. Unit 2037, Las Vegas, NV 89108

Telephone number(s): 830-822-4791

Email(s): dlepatent@hotmail.com

Is counsel registered for Electronic Filing in the 9th Circuit? (●) Yes ( ) No

**Appellees**

Name(s) of party/parties:

LEAD ATTORNEY WILLIAM R. URGA

Name(s) of counsel (if any):

LEAD ATTORNEY WILLIAM R. URGA

Address: 10080 W. Alta Drive, Ste 200, Las Vegas, NV 89145

Telephone number(s): 702-385-2500

Email(s): wurga@hutchlegal.com

Name(s) of party/parties:

United States of America

Name(s) of counsel (if any):

Summer Allegra Johnson
US Attorney's Office

Address: 501 Las Vegas Blvd. South, Las Vegas, NV 89101

Telephone number(s): 702-388-6336

Email(s): summer.johnson@usdoj.gov

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

CLOSED,APPEAL

**United States District Court**
**District of Nevada (Las Vegas)**
**CIVIL DOCKET FOR CASE #: 2:24-cv-00903-GMN-DJA**

| | |
|---|---|
| Franklin v. Town of Laughlin Nevada et al<br>Assigned to: Judge Gloria M. Navarro<br>Referred to: Magistrate Judge Daniel J. Albregts<br>Case in other court: Ninth Circuit Court of Appeals, 26-06288<br>Cause: 18:1961 Racketeering (RICO) Act | Date Filed: 05/14/2024<br>Date Terminated: 09/16/2026<br>Jury Demand: None<br>Nature of Suit: 470 Racketeer/Corrupt Organization<br>Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Bobby Len Franklin**<br>*doing business as*<br>Daydream Land & Systems Development Company | represented by | **Bobby Len Franklin**<br>Desert Land Entryman N-49548<br>2451 N. Rainbow Blvd.<br>Ste Unit 2037<br>Las Vegas, NV 89108-4510<br>830-822-4791<br>Email: dlepatent@hotmail.com<br>PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **Town of Laughlin Nevada** | represented by | **Timothy Allen**<br>Clark County District Attorney Civil Division<br>Civil Division<br>500 S. Grand Central Pkwy., #5075<br>Las Vegas, NV 89155-2215<br>702-455-4761<br>Fax: 702-382-5178<br>Email: Timothy.Allen@clarkcountydanv.gov<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **William R. Urga** | represented by | **William Robert Urga**<br>Hutchison & Steffen PLLC<br>10080 W. Alta Drive<br>Ste 200<br>Las Vegas, NV 89145<br>702-385-2500 |

Fax: 702-385-2086
Email: wurga@hutchlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **United States of America** | represented by | **Summer Allegra Johnson**<br>US Attorney's Office<br>District of Nevada<br>501 Las Vegas Blvd. South<br>Las Vegas, NV 89101<br>702-388-6336<br>Email: summer.johnson@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Virginia Tomova**<br>DOJ-USAO<br>501 Las Vegas Blvd., S.<br>Suite 1100<br>Las Vegas, NV 89101<br>702-388-6533<br>Email: virginia.tomova@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Tamer Botros Botros**<br>U.S. Attorney's Office for District of NV<br>501 Las Vegas Blvd S<br>Suite 1100<br>Las Vegas, NV 89101<br>702-388-6583<br>Email: tamer.botros@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Don Laughlin's Riverside Resort Hotel and Casino**<br>*doing business as*<br>BWD Properties 2 LLC | represented by | **William Robert Urga**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **BWD Properties 3, LLC** | represented by | **William Robert Urga**<br>(See above for address) |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BWD Properties 4, LLC** represented by **William Robert Urga**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Clark County**

**Timothy Allen**
Clark County District Attorney Civil Division
Civil Division
500 S. Grand Central Pkwy., #5075
Las Vegas, NV 89155-2215
702-455-4761
Fax: 702-382-5178
Email: Timothy.Allen@clarkcountydanv.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/14/2024 | | Case randomly assigned to Judge Gloria M. Navarro and Magistrate Judge Daniel J. Albregts. (MAM) (Entered: 05/14/2024) |
| 05/14/2024 | 1 | COMPLAINT against Don Laughlin's Riverside Resort Hotel and Casino, Lead Attorney William R. URGA, Town of Laughlin Nevada, United States of America (Filing fee $405 - PAID) by Bobby Len Franklin. Certificate of Interested Parties due by 5/24/2024. Proof of service due by 8/12/2024. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit) (CAH) (Entered: 05/15/2024) |
| 05/14/2024 | 2 | RECEIPT of Payment: $ 405, receipt number 200009299 (CAH) (Entered: 05/15/2024) |
| 05/14/2024 | 3 | ADVISORY LETTER to litigant. (CAH) (Entered: 05/15/2024) |

| | | |
|---|---|---|
| 05/14/2024 | 4 | PROPOSED SUMMONS to be issued by Plaintiff Bobby Len Franklin. ( **Party not listed as Defendant - CAH) (Entered: 05/15/2024) |
| 05/14/2024 | 5 | SUMMONS ISSUED as to Don Laughlin's Riverside Resort Hotel and Casino, Lead Attorney William R. URGA, Town of Laughlin Nevada, United States of America re 1 Complaint. (CAH) (Entered: 05/15/2024) |
| 05/20/2024 | 6 | STANDING ORDER. This case has been assigned to the Honorable Judge Gloria M. Navarro. Judge Navarro's Chambers Practices, which are posted on the U.S. District Court, District of Nevada public website, may also be accessed directly via this hyperlink www.nvd.uscourts.gov. (Copies have been distributed pursuant to the NEF - NEV) (Entered: 05/20/2024) |
| 05/23/2024 | 7 | MOTION to Dismiss by Defendant Town of Laughlin Nevada. Responses due by 6/6/2024. Certificate of Interested Parties due by 6/2/2024. Discovery Plan/Scheduling Order due by 7/7/2024. (Attachments: # 1 Exhibit 1)(Allen, Timothy)<br>NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1-1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 05/23/2024) |
| 05/28/2024 | 8 | CLERK'S NOTICE. To date, a Certificate of Interested Parties has not been filed, pursuant to LR 7.1-1, by Plaintiff Bobby Len Franklin. Certificate of Interested Parties due by 6/4/2024. **(no image attached)** (HAM) (Entered: 05/28/2024) |
| 05/30/2024 | 9 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Gloria M. Navarro on 5/30/2024. Regarding the Requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to 7 Motion to Dismiss. Opposition due 14 days from the date of this Minute Order, and reply due seven 7 days after the filing of the opposition. (Copies have been distributed pursuant to the NEF - AMMi) (Entered: 05/30/2024) |
| 06/03/2024 | 10 | CLERK'S NOTICE. To date, a Certificate of Interested Parties has not been filed, pursuant to LR 7.1-1, by Defendant Town of Laughlin Nevada. Certificate of Interested Parties due by 6/10/2024. **(no image attached)** (HAM) (Entered: 06/03/2024) |
| 06/03/2024 | 12 | SUMMONS Returned Executed by Bobby Len Franklin re 5 Summons Issued. Don Laughlin's Riverside Resort Hotel and Casino served on 5/20/2024; Town of Laughlin Nevada served on |

| | | |
|---|---|---|
| | | 5/16/2024; United States of America served on 5/15/2024; William R. Urga served on 5/15/2024. (RJDG) (Entered: 06/04/2024) |
| 06/03/2024 | 13 | RESPONSE to 7 Motion to Dismiss, by Plaintiff Bobby Len Franklin. Replies due by 6/10/2024. (RJDG) (Entered: 06/04/2024) |
| 06/03/2024 | 14 | CERTIFICATE of Interested Parties by Bobby Len Franklin. There are no known interested parties other than those participating in the case (RJDG) (Entered: 06/04/2024) |
| 06/04/2024 | 11 | CLERK'S NOTICE. To date, a Certificate of Interested Parties has not been filed, pursuant to LR 7.1-1, by Plaintiff and Defendant. Certificate of Interested Parties due by 6/11/2024. **(no image attached)** (HAM) (Entered: 06/04/2024) |
| 06/04/2024 | 15 | CERTIFICATE of Interested Parties by Town of Laughlin Nevada. There are no known interested parties other than those participating in the case (Allen, Timothy) (Entered: 06/04/2024) |
| 06/04/2024 | 16 | REPLY to Response to 7 Motion to Dismiss,, by Defendant Town of Laughlin Nevada. (Allen, Timothy) (Entered: 06/04/2024) |
| 06/05/2024 | 17 | JOINDER to 7 Motion to Dismiss,, by Defendants BWD Properties 3, LLC, BWD Properties 4, LLC, Don Laughlin's Riverside Resort Hotel and Casino, William R. Urga. (Attachments: # 1 Exhibit A - 2007 Sandoval Order, # 2 Exhibit B - 2008 Sandoval Order, # 3 Exhibit C - Summary of Litigation, # 4 Exhibit D - Vexatious Litigant Order)(Urga, William) (Entered: 06/05/2024) |
| 06/12/2024 | 18 | RESPONSE to 7 Motion to Dismiss by Plaintiff Bobby Len Franklin. Replies due by 6/19/2024. (Attachments: # 1 Table of Contents - Exhibit for Discovery Evidence) (AMMi) (Entered: 06/13/2024) |
| 06/17/2024 | 19 | MOTION for Leave to File Amended Complaint by Plaintiff Bobby Len Franklin. Responses due by 7/1/2024. (CT) (pleading) (Entered: 06/18/2024) |
| 06/17/2024 | 20 | MOTION for this Court to Review the Final Interior Decision by Plaintiff Bobby Len Franklin. Responses due by 7/1/2024. (CT) (misc) (nondispositive) (Entered: 06/18/2024) |
| 06/18/2024 | 21 | REPLY to Response to 7 Motion to Dismiss,, by Defendants BWD Properties 3, LLC, BWD Properties 4, LLC, Don Laughlin's Riverside Resort Hotel and Casino, William R. Urga. (Urga, William) (Entered: 06/18/2024) |
| 06/20/2024 | 22 | RESPONSE to 19 Motion for Leave to File Document/Excess Pages by Defendant Town of Laughlin Nevada. Replies due by 6/27/2024. (Allen, Timothy) (Entered: 06/20/2024) |

| | | |
|---|---|---|
| 06/20/2024 | 23 | ORDER. IT IS ORDERED that Plaintiff's 19 motion to amend his complaint is DENIED without prejudice.<br>The Clerk's Office is kindly directed to send Plaintiff a copy of this order.<br>Signed by Magistrate Judge Daniel J. Albregts on 6/20/2024. (Copies have been distributed pursuant to the NEF - AMMi - cc: Order mailed to P) (Entered: 06/21/2024) |
| 06/27/2024 | 24 | MOTION for the Named Defendants to Timely Answer the Interrogatories by Plaintiff Bobby Len Franklin. Responses due by 7/11/2024. (CT) (misc) (discovery) (Entered: 06/28/2024) |
| 06/27/2024 | 25 | MOTION for the Named Defendants to Timely Answer the Interrogatories by Plaintiff Bobby Len Franklin. Responses due by 7/11/2024. (CT) (misc) (discovery) (Entered: 06/28/2024) |
| 06/28/2024 | 26 | RESPONSE to 20 Motion by Defendants BWD Properties 3, LLC, BWD Properties 4, LLC, Don Laughlin's Riverside Resort Hotel and Casino, William R. Urga. Replies due by 7/5/2024. (Urga, William) (Entered: 06/28/2024) |
| 07/01/2024 | 27 | ORDER denying ECF No. 24 , 25 Motion. The Clerk of Court is kindly directed to send Plaintiff a copy of this order. Signed by Magistrate Judge Daniel J. Albregts on 7/1/2024. (Copies have been distributed pursuant to the NEF - GA) (Entered: 07/01/2024) |
| 07/01/2024 | 28 | AMENDED COMPLAINT against BWD Properties 3, LLC, BWD Properties 4, LLC, Don Laughlin's Riverside Resort Hotel and Casino, Town of Laughlin Nevada, United States of America, William R. Urga by Bobby Len Franklin. No changes to parties. (Attachments: # 1 Exhibits) (ALZ) (Entered: 07/01/2024) |
| 07/05/2024 | 29 | REPLY to 26 Response to 20 Motion by Plaintiff Bobby Len Franklin. (CAH) (Entered: 07/08/2024) |
| 07/05/2024 | 30 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Daniel J. Albregts on 7/5/2024. By Deputy Clerk: ALZ. Documents submitted by: Bobby Len Franklin.<br>**DISCOVERY DOCUMENTS** - Pursuant to the Local Rule IC 1-1(c)(12) and LR 26-7 interrogatories, responses, and proofs of service shall not be filed with the Clerk of Court, unless ordered by the Court. Your documents are returned herewith.<br>(Copies have been distributed pursuant to the NEF - ALZ) (Entered: 07/11/2024) |
| 07/15/2024 | 31 | JOINDER to 7 Motion to Dismiss,, by Defendant United States of America. (Attachments: # 1 Exhibit A - Order Enjoining Further Lawsuits)(Johnson, Summer) (Entered: 07/15/2024) |

| | | |
|---|---|---|
| 07/18/2024 | 32 | RESPONSE to 31 Joinder to 7 Motion to Dismiss, by Plaintiff Bobby Len Franklin. (AMMi) Modified on 7/18/2024 (HAM). (Entered: 07/18/2024) |
| 07/19/2024 | 33 | MOTION for Pro Se Litigant to File Electronically by Plaintiff Bobby Len Franklin. Responses due by 8/2/2024. (CAH) (Entered: 07/19/2024) |
| 07/22/2024 | 34 | ORDER. IT IS ORDERED that Plaintiff's 33 motion to file electronically is GRANTED.<br>IT IS FURTHER ORDERED that Plaintiff must: (1) obtain a PACER account; (2) be familiar with the Local Rules for the Electronic Filing procedures in the District of Nevada; and (3) complete the e-filing registration for the District of Nevada through Manage PACER Account. Links to these items are available at https://www.nvd.uscourts.gov/e-filing-permission/.<br>Signed by Magistrate Judge Daniel J. Albregts on 7/22/2024. (Copies have been distributed pursuant to the NEF - AMMi) (Entered: 07/22/2024) |
| 07/26/2024 | 35 | Consent for Electronic Service of Documents by Plaintiff Bobby Len Franklin. (MAM) (Entered: 07/26/2024) |
| 07/29/2024 | 36 | First MOTION for Leave to be Issued an Initial Scheduling Order date for A Case Management Conference by Plaintiff Bobby Len Franklin. Responses due by 8/12/2024. (Franklin, Bobby) (misc) (discovery) (Entered: 07/29/2024) |
| 07/30/2024 | 37 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Daniel J. Albregts on 7/30/2024.<br>Re: 36 Motion for Leave to be Issued an Initial Scheduling Order Date for a Case Management Conference. The Court declines to hold a case management conference or issue a scheduling order. It is Plaintiff's responsibility to initiate the Federal Rule of Civil Procedure 26(f) conference and it is up to the parties to agree to a discovery plan and scheduling order under Nevada Local Rule 26-1. The Court thus DENIES Plaintiff's motion (ECF No. 36 ).<br>**(no image attached)** (Copies have been distributed pursuant to the NEF - KL) (Entered: 07/30/2024) |
| 11/01/2024 | 38 | MOTION for Leave to Respond to Defendants Lead Attorney William R. Urga by Plaintiff Bobby Len Franklin. Responses due by 11/15/2024. (AMMi) (Entered: 11/04/2024) |
| 11/01/2024 | 40 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Daniel J. Albregts on 11/1/2024. By Deputy Clerk: A. Miller. Documents submitted by: Bobby Len Franklin. |

| | | |
|---|---|---|
| | | **DISCOVERY DOCUMENTS** - Pursuant to the Local Rule IC 1-1(c)(12) and LR 26-7 interrogatories, responses, and proofs of service shall not be filed with the Clerk of Court, unless ordered by the Court. Your documents are returned herewith.<br>(Copies have been distributed pursuant to the NEF - AMMi) (Entered: 11/04/2024) |
| 11/25/2024 | 41 | MOTION to Stay Discovery by Defendant Town of Laughlin Nevada. Responses due by 12/9/2024. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Allen, Timothy) (Entered: 11/25/2024) |
| 12/02/2024 | 42 | MOTION for Scheduling Order by Plaintiff Bobby Len Franklin. Responses due by 12/16/2024. (Attachments: # 1 Initial Disclosures & Report Outlining Discovery Plan) (AMMi) (Entered: 12/02/2024) |
| 12/02/2024 | 43 | JOINDER to 41 Motion to Stay Case or Discovery by Defendants BWD Properties 3, LLC, BWD Properties 4, LLC, William R. Urga, Don Laughlin's Riverside Resort Hotel and Casino. (Urga, William) (Entered: 12/02/2024) |
| 12/02/2024 | 46 | INITIAL DISCLOSURES AND REPORT OUTLINING DISCOVERY PLAN by Bobby Len Franklin. (AMMi) (Entered: 12/05/2024) |
| 12/03/2024 | 44 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Daniel J. Albregts on 12/3/2024.<br>Re: 41 Motion to Stay Discovery by Defendant Town of Laughlin Nevada and 42 Motion for Scheduling Order by Plaintiff Bobby Franklin.<br>A motion hearing is set for **Thursday, January 2, 2025 at 10:00 AM** in LV Courtroom 3A before Magistrate Judge Daniel J. Albregts.<br>(Copies have been distributed pursuant to the NEF - KL) (Entered: 12/03/2024) |
| 12/04/2024 | 45 | REPLY to 35 Consent for Electronic Service of Documents by Plaintiff Bobby Len Franklin. (Franklin, Bobby) (Entered: 12/04/2024) |
| 12/10/2024 | 47 | RESPONSE to 41 Motion to Stay Case or Discovery by Plaintiff Bobby Len Franklin. Replies due by 12/17/2024. (ALZ) (Entered: 12/11/2024) |
| 12/16/2024 | 48 | REPLY to Response to 41 Motion to Stay Case or Discovery by Defendants BWD Properties 3, LLC, BWD Properties 4, LLC, William R. Urga, Don Laughlin's Riverside Resort Hotel and Casino. (Urga, William) (Entered: 12/16/2024) |

| | | |
|---|---|---|
| 12/17/2024 | 49 | JOINDER to 48 Reply by Defendant Town of Laughlin Nevada. (Allen, Timothy) (Entered: 12/17/2024) |
| 12/17/2024 | 50 | JOINDER to 41 Motion to Stay Case or Discovery, 45 Reply, 49 Joinder, 43 Joinder by Defendant United States of America. (Johnson, Summer) (Entered: 12/17/2024) |
| 12/30/2024 | 51 | **STRICKEN** on 1/7/25 per 53 Minute Order. MEMORANDUM to 44 Minute Order Setting Hearing on Motion, by Plaintiff Bobby Len Franklin. (Franklin, Bobby) Modified on 1/7/2025 . NEF regenerated. (RJDG) (Entered: 12/30/2024) |
| 12/31/2024 | 52 | **STRICKEN** on 1/7/25 per 53 Minute Order. RESPONSE to 51 Memorandum by Defendants BWD Properties 3, LLC, BWD Properties 4, LLC, William R. Urga, Don Laughlin's Riverside Resort Hotel and Casino. (Urga, William) Modified on 1/7/2025. NEF regenerated. (RJDG) (Entered: 12/31/2024) |
| 01/02/2025 | 53 | MINUTES OF PROCEEDINGS - Motion Hearing held on 1/2/2025 before Magistrate Judge Daniel J. Albregts. Crtrm Administrator: *A. Reyes*; Pla Counsel: *Bobby Lee Franklin, pro se*; Def Counsel: *Timothy Allen, Clark County, Summer Johnson, AUSA, and William Urga, BWD Properties,*; Court Reporter: *Liberty Recorder*; Time of Hearing: *10:01 a.m. - 10:27 a.m.*; Courtroom: *3A*;<br>Plaintiff, *pro se*, and Defendants' counsel are present. The Court makes preliminary statements and hears the representations of counsel as to 41 Motion to Stay Discovery and 42 Motion for Scheduling Order. For the reasons stated on the record, IT IS ORDERED that 41 Motion to Stay Discovery is GRANTED. IT IS FURTHER ORDERED that 42 Motion for Scheduling Order is DENIED, as stated on the record. IT IS FURTHER ORDERED that 51 Memorandum and 52 Response to 51 Memorandum are STRICKEN from the record for the reasons stated on the record in open court. The transcript of these proceedings will serve as the official Order of the Court. Court adjourns.<br>**(no image attached)** (Copies have been distributed pursuant to the NEF - ADR) (Entered: 01/02/2025) |
| 01/05/2025 | 54 | **STRICKEN** on 1/8/25 per 55 Minute Order. REPLY to 52 Response by Plaintiff Bobby Len Franklin. (Franklin, Bobby) Modified on 1/8/2025. NEF regenerated. (RJDG) (Entered: 01/05/2025) |
| 01/07/2025 | 55 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Daniel J. Albregts on 1/7/2025.<br>Re: 54 Reply. The Court struck ECF No. 51 and ECF No. 52 at the January 2, 2025, hearing. Nonetheless, Plaintiff Bobby Len Franklin has filed a reply in support of ECF No. 51. The Court thus construes |

| | | |
|---|---|---|
| | | Plaintiff's filing as an improper supplement and STRIKES it. LR IA 10-1(d); LR 7-2(g). **(no image attached)** (Copies have been distributed pursuant to the NEF - TG) (Entered: 01/07/2025) |
| 01/13/2025 | 56 | OBJECTION/APPEAL Magistrate Judge order or ruling under LR IB 3-1 re 53 Minutes by Plaintiff Bobby Len Franklin. Responses due by 1/27/2025. (Franklin, Bobby) Modified on 1/16/2025 - Event Type - (JQC). (Entered: 01/13/2025) |
| 01/14/2025 | 57 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Daniel J. Albregts on 1/14/2025.<br>Re: 39 Proposed Second Amended Complaint. Plaintiff has filed a proposed second amended complaint on the docket. However, while Plaintiff puts in the caption that his proposed amendment is "pursuant to LR 15-1," Plaintiff did not comply with that rule. That rule requires that the moving party "attach the proposed amended pleading to a motion seeking leave of court to file an amended pleading." LR 15-1(a). Plaintiff did not do that here, instead filing his proposed amended pleading on the docket without any accompanying motion to amend. Because Plaintiff's proposed amended pleading does not comply with the Local Rules, the Court STRIKES it. LR IC 7-1.<br>(Copies have been distributed pursuant to the NEF - KL) (Entered: 01/14/2025) |
| 01/16/2025 | 58 | TRANSCRIPT of Proceedings, 53 Motion Hearing held on 1/2/2025 before Magistrate Judge Daniel J. Albregts. Court Transcriber: Exceptional Reporting Services, Inc., transcripts@exceptionalreporting.com. Recording start and end times: 10:02 a.m. - 10:27 a.m. Any Redaction Request is due by 2/6/2025. Release of the Transcript Restriction is set for 4/16/2025. Before release date, the transcript may be viewed at the court public terminal or purchased through the court reporter. After release date, it may be obtained through the court reporter or PACER.<br>**THIS TRANSCRIPT MUST NOT BE ATTACHED AS AN EXHIBIT OR MADE PART OF AN APPENDIX. See Local Rule IA 10-3.(b).**<br>(AMM) (Entered: 01/16/2025) |
| 01/27/2025 | 59 | RESPONSE to 56 Motion to Set Aside by Defendants BWD Properties 3, LLC, BWD Properties 4, LLC, William R. Urga, Don Laughlin's Riverside Resort Hotel and Casino. Replies due by 2/3/2025. (Urga, William) (Entered: 01/27/2025) |
| 02/03/2025 | 60 | REPLY to 59 Response by Plaintiff Bobby Len Franklin. (Franklin, Bobby) (Entered: 02/03/2025) |

| | | |
|---|---|---|
| 02/05/2025 | 61 | TRANSCRIPT of Proceedings, 53 Order on Motion to Stay Case, Motion Hearing, held on 01/02/2025 before Magistrate Judge Daniel J. Albregts. Court Reporter/Transcriber: Judy K. Moore. Recording start and end times: 10:01 - 10:27 a.m. Any Redaction Request is due by 2/26/2025. Release of the Transcript Restriction is set for 5/6/2025. Before release date, the transcript may be viewed at the court public terminal or purchased through the court reporter. After release date, it may be obtained through the court reporter or PACER.<br>**THIS TRANSCRIPT MUST NOT BE ATTACHED AS AN EXHIBIT OR MADE PART OF AN APPENDIX. See Local Rule IA 10-3.(b).**<br>(JKM) (Entered: 02/05/2025) |
| 02/21/2025 | 62 | ORDER.<br>IT IS ORDERED that the 7 Motion to Dismiss is GRANTED. Plaintiff may have 21 days from the date of this Order to file for leave of the Court as described in Judge Hunt's order.<br>IT IS FURTHER ORDERED that Plaintiff's 20 Motion for this Court to Review the Final Interior Decision is DENIED as moot.<br>IT IS FURTHER ORDERED that Plaintiff's 38 Motion for Leave is DENIED.<br>Signed by Judge Gloria M. Navarro on 2/21/2025. (Copies have been distributed pursuant to the NEF - AMMi) (Entered: 02/21/2025) |
| 03/03/2025 | 63 | **STRICKEN per Order 85** - MOTION for Leave to File Document by Plaintiff Bobby Len Franklin. Responses due by 3/17/2025. (Attachments: # 1 Declaration Certification, # 2 Proposed Order Proposed Amended Complaint, # 3 Exhibit Table of Exhibits, # 4 Exhibit Exhibits)(Franklin, Bobby) (pleading) Modified on 2/10/2026 (AF). (Entered: 03/03/2025) |
| 03/03/2025 | 64 | MOTION for Leave to File Document by Plaintiff Bobby Len Franklin. Responses due by 3/17/2025. (Attachments: # 1 Exhibit Judge Hunt's Order, # 2 Declaration Certification, # 3 Proposed Order Proposed Amended Complaint, # 4 Exhibit Table of Exhibits, # 5 Exhibit Exhibits)(Franklin, Bobby) (pleading) (Entered: 03/03/2025) |
| 05/19/2025 | 65 | Final AMENDED COMPLAINT against All Defendants by Bobby Len Franklin. Adds new parties. (Franklin, Bobby) (Entered: 05/19/2025) |
| 05/30/2025 | 66 | RESPONSE to 65 Amended Complaint by Defendants BWD Properties 3, LLC, BWD Properties 4, LLC, William R. Urga, Don Laughlin's Riverside Resort Hotel and Casino. (Urga, William) (Entered: 05/30/2025) |

| | | |
|---|---|---|
| 06/04/2025 | 67 | REPLY to Response to 64 Motion for Leave to File Document/Excess Pages, by Plaintiff Bobby Len Franklin. (Franklin, Bobby) (Entered: 06/04/2025) |
| 07/30/2025 | 68 | First MOTION for Fraud on Court Relief by Plaintiff Bobby Len Franklin. Responses due by 8/13/2025. (Franklin, Bobby) (misc) (nondispositive) (Entered: 07/30/2025) |
| 08/01/2025 | 69 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Daniel J. Albregts on 8/1/2025.<br>Re: 68 Motion for Fraud on Court Relief. Plaintiff's motion is premature because the Court has not yet granted him leave to proceed in this action given his vexatious litigant status. (ECF No. 62 ). So, the Court DENIES Plaintiff's motion (ECF No. 68 ) as premature with leave to refile if the Court grants his request for leave to proceed in this civil action.<br>**(no image attached)** (Copies have been distributed pursuant to the NEF - TG) (Entered: 08/01/2025) |
| 08/04/2025 | 70 | MOTION for Leave To Proceed in this Civil Action by Plaintiff Bobby Len Franklin. Responses due by 8/18/2025. (Franklin, Bobby) (misc) (referral) (Entered: 08/04/2025) |
| 08/19/2025 | 71 | First MOTION for Entry of Clerk's Default re 70 Motion by Plaintiff Bobby Len Franklin. Responses due by 9/2/2025. (Franklin, Bobby) (Entered: 08/19/2025) |
| 08/22/2025 | 72 | Second MOTION for Default Judgment re 65 Amended Complaint by Plaintiff Bobby Len Franklin. Responses due by 9/5/2025. (Franklin, Bobby) (Entered: 08/22/2025) |
| 08/27/2025 | 73 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Gloria M. Navarro on 8/27/2025.<br>Pending before the Court is Plaintiff's 56 Objection to the Magistrate Judge's 53 Order staying discovery until the Court resolved the pending Motion to Dismiss. The Court granted the Motion to Dismiss on February 21, 2025. The Court ordered Plaintiff to submit a motion for leave of the Court to file a complaint due to a previously entered injunctive order caused by his vexatious litigation history. (Order, ECF No. 62 ). Accordingly, Plaintiff's 56 Objection is **DENIED as moot.**<br>(Copies have been distributed pursuant to the NEF - SKV) (Entered: 08/27/2025) |
| 09/02/2025 | 74 | RESPONSE to 71 Motion for Entry of Clerks Default by Defendant United States of America. (Johnson, Summer) (Entered: 09/02/2025) |

| | | |
|---|---|---|
| 09/03/2025 | 75 | RESPONSE to 72 Motion for Default Judgment by Defendants BWD Properties 3, LLC, BWD Properties 4, LLC, William R. Urga, Don Laughlin's Riverside Resort Hotel and Casino. Replies due by 9/10/2025. (Urga, William) (Entered: 09/03/2025) |
| 09/03/2025 | 76 | RESPONSE to 71 Motion for Entry of Clerks Default by Defendants BWD Properties 3, LLC, BWD Properties 4, LLC, William R. Urga, Don Laughlin's Riverside Resort Hotel and Casino. (Urga, William) (Entered: 09/03/2025) |
| 09/07/2025 | 77 | REPLY to Response to 70 Motion by Plaintiff Bobby Len Franklin. (Franklin, Bobby) (Entered: 09/07/2025) |
| 09/08/2025 | 78 | REPLY to Response to 70 Motion, 72 Motion for Default Judgment, 64 Motion for Leave to File Document/Excess Pages, by Plaintiff Bobby Len Franklin. (Franklin, Bobby) (Entered: 09/08/2025) |
| 09/15/2025 | 79 | First MOTION for Judgment by Plaintiff Bobby Len Franklin. Responses due by 9/29/2025. (Franklin, Bobby) (Entered: 09/15/2025) |
| 09/29/2025 | 80 | RESPONSE to 79 Motion for Judgment by Defendants BWD Properties 3, LLC, BWD Properties 4, LLC, William R. Urga, Don Laughlin's Riverside Resort Hotel and Casino. Replies due by 10/6/2025. (Urga, William) (Entered: 09/29/2025) |
| 10/02/2025 | 81 | REPLY to Response to 79 Motion for Judgment by Plaintiff Bobby Len Franklin. (Franklin, Bobby) (Entered: 10/02/2025) |
| 12/29/2025 | 82 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Gloria M. Navarro on 12/29/2025.<br>Pending before the Court are the 72 Second Motion for Default Judgment and 79 Motion for Judgment filed by Plaintiff Bobby Lee Franklin. However, both motions are premature because the Court has not yet granted Plaintiff leave to proceed in this action due to his status as a vexatious litigant. (*See* Order 4:22-24, ECF No. 62). Accordingly, **IT IS HEREBY ORDERED** that both motions are DENIED as premature with leave to refile if the Court grants Plaintiff's pending request for leave to proceed in this civil action. (Copies have been distributed pursuant to the NEF - JHM) (Entered: 12/29/2025) |
| 02/06/2026 | 85 | ORDER. IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Document, (ECF No. 63 ), is STRICKEN.<br>IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Document, (ECF No. 64 ), is DENIED.<br>IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Proceed in this Civil Action, (ECF No. 70 ), is DENIED. |

| | | |
|---|---|---|
| | | IT IS FURTHER ORDERED that Plaintiff shall have 21 days from the date of this Order to file for leave of Court and demonstrate that the claims contained in his Proposed Amended Complaint have not yet been raised or disposed of by a federal court by: (1) including a list of each action filed by Plaintiff in federal court relating to his 1988 DLE application or the property at issue, (2) listing all claims raised in each of those cases, and (3) explaining how the current claims are different than before.<br>Signed by Judge Gloria M. Navarro on 2/6/2026. (Copies have been distributed pursuant to the NEF - AF) (Entered: 02/10/2026) |
| 02/08/2026 | 83 | **STRICKEN** on 9/17/2026 per 92 Order. (MAM) MOTION for Leave to Respond To Pending Minute Order in ECF 84 by Plaintiff Bobby Len Franklin. Responses are due by 2/22/2026. (Franklin, Bobby) (misc) (presiding) (Entered: 02/08/2026) |
| 02/08/2026 | 84 | Amended MOTION for Leave to Respond To Pending Minute Order in ECF 82 by Plaintiff Bobby Len Franklin. Responses are due by 2/22/2026. (Franklin, Bobby) (misc) (presiding) (Entered: 02/08/2026) |
| 02/27/2026 | 86 | MOTION for Leave to File Document re 85 Order on Motion for Leave to File Excess Pages,,,,,,,,,,,,,, by Plaintiff Bobby Len Franklin. Responses are due by 3/13/2026. (Franklin, Bobby) (presiding) (Entered: 02/27/2026) |
| 03/18/2026 | 87 | NON-OPPOSITION to 86 Motion for Leave to File Document/Excess Pages by Plaintiff Bobby Len Franklin. (Franklin, Bobby) (Entered: 03/18/2026) |
| 03/24/2026 | 88 | SUMMONS ISSUED as to Clark County re 65 Amended Complaint. (JG) (Entered: 03/24/2026) |
| 03/25/2026 | 89 | SUMMONS Returned Executed by Bobby Len Franklin re 88 Summons Issued. Clark County served on 3/24/2026. (ALZ) (Entered: 03/25/2026) |
| 08/25/2026 | 90 | NOTICE *OF INQUIRY* by Bobby Len Franklin. (Franklin, Bobby) (Entered: 08/25/2026) |
| 09/11/2026 | 91 | MOTION to Expedite by Plaintiff Bobby Len Franklin. Responses are due by 9/25/2026. (Attachments: # 1 Declaration)(Franklin, Bobby) (discovery) (Entered: 09/11/2026) |
| 09/16/2026 | 92 | ORDER DISMISSING CASE with prejudice and Denying Motions as Moot. |

| | | |
|---|---|---|
| | | IT IS FURTHER ORDERED that Plaintiff's Amended Motion for Leave to Respond, (ECF No. 84 ), Motion for Leave to Demonstrate, (ECF No. 86 ), and Motion to Expedite, (ECF No. 91 ), are DENIED as moot.<br>IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Respond, (ECF No. 83 ), is STRICKEN.<br>Signed by Judge Gloria M. Navarro on 9/16/2026. (Copies have been distributed pursuant to the NEF - MAM) (Entered: 09/17/2026) |
| 09/18/2026 | 93 | NOTICE OF APPEAL as to 92 Order by Plaintiff Bobby Len Franklin. Filing fee $605 paid - Receipt #2-21890. E-mail notice (NEF) sent to the US Court of Appeals, Ninth Circuit. Designation of Transcripts and Transcript Order forms and instructions for appeal can be found on the Court's website at www.nvd.uscourts.gov.<br>(Attachments: # 1 Receipt) (DLS) (Entered: 09/22/2026) |
| 09/25/2026 | 97 | USCA, Ninth Circuit Appellate Case Number **26-6288** assigned to 93 Notice of Appeal. (MAM) (Entered: 09/30/2026) |
| 09/25/2026 | 98 | USCA ORDER for Time Schedule as to 93 Notice of Appeal filed by Bobby Len Franklin. **USCA Case Number 26-6288**. (Copies have been distributed pursuant to the NEF - MAM) (Entered: 09/30/2026) |
| 09/29/2026 | 94 | DESIGNATION of Record on Appeal by Plaintiff Bobby Len Franklin re 93 Notice of Appeal,. *Transcripts* (Franklin, Bobby) (Entered: 09/29/2026) |
| 09/30/2026 | 95 | NOTICE of Appearance by attorney Virginia Tomova on behalf of Defendant United States of America. *and withdrawal of AUSA Summer Johnson* (Tomova, Virginia) (Entered: 09/30/2026) |
| 09/30/2026 | 96 | NOTICE of Appearance by attorney Tamer Botros Botros on behalf of Defendant United States of America. (Botros, Tamer) (Entered: 09/30/2026) |